**McCARTER & ENGLISH, LLP**
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102
T: 973-622-4444
F: 973-624-7070
*Attorneys for Defendants*
   *XOOM Energy, LLC and XOOM Energy New York, LLC*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANNA MIRKIN and BORIS MIRKIN, *Individually and on Behalf of All Others Similarly Situated,*<br><br>                                        Plaintiffs,<br><br>v.<br><br>XOOM ENERGY, LLC and XOOM ENERGY NEW YORK, LLC,<br><br>                                        Defendants. | Class Action No. 18-2949<br>Honorable _____<br><br><br>**NOTICE OF REMOVAL<br>AND COPIES OF ALL PROCESS<br>AND PLEADINGS** |

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that Defendants XOOM Energy, LLC and XOOM Energy New York, LLC (hereinafter "Defendants"), by and through their attorneys, McCarter English, LLP, hereby remove the above action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, and/or 1453, *et seq.*  In support of this Notice, Defendants aver as follows:

**I.   THE PARTIES**

1. The within action, entitled *Suzanna Mirkin and Boris Mirkin, individually and on behalf of all others similarly situated v. XOOM Energy, LLC and XOOM Energy New York, LLC*, was filed as a

class action against Defendants in the Supreme Court of the State of New York, County of Kings, Index No. 507892/2018 on April 18, 2018.

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§1332, 1441 and 1453. By virtue of the provisions of 28 U.S.C. §1441(a), this entire case is one that may be removed to this Court.

3. Plaintiffs Susanna and Boris Mirkin are citizens and residents of the State of New York.

4. Defendant XOOM Energy, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Huntersville, North Carolina.

5. Defendant XOOM Energy New York, LLC is a limited liability company organized under the laws of the State of New York with its principal place of business in Huntersville, North Carolina. The sole member of the holding company is co-defendant XOOM Energy, LLC.

## II. PLAINTIFFS' CLASS ACTION COMPLAINT

6. A true and correct copy of Plaintiffs' Summons and Complaint served on Defendant XOOM Energy, LLC on April 23, 2018 is annexed hereto as **Exhibit A**.

7. A true and correct copy of Plaintiffs' Summons and Complaint served on Defendant XOOM Energy New York, LLC on April 23, 2018 is annexed hereto as **Exhibit B**.[1]

8. Plaintiffs' Complaint is styled as a "Class Action Complaint" and alleges that "Plaintiffs sue on their own behalf and on behalf of a Class" which "satisfies the requirements set forth under CPLR §§ 901 and 902 *et seq.*" (Compl. ¶¶ 58, 66.) The Complaint asserts three claims on behalf of a purported class and repeatedly refers to Plaintiffs as representatives of that class. (Compl. *passim*). The Complaint includes a section entitled "Class Allegations" which sets forth a variety of allegations purporting to demonstrate that the Complaint satisfies CPLR § 901, *et seq.*, which sets forth the requirements for maintaining a class action in the Supreme Court of the State of New York. (Compl. ¶¶58-66.)

---

[1] The same Complaint was served upon Defendants and is cited herein as "Compl."

9. The Complaint alleges that in May 2013, Plaintiffs Susanna and Boris Mirkin began receiving their electricity from Defendants, pursuant to an Electricity Sales Agreement ("Agreement"). (Compl. ¶¶ 41-42.) According to Plaintiffs, the Agreement provided that they would pay an introductory rate of 9.39 per kWh for the first month of service and then would be charged a variable rate thereafter which would be based on "XOOM's actual and estimated supply costs which may include but not be limited to prior period adjustments, inventory and balancing costs." (*Id.* at ¶¶ 43-44.) Plaintiffs allege that the variable rate they were charged subsequently did not represent the "actual and estimated supply costs" as Plaintiffs had assumed. (*Id.* at ¶46.) Instead, Plaintiffs assert that they were charged an exorbitant amount, and that they were intentionally misled into entering that Agreement. (*Id.* at ¶¶ 49, 54-55.)

10. Plaintiffs allege in their "FIRST CAUSE OF ACTION", on behalf of themselves and the purported class, that Defendants breached the Agreement because the variable rates that Defendants charged for electricity and gas were not based on "XOOM's actual and estimated supply costs which may include but not be limited to prior period adjustments, inventory and balancing costs," as stated in the Agreement. (Compl. ¶¶ 69-71.)

11. Plaintiffs allege in their "SECOND CAUSE OF ACTION", on behalf of themselves and the purported class, that Defendants violated an implied covenant of good faith and fair dealing allegedly owed to Plaintiffs and the purported class by intentionally, and in bad faith, charging variable rates higher than that which was indicated in the Agreement. (Compl. ¶¶ 74-80.)

12. Plaintiffs allege in their "THIRD CAUSE OF ACTION", on behalf of themselves and the purported class, that Defendants were unjustly enriched as a result of their alleged misconduct. (Compl. ¶¶ 81-84.)

13. Plaintiffs seek to recover monetary and injunctive relief, including compensatory damages that also encompass reasonable attorneys' fees and costs. (Compl. Prayer for Relief.)

14. The Complaint purports to seek certification of a potential class of "all XOOM customers in the State of New York who were charged a variable rate for electricity or gas at any time within the applicable statute of limitations preceding the filing of this action through and including the date of class certification." (Compl. ¶ 59.)

15. All Defendants consent to this removal.

### III. REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT.

16. CAFA provides this Court with original jurisdiction of this case and permits Defendants to remove the State Court Action from New York state court to this Court. CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class members exceeds $5,000,000 (exclusive of interest and costs). 28 U.S.C. § 1332(d). These jurisdictional requirements are satisfied in this action.

17. In accordance with 28 U.S.C. § 1446(a), Plaintiffs' Summonses and Complaint annexed hereto are the only process, pleadings, or orders served on Defendants.

### a. This Action is a Class Action Within the Meaning of CAFA.

18. Given that Plaintiffs filed their Complaint as a "Class Action Complaint," naming themselves as the representatives of a purported class of plaintiffs, pursuant to CPLR § 901, *et seq*. (Compl. ¶ 58), this action is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453 because it is a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

### b. Minimal Diversity Exists for Purposes of CAFA.

19. Minimal diversity within the meaning of 28 § 1332(d)(2)(A) exists because Defendant XOOM Energy, LLC is not a citizen of the same state as Plaintiffs.

      i.    *<u>Plaintiffs Suzanna Mirkin and Boris Mirkin are Citizens of New York</u>*.

20. Plaintiffs allege that they "are married and reside in Brooklyn, New York." (Compl. ¶8.) As of the date of filing of this Notice of Removal, upon information and believe, the citizenship of Plaintiffs remain the same.

      ii.    *<u>Defendant XOOM Energy, LLC is Not a Citizen of New York</u>*.

21. XOOM Energy, LLC is not a citizen of New York and is, therefore, diverse from Plaintiffs for purposes of CAFA.

22. Defendant XOOM Energy, LLC is a limited liability company. (Ex. C: Thomas L. Ulry Decl. ¶4.) As such, that Defendant's citizenship is determined by the citizenship of its member(s). *Handelsman v. Bedford Village Assocs. Ltd. Pshp.*, 213 F.3d 48, 52 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). XOOM Energy, LLC's sole member and manager is XOOM Energy Global Holdings, LLC ("XOOM Global"), which is a Delaware limited liability company. (*Id.* at ¶5.)

23. XOOM Global is not a citizen of New York because that company's sole member and manager is not owned by any individual or trust who is considered a citizen of New York. (*Id.* at ¶¶6-7.)

    c.    **<u>CAFA's Amount in Controvery Requirement is Satisfied</u>**.

24. Subject matter jurisdiction under CAFA for class action diversity applies only where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2). Pursuant to 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

25. Although Defendants dispute liability and deny that Plaintiffs (or any putative class members) are entitled to monetary relief, it is respectfully submitted that, based upon a fair reading of this Notice of Removal and the Complaint – including consideration of the relief sought, the class

definition, and the scope and size of the class – Plaintiffs seek damages which exceed the minimum jurisdictional amount of $5,000,000 under CAFA.

26.  Plaintiffs seek relief for themselves and the proposed class members in the form of, among other things, "judgment of damages in an amount of *at least $50,000,000* including interest, costs, reasonable attorneys' fees, costs and expenses." (Compl. Prayer for Relief (emphasis added).) Plaintiffs' damages claim therefore "explicitly specifies the amount of monetary damages sought" and provides Defendants and this Court with sufficient information to determine that the amount in controversy requirement is satisfied. *See Mitilinios v. Costco Wholesale Corp.*, No. 17-CV-5306 (AMD) (SMG), 2018 U.S. Dist. LEXIS 16861, at *5-*6 (E.D.N.Y. 2018) ("The amount in controversy is ascertainable when a pleading, motion, order, or other paper 'explicitly specifies the amount of monetary damages sought.'" (citing *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010))).

27.  Beyond the explicit demand for monetary relief in an amount far exceeding the requisite $5 million, Plaintiffs' Complaint provides sufficient grounds to find that the total amount in controversy exceeds the statutory minimum for Removal. Plaintiffs allege that the proposed class "encompasses *thousands* of individuals" who are "XOOM customers in the State of New York who were charged a variable rate for electricity or gas at any time within the applicable statutes of limitations preceding the filing of this actioun through and including the date of class certification." (Comp. ¶¶59, 61. (emphasis added).)

28.  According to Plaintiffs, this lawsuit "seeks to redress the improper pricing practices of Defendants that have caused *thousands* of consumers to pay *millions of dollars more* for their residential gas and electricity than they should otherwise have paid." (Compl. ¶ 1. (emphasis added))

29.  Nowhere in the Complaint do Plaintiffs assert that the amount in controversy is less than the $5,000,000 jurisdiction threshold under CAFA.

30.  Accordingly, under any reading of Plaintiffs' Complaint, the alleged damages and/or amounts sought to be recovered and, therefore, the amount in controversy for purposes of 28 U.S.C.

§§ 1332(d)(2) and 1332(d)(6), are well in excess of the required $5 million CAFA threshold. This analysis satisfies the requirement that Defendants "show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $ 5 million." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006).

### d. CAFA's Numerosity Requirement is Satisfied.

31. With respect to numerosity, removal under CAFA is appropriate, so long as the number of all proposed class members in the aggregate is not less than 100. 28 U.S.C. 1332(d)(5). That requirement is easily satisfied here, based on Plaintiffs' allegation that the purported class consists of "thousands of individuals." *Blockbuster,* 472 F.3d at 57 ("[T]he complaint plainly states that there are thousands of members.")

## IV. PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### a. The Notice of Removal is Timely.

32. Plaintiffs served Defendants on April 23, 2018, at Defendants' Corporate Headquarters in Huntersville, North Carolina.

33. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely because it is filed within thirty (30) days after Plaintiffs served their Summons and Complaint upon Defendants.

### b. Venue is Proper

34. The Supreme Court of the State of New York, County of Kings is located within the Eastern District of New York. Venue is therefore proper in this District pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

### c. Notice of Filing

35. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Supreme Court of the State of New York, County of Kings and served upon counsel for Plaintiffs.

ME1 27211421v.1

36. Defendants have not filed a responsive pleading in the action commenced by Plaintiffs in the Supreme Court of New York, County of Kings, and no other proceedings have transpired in that action. By filing this Notice of Removal, Defendants expressly preserve and do not waive any defenses that may be available to them. Moreover, by seeking to prove that the amount in controversy is greater than the jurisdictional amount, Defendants do not concede any liability or that the jurisdictional amount is recoverable. Rather, Defendants deny that any amount is recoverable by Plaintiffs or the putative class.

37. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. § 1446(a).

## CONCLUSION

38. **WHEREFORE**, Defendants pray that this cause proceed in this Court as an action properly removed thereto pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

This 17th day of May, 2018.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

*Attorneys for Defendants*
*XOOM Energy, LLC and XOOM Energy New York, LLC*

By: _____s/ Zane C. Riester_____
  Zane C. Riester
  A Member of the Firm