

Michael D. "Matt" Matthews, Jr.
Partner
1001 Fannin Street, Suite 2700
Houston, TX 77002
Ph: 713.337.8879 // F: 713.333.8859
matt.matthews@mhllp.com

September 16, 2022

***By CM/ECF***

The Honorable Ramon E. Reyes
United States Magistrate Judge
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Mirkin, et al. v. XOOM Energy, LLC, et al.*; No. 1:18-civ-2949 (ARR) (RER)

Dear Judge Reyes:

On behalf of XOOM, I write pursuant to Local Civil Rule 37.3 and Section III.C of Your Honor's Rules to seek resolution[1] of a discovery dispute. The issue arose during the depositions of Plaintiffs Susanna Mirkin and Boris Mirkin when their counsel instructed them not to answer any questions regarding nonprivileged information about income tax deficiencies and inaccuracies currently subject to litigation filed by Plaintiffs in the United States Tax Court (the "Tax Litigation"). As explained below, counsel's instructions not to answer those questions were improper as the information sought is well within the scope of appropriate discovery. Therefore, XOOM requests a discovery conference and an order compelling Plaintiffs to sit for a second deposition at their expense so XOOM can obtain answers to the questions Plaintiffs were instructed not to answer, along with any related follow-up questions.

## I. The Depositions: The Mirkins were instructed not to answer XOOM's questions about the Tax Litigation.

XOOM took Plaintiffs' depositions as noticed on August 30—starting with Susanna Mirkin and followed by her husband Boris. During both depositions, XOOM's counsel asked questions regarding the Tax Litigation. Without claiming any privilege, the Mirkins' counsel objected to this line of questioning and instructed them not to answer. *See* Susanna Mirkin Depo. Tr., Ex. 1 at 85:24-86:10. XOOM's counsel correctly noted during an on-the-record conference that relevance is not a valid deposition objection, much less a basis for instructing a deponent not to answer. *Id.* at 86:11-16. In response, the Mirkins' counsel stated that he also objected to this line of questioning as harassing. *Id.* at 86:17-18. However, the Mirkins' counsel never pointed to any harassing question or behavior nor did he attempt to terminate either deposition.[2] Instead, counsel simply

[1] Counsel conferred in good faith in person about this issue at the Plaintiffs' depositions and again by telephone on September 8, but the parties have been unable to resolve the dispute. During those conferences the Mirkins' counsel suggested that XOOM proffer its remaining questions in advance or submit them as written questions. That is plainly inappropriate because, as explained below, XOOM is entitled to the Mirkins' live testimony on this highly relevant topic.

[2] Counsel's accusations of harassment are especially surprising given XOOM's efforts to ensure its




continued to instruct the Mirkins not to not answer any questions about the Tax Litigation. *Id.* at 87:8-18; Boris Mirkin Depo. Tr., Ex. 2 at 47:19-48:4. In each instance, the Mirkins followed counsel's instructions and declined to answer. As a result, XOOM's counsel was precluded from asking both Plaintiffs questions regarding the Tax Litigation. *See generally* Exs. 1-2.

**II. Relevance: The Tax Litigation raises issues of honesty and credibility that are plainly relevant to the Mirkins' fitness to serve as class representatives.**

XOOM's questioning about the Tax Litigation was relevant and appropriate. While this case was pending, the Mirkins became litigants in a second case: as petitioners in the United States Tax Court. *See* Case No. 4565-21S and styled *Boris A. Mirkin and Susanna Mirkin v. Commissioner of Internal Revenue*. That Petition challenges an IRS Notice of Deficiency dated December 21, 2020 for tax years 2017 and 2018. *See* U.S. Tax Court Case No. 4565-21S, Petition, Ex. 3. According to the Notice of Deficiency, the IRS imposed an accuracy-related penalty under IRC § 6662(a) "because there was (1) a substantial understatement of income tax, (2) valuation misstatement(s), or (3) [the Mirkins] were negligent or disregarded rules or regulations." *See id.* And recently the IRS sought a trial extension in part based on Mrs. Mirkin's representation that she "intends to submit a Form 8857, Request for Innocent Spouse Relief ('Form 8857') for the tax years at issue." *See* U.S. Tax Court Case No. 4565-21S, Motion for Continuance of Trial, Ex. 4. In other words, the IRS made a determination that the Mirkins were untruthful (either intentionally or negligently) on their tax returns in multiple years and Mrs. Mirkin seemingly plans to seek relief based on a contention that it is Mr. Mirkin who is responsible for the inaccuracies.

The Mirkins' veracity and credibility is plainly relevant here, most immediately to their upcoming motion for class certification and bid to serve as class representatives. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998) ("To judge the adequacy of representation, courts may consider the honesty and trustworthiness of the named plaintiff."); *Friedman-Katz v. Lindt & Sprungli (USA) Inc.*, 270 F.R.D. 150, 160 (S.D.N.Y. 2010) (consideration of honesty and trustworthiness involves "an inquiry directed at improper or questionable conduct arising out of or touching upon the very prosecution of the lawsuit." (internal citation omitted)). XOOM is entitled to inquire into and explore such matters during the discovery phase to determine whether they may ultimately impact the adequacy analysis. *See Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) ("Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial."); *see also Stewart v. Hudson Hall LLC*, No. 20CIV885PGGSLC, 2021 WL 6285227, at *13 (S.D.N.Y. Nov. 29, 2021) (concerns about a representative's credibility where he admitted to criminal conduct involving deception rendered him an inadequate class representative). It is beyond dispute that the discovery is relevant.

**III. Improper Objections: Counsel's instructions were improper and objections meritless.**

Counsel's instructions not to answer questions about the Tax Litigation on relevance and

---

questioning was concise—together, the Mirkins testified for less than three hours. By contrast, the Mirkins have taken seven fact depositions—all lasting significantly longer, and most close to the full seven hours.




harassment/oppression grounds lack basis. As a threshold matter, for the reasons discussed, there can be no dispute that the testimony is relevant.[3] But regardless, it is well-established that "it is improper to instruct a witness not to answer a question on the basis of relevance." *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 (S.D.N.Y. 2019) (cleaned up); *Weinrib v. Winthrop-University Hosp.*, No. 14 CV 953, 2016 WL 1122033, at *3 (E.D.N.Y. Mar. 22, 2016) ("[R]elevance or the lack thereof does not provide a basis to direct a witness not to answer a question."). Instead, an instruction not to answer in a deposition is only permissible "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). In all other situations, the examination proceeds with testimony taken subject to objection(s). *Id.* Accordingly, the instructions not to answer on relevancy grounds are improper. *See Weinrib*, 2016 WL 1122033, at *3 ("[N]otwithstanding the marginal relevance of the inquiry, the witness should have answered the question."); *see also Cordero v. City of New York*, No. 15CV3436JBWCLP, 2017 WL 2116699, at *8 (E.D.N.Y. May 12, 2017) ("[L]ack of relevance is not an appropriate objection to raise during a deposition.").

Second, to the extent the Mirkins point to alleged harassment or oppression, no motion to terminate or limit the deposition pursuant to Rule 30(d)(3) was made or filed. Rule 30(d)(3) permits a party to move to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). Counsel cannot simply object and instruct not to answer on these grounds without making an appropriate motion pursuant to Rule 30(d)(3). *Weinrib*, 2016 WL 1122033, at *3; *Severstal Wheeling Inc. v. WPN Corp.*, No. 10 CIV. 954, 2012 WL 1982132, at *2 (S.D.N.Y. May 30, 2012). Because Plaintiffs' counsel made no such motion (and of course had no basis to do so), an objection to supposed harassment or oppression cannot justify an instruction to not answer alone. And in any event, the Court can see from the attached transcript that XOOM's questions were not designed to cause unreasonable annoyance or embarrassment, but rather to simply uncover facts that bear directly on the Mirkins' fitness to serve as class representatives.

* * *

Because there was no basis to instruct the Mirkins not to answer, XOOM seeks an order compelling the Mirkins to sit for second depositions at their expense to answer questions relating to the Tax Litigation. *See, e.g.*, *Weinrib*, 2016 WL 1122033, at *8 ("[B]ecause the actions of Winthrop's counsel will necessitate the re-opening of witness Zebroski's deposition, the Court will require Defendant Winthrop to pay the reasonable costs incurred for the court reporter and the transcript."). XOOM respectfully requests that this Court compel the Mirkins to sit for second depositions at their expense within two weeks following entry of the order granting this motion.

---

[3] As the Court is aware, Rule 26's familiar standard applies: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Vaigasi*, 2016 WL 616386, at *11 (cleaned up).




Respectfully submitted,

McDowell Hetherington LLP

Michael D. "Matt" Matthews, Jr.

*Attorney for Defendants*

cc: All counsel of record