UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANNA MIRKIN and BORIS MIRKIN, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>  v.<br><br>XOOM ENERGY, LLC and<br>XOOM ENERGY NEW YORK, LLC<br><br>         Defendants. | Case No. 18 Civ. 2949 (ARR) (RER) |

**DECLARATION OF STEVEN L. WITTELS IN SUPPORT
OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

  Steven L. Wittels, an attorney duly admitted to practice before the Eastern District of New York, declares the following under penalty of perjury and pursuant to 28 U.S.C. § 1746:

  1. My firm, Wittels McInturff Palikovic, is Lead Counsel for Plaintiffs Susanna and Boris Mirkin and the proposed Class. Based on my active participation and supervision in all material aspects of the prosecution of this class action against Defendants XOOM Energy, LLC and XOOM Energy New York, LLC (together, "Defendants" or "XOOM"), I have personal knowledge of the matters set forth herein.

  2. I make this Declaration in support of Plaintiffs' Motion for Class Certification (the "Certification Motion") to authenticate the attached exhibits referenced in the accompanying Memorandum of Law and to substantiate certain additional facts.

  3. The Certification Motion seeks an Order: (1) certifying the Class described therein; (2) appointing Plaintiffs as Class Representatives; and (3) appointing Wittels McInturff Palikovic as Class Counsel.

I. **Class Counsel's Background**

4.      I have been a member of the New York and New Jersey bars since 1985 and 1984, respectively, and am in good standing in both. I graduated from Berkeley Law School (The University of California) in 1984 with Highest Honors on my class action thesis. I have practiced primarily in employment and consumer fraud class action litigation for most of my career. I opened my own firm in 1997, and since then, have served as class counsel in dozens of class actions around the United States, generating hundreds of millions of dollars in recoveries to class members.

5.      I was one of the lead trial lawyers in the *Novartis* gender discrimination class action tried before the Honorable Colleen McMahon in the Southern District of New York in May 2010, which led to a $250 million punitive damages verdict, the largest ever obtained in a discrimination class action. *Velez v. Novartis Pharmaceuticals Corporation*, No. 04 Civ. 9194. In November 2010, Judge McMahon approved a class-wide settlement of the case for more than 5,600 female sales representatives.

6.      I have extensive experience prosecuting and resolving consumer class actions including against energy service companies (hereafter "ESCOs"), which have, as the NYPSC and our prior class actions have shown, engaged in predatory pricing schemes that overcharged unsuspecting consumers purchasing their basic and essential energy staples: electricity and natural gas.

7.      Earlier this year, my firm settled a nationwide consumer fraud class action against Noom, Inc. concerning Noom's autoenrollment practices for $62 million which was approved by Southern District of New York Judge Lorna G. Schofield in July 2022. In 2019, my firm settled a nationwide consumer fraud class action on behalf of 45,000 customers against Ocwen Loan

Servicing LLC and Cross Country Home Services Inc. for $39,800,000 which was approved by Eastern District of New York Judge Nicholas G. Garaufis.  In 2018, my firm settled a class action on behalf of customers of ESCO IDT Energy, Inc. for $54,600,000 which was approved by Eastern District of New York Judge Eric N. Vitaliano.  Also in 2018, the Supreme Court Commercial Part Judge in Kings County approved our firm's $29,750,000 settlement for New York consumers victimized by Ambit Energy, another ESCO, in which almost 100,000 customers shared in the cash benefits.  Also in 2018, the District of Connecticut approved our firm's $18,500,000 settlement for electric and natural gas customers who were overcharged by Viridian Energy, yet another ESCO, under its variable rate energy plan.

8.  I also have substantial experience prosecuting and settling wage and hour class actions.  In 2021, Wittels McInturff Palikovic secured a $12,500,000 settlement on behalf of 20,000 home care workers.  The settlement was approved by Magistrate Judge Bloom of the Eastern District of New York.  In 2017, Judge Pollak in the Eastern District of New York approved a $1,500,000 settlement on behalf of home care workers denied overtime and other wages.  In January 2016, Judge Nelson S. Román in the Southern District of New York appointed me Class Counsel and approved a multi-state class-wide settlement on behalf of approximately 1,000 hairdressers who alleged FLSA violations against their employer.  In 2014, the Honorable Alison J. Nathan named me and my firm Class Counsel in one of the first suits for unpaid interns, this one brought on behalf of unpaid interns at Elite Model Management.  Judge Nathan approved a class-wide settlement of the plaintiffs' claims in mid-2014.  I obtained a $27 million global class action settlement in 2012 for AT&T employees misclassified as exempt from overtime, which was approved by district judges in the Northern District of California and the Northern District of Georgia.  In 2008, Judge Kenneth M. Karas in the Southern District of New York approved a $14

million settlement for unpaid wages and overtime I achieved for a class of employees at C&S Wholesale Grocers.

9. The lawyers who have assisted me on this matter are well-versed in consumer protection law and in class action law and are highly qualified to represent the interests of the class. Their backgrounds and qualifications are detailed in the law firm resume attached as Exhibit 31.

10. Further, our team of attorneys and staff dedicated substantial time and resources, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims. The work that Plaintiffs' Counsel has performed on this case including reviving the action from dismissal on the pleadings demonstrates our skill and commitment to representing the interests of the Class, and our unflagging willingness to pursue this litigation.

## II.   Items Discussed in Plaintiffs' Certification Motion

11. The Maryland district court in *Todd v. XOOM Energy Maryland, LLC*, No. 15 Civ. 154 (GJH), 2020 WL 4784767 (D. Md. Aug. 18, 2020) denied class certification more than two years ago in an entirely different consumer fraud class action against XOOM alleging that the company's independent sales representatives made individual promises of savings to customers during the enrollment process. That case has no bearing on the issues present here, as the multi-state consumer fraud claims that the *Todd* plaintiffs brought were marred by many individual questions of reliance, causation, predominance, and damages shortcomings. Unlike our case, the *Todd* court never addressed at the class certification stage the straightforward uniform breach of contract claim brought by the Mirkins and the potential Class.

12. For each New York variable rate customer who is a member of the proposed Class, XOOM produced customer data in discovery that includes data items for each month the customer was enrolled in a XOOM variable rate plan, including: (1) the customer's enrollment number; (2)

the date upon which they became a XOOM customer; (3) the date upon which XOOM began charging the customer a variable rate; (4) the date upon which XOOM ceased charging the customer a variable rate; (5) the commodity sold (electricity or natural gas); (6) the name of the utility that distributes energy to the customer; (7) the XOOM variable rate for the month; (8) the energy usage by the customer for that month; (9) the date the individual ceased being a XOOM customer; (10) the name of the XOOM variable rate product or plan that the customer was on (*e.g.*, SimpleFlex, SimpleClean, BizChoice, Basic Plan); (11) the service period begin date; (12) the service period end date; and (13) whether the customer was a residential or commercial customer. Plaintiffs' experts reviewed and analyzed this data as part of developing their expert report and opinions.

13. On December 6, 2022, Defendants produced additional data for XOOM New York customers who were rolled over from fixed rate plans to variable rate plans between January 25, 2013 and January 1, 2020. This data should have been produced in or around April 2022 as part of the Class data production ordered by Judge Reyes on February 3, 2022. When Plaintiffs' counsel alerted defense counsel on November 1, 2022 that this data was missing from Defendants' earlier Class data production (echoing a comment made in Plaintiffs' October 3, 2022 expert report), defense counsel initially insisted that such data had already been provided to Plaintiffs before acknowledging that such data had not yet actually been produced in response to Plaintiffs' further showing. Defendants then took another month to provide Plaintiffs with this data and, as a result, Plaintiffs' experts did not have sufficient time to fully review and analyze the data in advance of the filing of these motion papers. However, Plaintiffs' experts have informed Plaintiffs' counsel that based on their initial review, this additional dataset may include

5

approximately 30,000 additional XOOM customers and would add between $10 million and $20 million of damages to Plaintiffs' experts' calculations described in their expert report.

14. Plaintiffs in this action, Susanna and Boris Mirkin, have demonstrated commitment to pursuing the claims alleged here by, among other things, each sitting for depositions, collecting and providing relevant documents and information, reviewing the complaint, and responding to multiple rounds of Defendants' written discovery requests.

### III. Authenticating Documents

15. The following is my authentication of all Exhibits 1–33 referenced in the accompanying Plaintiffs' Memorandum of Law in Support of Motion for Class Certification and herein, which are annexed hereto.

16. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from the deposition of Plaintiffs' energy and economics expert Derya Eryilmaz, Ph.D. of Charles River Associates, dated November 15, 2022, pp. 1, 34, 51–54, 102.

17. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts from the deposition of Defendants' expert David C. Coleman, dated November 16, 2022, pp. 1, 49–50, 54–55, 66, 71, 95–96, 105, 111.

18. Attached hereto as **Exhibit 3** is a true and correct copy of the initial Expert Report of Derya Eryilmaz, Ph.D. and Seabron Adamson of Charles River Associates, dated October 3, 2022.

19. Attached hereto as **Exhibit 4** is a true and correct copy of Defendants' Supplemental Responses to Plaintiffs' First Set of Requests for Admission, dated December 8, 2021.

20. Attached hereto as **Exhibit 5** is a true and correct copy of Defendants' Supplemental Response to Interrogatory No. 23, dated April 29, 2022.

21. Attached hereto as **Exhibit 6** is a true and correct copy of New York State Supreme Court Judge Eisenpress's decision in *Bell v. Gateway Energy Services Corp.*, No. 31168/2018 (Rockland Cnty. Super. Ct. Jan. 8, 2021), NYSCEF No. 152.

22. Attached hereto as **Exhibit 7** is a true and correct copy of Cases 94-E-0952, *et al.*, *In the Matter of Competitive Opportunities Regarding Electric Service*, Opinion and Order Regarding Competitive Opportunities for Electric Service, Opinion No. 96-12, dated May 20, 1996.

23. Attached hereto as **Exhibit 8** is a true and correct copy of the ESCO Consumers Bill of Rights, New York Sponsors Memorandum, 2009 A.B. 1558 (2009).

24. Attached hereto as **Exhibit 9** is a true and correct copy of Case 15-M-0127, et al., Department of Public Service Staff Redacted Initial Brief, dated March 30, 2018.

25. Attached hereto as **Exhibit 10** is a true and correct copy of Case 15-M-0127, et al., Order Adopting Changes to the Retail Access Energy Market and Establishing Further Process, dated December 12, 2019.

26. Attached hereto as **Exhibit 11** is a true and correct copy of the operative Electricity Sales Agreement that XOOM provided to its New York electricity variable rate customers from 2013 through February 10, 2016 that was produced in discovery by XOOM and Bates-stamped XOOM_INIT_000133–35.

27. Attached hereto as **Exhibit 12** is a true and correct copy of the operative Natural Gas Sales Agreement that XOOM provided to its New York gas variable rate customers from 2013

through February 10, 2016 that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_073888.

28. Attached hereto as **Exhibit 13** is a true and correct copy of the operative Electricity Sales Agreement for Commercial Service that XOOM provided to its New York commercial electricity variable rate customers from 2013 through February 10, 2016 that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_074113–15.

29. Attached hereto as **Exhibit 14** is a true and correct copy of the operative Electricity Sales Agreement for XOOM's SimpleClean Variable Price Product that it provided to New York residential electricity variable rate customers enrolled with the SimpleClean plan from 2013 through February 10, 2016 that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_037793–96.

30. Attached hereto as **Exhibit 15** is a true and correct copy of the operative Electricity Sales Agreement for XOOM's BizSimpleClean Variable Price Product that it provided to New York commercial electricity variable rate customers enrolled with the BizSimpleClean plan from 2013 through February 10, 2016 that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_037797–800.

31. Attached hereto as **Exhibit 16** is a true and correct copy of excerpts from the deposition of XOOM's 30(b)(6) corporate witness, XOOM's Director of Pricing and Structuring Jason Loehde, dated July 28, 2022, pp. 1, 20, 83, 134–38, 141–42, 295.

32. Attached hereto as **Exhibit 17** is a true and correct copy of excerpts from the deposition of XOOM's Director of Pricing and Structuring Jason Loehde in his individual capacity, dated July 27, 2022, pp. 1, 39–40, 48, 61, 63–65, 150–52, 182, 316.

33. Attached hereto as **Exhibit 18** is a true and correct copy of the February 3, 2022 Transcript of the Conference Before Magistrate Judge Ramon E. Reyes in this action.

34. Attached hereto as **Exhibit 19** is a true and correct copy of excerpts from the deposition of XOOM's Director of Pricing and Structuring Jason Loehde, dated October 11, 2018, taken by the plaintiffs in *Todd v. XOOM Energy Maryland, LLC*, No. 15 Civ. 154 (D. Md.) that was produced in discovery by XOOM and Bates-stamped XX, pp. 1, 28, 97.

35. Attached hereto as **Exhibit 20** is a true and correct copy of the Electricity Sales Agreement that XOOM provided to New York variable rate residential customers enrolled in XOOM's SimpleFlex plan on February 11, 2016 and later that was produced in discovery by XOOM and Bates-stamped XOOM_INT_000162–65.

36. Attached hereto as **Exhibit 21** is a true and correct copy of Defendants' Responses to Plaintiffs' Second Set of Interrogatories, dated September 30, 2020.

37. Attached hereto as **Exhibit 22** is a true and correct copy of excerpts from the deposition of Andrew Coppola, XOOM's former Senior Vice President of Energy Supply and Pricing, dated May 11, 2022, pp. 1, 37–39, 50–51, 84–88, 97–98, 107–08, 198, 233–34, 237–39, 277, 288.

38. Attached hereto as **Exhibit 23** is a true and correct copy of excerpts from the deposition of XOOM's former Director of Product Management for XOOM's Supply Team Ryan Park, dated July 22, 2022, pp. 1, 32–36, 90–92, 98–100, 120–21, 266.

39. Attached hereto as **Exhibit 24** is a true and correct copy of excerpts from the deposition of XOOM's Product Portfolio Manager Troy Chidester, dated June 24, 2022, pp. 1, 18–19, 24–26, 46–47, 50, 85–86, 99, 104–05, 129–31, 133–34, 147.

40. Attached hereto as **Exhibit 25** is a true and correct copy of excerpts of the Deposition Transcript of former XOOM Chief Executive Officer Thomas Ulry taken by the plaintiffs in *Todd v. XOOM Energy Maryland, LLC*, No. 15 Civ. 154 (D. Md.) on March 20, 2019 that was produced in discovery by XOOM and Bates-stamped XX, pp. 1, 101, 121.

41. Attached hereto as **Exhibit 26** is a true and correct copy of an exemplar printout of a XOOM New York electricity rate-setting workbook from October 2015 that was produced in discovery by XOOM and Bates-stamped XOOM_INIT_001118.

42. Attached hereto as **Exhibit 27** is a true and correct copy of excerpts from the deposition of Plaintiff Boris Mirkin, dated August 30, 2022, pp. 1, 25, 27, 51.

43. Attached hereto as **Exhibit 28** is a true and correct copy of excerpts from the deposition of Plaintiff Susanna Mirkin, dated August 30, 2022, pp. 1, 37, 60, 100.

44. Attached hereto as **Exhibit 29** is a true and correct copy of the Expert Rebuttal Report of Derya Eryilmaz, Ph.D. and Seabron Adamson of Charles River Associates, dated November 4, 2022.

45. Attached hereto as **Exhibit 30** is a true and correct copy of the Con Edison Energy Supply Account Statement for Plaintiff Susanna Mirkin dated November 17, 2017 that was produced in discovery by Plaintiffs and Bates-stamped Mirkins_00061–62.

46. Attached hereto as **Exhibit 31** is a true correct copy of the Renewal Notice XOOM provided to its New York fixed rate customers from 2013 to 2021 that was produced in discovery and Bates-stamped XOOM_MIRKIN_073931–32.

47. Attached hereto as **Exhibit 32** is a true and correct copy of excerpts from the deposition of XOOM's former Compliance Officer Patricia Kulesa, dated June 29, 2022, pp. 1, 39–41, 55–58, 137–38, 142–43, 193.

48. Attached hereto as **Exhibit 33** is a true and correct copy of the Wittels McInturff Palikovic firm resume.

I declare under penalty of perjury that the foregoing is true to the best of my information and belief.

Dated: Armonk, New York
       December 16, 2022

                                        Respectfully submitted,

                                         /s/ Steven L. Wittels
                                            Steven L. Wittels

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 16, 2022, the foregoing was served via email on all counsel of record.

                                              By:    /s/ Steven L. Wittels
                                                            Steven L. Wittels