# MDM Declaration Exhibit A-05

```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK


  SUSANNA MIRKIN,                    *    Case No. 18-CV-02949(ARR)
   individually and on behalf        *
   of others similarly               *
   situated,                         *
                                     *
                  Plaintiffs,        *    Brooklyn, New York
                                     *    August 27, 2020
        v.                           *
                                     *
  XOOM ENERGY, LLC, et al,           *
                                     *
                  Defendants.        *
                                     *
  * * * * * * * * * * * * * * * *


            TRANSCRIPT OF CIVIL CAUSE FOR VIDEO MOTION HEARING
                BEFORE THE HONORABLE RAMON E. REYES, JR.
                    UNITED STATES MAGISTRATE JUDGE

  APPEARANCES:

  For the Plaintiff:              STEVEN L. WITTELS, ESQ.
                                  J. BURKETT MCINTURFF, III, ESQ.
                                  STEVEN D. COHEN, ESQ.
                                  Wittels McInturff Palikovic
                                  18 Half Mile Road
                                  Armonk, NY  10504

  For the Defendants:             DANIEL J. BROWN, ESQ.
                                  CHRISTOPHER A. ROJAO, ESQ.
                                  McCarter & English, LLP
                                  100 Mulberry Street
                                  Newark, NJ  07102




  Proceedings recorded by electronic sound recording, transcript
  produced by transcription service.
```

Fiore Reporting and Transcription Service, Inc.
4 Research Drive, Suite 402
Shelton, Connecticut 06484 (203)929-9992

Case 1:18-cv-02949-ARR-RER Document 134-6 Filed 03/24/23 Page 3 of 10 PageID #: 12305
Case 1:18-cv-02949-ARR-RER Document 135-6 Filed 03/24/23 Page 3 of 10 PageID #: 12405

2

1      (Proceedings commenced at 11:31 a.m.)

2          THE COURT: Good morning. This is Magistrate Judge

3 Reyes. We are holding a video argument in Mirkin vs. Xoom,

4 docket no. 18-CV-2949.

5          Let's start with appearances for the plaintiff. And

6 I'll ask you to do it in order of seniority, if you will.

7          MR. WITTELS: Thank you, Your Honor. Steven Wittels

8 from Wittels, McInturff, Palikovic for the plaintiffs and the

9 proposed class. Good morning.

10          THE COURT: Good morning.

11          All right. You're muted.

12          MR. MCINTURFF: How about now?

13          THE COURT: Yes.

14          MR. MCINTURFF: Okay. Good morning, Your Honor.

15 Burkett McInturff from Wittels, McInturff and Palikovic on

16 behalf of plaintiffs in the proposed class.

17          MR. COHEN: Good morning, Your Honor. This is

18 Steven Cohen on behalf of plaintiffs in the proposed class

19 from Wittels, McInturff, Palikovic as well.

20          THE COURT: Counsel for the defendant.

21          MR. BROWN: Yes. Thank you, Your Honor. Daniel

22 Brown from McCarter & English on behalf of the XOOM

23 defendants.

24          MR. ROJAO: And Good morning, Your Honor. It's good

25 to see you virtually. Chrisopher Rojao from McCarter &

1    customers.  They don't allege anywhere that Boris or Susanna
2    actually signed up to receive natural gas or that they paid
3    anything to XOOM for natural gas.  None of that's in the
4    complaint, Your Honor.  And that's all required for standing.
5    And that's required to state a claim.  And none of that's in
6    there.  So there's no claim for natural gas and, therefore,
7    there shouldn't be any discovery pertaining to natural gas.
8              Regarding their argument that natural gas is the
9    same as electricity, that's just not the case, Your Honor.
10   Those are two entirely different commodities.
11             THE COURT:  And so what would stop me from requiring
12   XOOM to produce Boris' -- apparently he had some gas contract
13   on another residential property with someone else, whoever
14   that is -- what would stop me from ordering XOOM to produce
15   that discovery related to his standing?
16             And then if, in fact, he was a gas customer and paid
17   money to XOOM for gas at an inflated rate permitting the
18   complaint to be amended and relate back to the original filing
19   because there is allegations -- perhaps general -- that gas is
20   involved -- paragraphs 1, 6, 66, others -- and then we have an
21   amended class complaint for gas and electric?
22             MR. ROJAO:  Thank you, Your Honor.  So I'll address
23   those points in turn.
24             In this litigation, it's unclear whether or not --
25   we already know that Boris has signed up in other people's

1    names to receive services, so we're not sure if there is
2    billing data relating to Boris, that Boris paid anything, or
3    if it's in somebody else's name.  So if plaintiffs want to
4    provide that information to us as to -- if he signed up in his
5    own name or someone else's name and who paid, we'd be happy to
6    look for that.
7           Regarding amending the complaint, Your Honor, we
8    would submit that the plaintiffs would need leave to file an
9    amended complaint.  And we would request a briefing on that
10   issue because we don't believe the plaintiffs were aware of
11   their claims previously at the time that they -- if they did
12   receive natural gas services, they would have been aware of
13   that.  And they didn't allege that claim in this lawsuit.
14          So I think we would request briefing on whether or
15   not plaintiffs would be entitled to relation back based on the
16   allegations in the complaint, whether or not they're
17   fictitious entities, all of that we would request briefing on.
18   But we wouldn't submit that it would be appropriate at this
19   time to simply permit an amended pleading with relation back
20   without legal briefing on that, Your Honor.
21          THE COURT:  Well, certainly XOOM had notice of the
22   gas claim, whether it's adequately pled or not.  So I don't
23   know how they would be prejudiced were I to grant an amended
24   pleading and allow it to relate back to the original filing.
25   And all that does is just extend the statute of limitations

10

1  period, right?  They could file tomorrow a new case on gas and
2  you would have a shorter statute of limitations period, right?
3          MR. ROJAO:  Well, Your Honor, they would need a
4  plaintiff who was a natural gas customer.  And they would need
5  a plaintiff who was a natural gas customer within the
6  limitations period tomorrow, and we submit that Boris would
7  not be that plaintiff.
8          THE COURT:  Mr. Cohen, does Boris have a gas
9  contract with XOOM?  Do you know?
10         MR. COHEN:  We have the contract that defendants
11 produced and on there is the account number.  So regarding
12 defense counsel's statement that they might not know how to
13 find it because it might be in someone else's name, they
14 should be able to pull it up based on the document they
15 produced that has the account number and the address.  So I
16 don't see why that would be any difficulty on their end.
17         THE COURT:  So it has an account number and address,
18 and it has two names or one name?
19         MR. COHEN:  The documents that we received, the
20 enrollment and the contract, I believe just has Boris' name.
21 It has his email address.  It has his phone number.
22         THE COURT:  Same email address and phone number that
23 he used for the electric?
24         MR. COHEN:  I believe it might be different, but I'd
25 have to double-check.

1  XOOM, identify someone who is damaged and assert claims on
2  behalf of that party.  Without that, there is no Article 3
3  standing in this case.
4          THE COURT:  This isn't a motion to dismiss for lack
5  of standing.
6          MR. ROJAO:  I understand that, Your Honor.
7          THE COURT:  This is a motion to compel discovery.
8          And I thought there was a gas contract with Mr.
9  Mirkin.
10         MR. ROJAO:  So, again, Mr. Mirkin apparently may
11 have enrolled to receive natural gas services, but as part of
12 this complaint, they haven't alleged that Mr. Mirkin was a
13 natural gas customer, that he paid anything to XOOM, or that
14 he was damaged in any way by XOOM with respect to that natural
15 gas contract.  That contract simply came up in terms of
16 reviewing things related to the Mirkins, but there's nothing
17 about that in the complaint.
18         THE COURT:  If it's not -- if it's not relevant, why
19 did you produce it?
20         MR. ROJAO:  It's relevant to show plaintiffs' prior
21 communications with XOOM and it's relevant to determine
22 whether or not --
23         THE COURT:  Prior communications about what, about
24 electric, no, about gas?
25         MR. ROJAO:  About signing up for -- how he signed up

1     for services, whether or not that was even him, Your Honor.

2            So we would submit that plaintiffs need to --

3            THE COURT: How he signed up for what services, gas

4     services? How is that relevant to his electric?

5            MR. ROJAO: Well, we don't know if that was him and

6     that's the thing. Again, he signs up --

7            THE COURT: You don't have any records on -- you

8     don't have any records on whether he paid for gas?

9            MR. ROJAO: We have to review that, Your Honor, and

10    that's the thing. Because the records for Susanna --

11           THE COURT: Motion to compel granted with respect to

12    gas only.

13           Now, let's move to the customer complaints.

14           The complaint has gas all over it. I think the

15    plaintiffs did drop the ball in not specifically breaking out

16    their breach of contract claim, gas or electric, or having a

17    separate breach of contract claim for gas, but in the lead up

18    to that section, gas is all over the place. It's fair game.

19    Putting aside whether there's standing, we're not there yet,

20    it's relevant. The discovery request, it is relevant.

21           Federal rules are notice pleading and the I think

22    the defendants had plenty of notice that gas was in play.

23           Why do you need these customer complaints, Mr.

24    Cohen?

25           MR. COHEN: It's more than just the customer

```
 1   know if that was one where there were multiple cases filed
 2   such that interim class counsel did make sense under that
 3   circumstance.
 4          I just don't -- they may not have done it in that
 5   case and that may be their normal practice.  I don't know.
 6   But my point is there's the -- specter's the wrong word to use
 7   -- there's the veneer, there's the gloss that this is -- that
 8   it should be more than it is.  That's really our position with
 9   respect to the bootstrapping.  Perhaps bootstrapping is too
10   strong a word, but that's the concern there.
11          THE COURT:  Okay.  All right.  I will take it under
12   advisement and you'll know shortly.
13          MR. BROWN:  Thank you, Your Honor.
14          MR. WITTELS:  Your Honor, the only point is while we
15   may not have mentioned it, I thought we did, but if we didn't,
16   there was only one class action that was filed after ours in
17   New Jersey in federal court after we had already been
18   litigating it here in New York.  So it wasn't multiple class
19   actions.  It was the same scenario.  And Judge Levy felt that
20   the time had come where we should be appointed and it was to
21   protect the class's interested, which we did.
22          THE COURT:  The rule itself doesn't require multiple
23   class --
24          MR. WITTELS:  No.
25          THE COURT:  -- actions or even a second class action
```

51

1    to be filed before --
2            MR. WITTELS:  Right.
3            THE COURT:  -- interim class counsel can be
4    appointed, right?
5            MR. WITTELS:  Correct.
6            THE COURT:  All right.  I'll take it under
7    advisement, gentlemen.
8            MR. WITTELS:  Thank you.
9            THE COURT:  (Indiscernible) 12:30 I have to go.
10   Hopefully they're still waiting.
11           ALL COUNSEL:  Thank you, Your Honor.
12       (Proceedings concluded at 12:42 p.m.)
13       I, CHRISTINE FIORE, court-approved transcriber and
14   certified electronic reporter and transcriber, certify that
15   the foregoing is a correct transcript from the official
16   electronic sound recording of the proceedings in the above-
17   entitled matter.
18
19
20   ____*Christine Fiore*_____    September
21   17, 2020
22      Christine Fiore, CERT
23