UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANNA MIRKIN and BORIS MIRKIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiffs,<br><br>           v.<br><br>XOOM ENERGY, LLC and<br>XOOM ENERGY NEW YORK, LLC<br><br>                        Defendants. | Case No. 18 Civ. 2949 (ARR) (RER) |

**REPLY DECLARATION OF ETHAN D. ROMAN IN SUPPORT
OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

      Ethan D. Roman, an attorney duly admitted to practice before the Eastern District of New York, declares the following under penalty of perjury and pursuant to 28 U.S.C. § 1746:

      1.     My firm, Wittels McInturff Palikovic, is Lead Counsel for Plaintiffs Susanna and Boris Mirkin and the proposed Class. Based on my active participation and supervision in all material aspects of the prosecution of this class action against Defendants XOOM Energy, LLC and XOOM Energy New York, LLC (together, "Defendants" or "XOOM"), I have personal knowledge of the matters set forth herein.

      2.     I make this Declaration in support of Plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Motion for Class Certification (the "Certification Motion") to authenticate the attached exhibits referenced in the accompanying Memorandum of Law and to substantiate certain additional facts.

3. The Certification Motion seeks an Order: (1) certifying the Class described therein; (2) appointing Plaintiffs as Class Representatives; and (3) appointing Wittels McInturff Palikovic as Class Counsel.

## I. Items Discussed in Plaintiffs' Reply

4. XOOM's December 6, 2022 supplemental Class data production has an arbitrary cut-off date of January 1, 2020, even though XOOM admits it was providing the 2013 Contract to customers who rolled over from fixed to variable plans into 2021. *See* Declaration of Steven L. Wittels, dated December 16, 2022 ("Wittels Decl.") ¶ 13. Plaintiffs requested an additional production to provide the Court with a more accurate damages estimate for purposes of this Certification Motion, but XOOM refused.

5. Plaintiffs' expert report includes a statement that they were unable to "validate the data provided in discovery, including the accuracy of the costs [XOOM] reported." Wittels Decl. Ex. 3, Expert Report of Derya Eryilmaz, Ph.D. and Seabron Adamson, dated October 3, 2022, at ¶ 23(i). Plaintiffs' experts do not have access to XOOM's systems and it is thus no surprise that they must rely on the veracity of the data XOOM produced in discovery.

## II. Authenticating Documents

6. The following is my authentication of all Exhibits 1–25 referenced in the accompanying Plaintiffs' Memorandum of Law in Support of Motion for Class Certification and herein, which are annexed hereto.

7. Attached hereto as **Exhibit 1** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_012147.

8. Attached hereto as **Exhibit 2** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_065820–23.

9. Attached hereto as **Exhibit 3** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_047611.

10. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from Defendants' Responses to Plaintiffs' First Request for Product of Documents, dated December 24, 2019, pp. 1, 21, 23–26, 54.

11. Attached hereto as **Exhibit 5** is a true and correct copy of a letter from prior defense counsel Christopher Rojao to Plaintiffs' counsel regarding XOOM's amended responses and objections to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents, dated November 20, 2020.  Defendants' Responses to Plaintiffs' First Request for Product of Documents, dated December 24, 2019.

12. Attached hereto as **Exhibit 6** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_063242–43.

13. Attached hereto as **Exhibit 7** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_018504–05.

14. Attached hereto as **Exhibit 8** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_020937–38.

15. Attached hereto as **Exhibit 9** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_024527–28.

16. Attached hereto as **Exhibit 10** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_012175–76.

17. Attached hereto as **Exhibit 11** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_023637.

18. Attached hereto as **Exhibit 12** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_065172–73.

19. Attached hereto as **Exhibit 13** is a true and correct copy of XOOM's Expert Report of David C. Coleman, amended October 31, 2022.

20. Attached hereto as **Exhibit 14** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_022815–17.

21. Attached hereto as **Exhibit 15** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_069057–85.

22. Attached hereto as **Exhibit 16** is a true and correct copy of excerpts from the deposition of XOOM's Vice President of Operations Michael Chester, dated October 11, 2018, taken by the plaintiffs in *Todd v. XOOM Energy Maryland, LLC*, No. 15 Civ. 154 (D. Md.) that was produced in discovery by XOOM and Bates-stamped XOOM_INIT_000204, pp. 1, 16, 68, 70, 78.

23. Attached hereto as **Exhibit 17** is a true and correct copy of excerpts of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_040361–62.

24. Attached hereto as **Exhibit 18** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_007283–86.

25. Attached hereto as **Exhibit 19** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_012462–64.

26. Attached hereto as **Exhibit 20** is a true and correct copy of excerpts from the deposition of XOOM's Director of Pricing and Structuring Jason Loehde in his individual capacity, dated July 27, 2022, pp. 1, 219, 249–50, 316.

27. Attached hereto as **Exhibit 21** is a true and correct copy of excerpts from the deposition of former XOOM Chief Executive Officer Thomas Ulry, dated May 12, 2022, pp. 1, 86–87, 133.

28. Attached hereto as **Exhibit 22** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_016476.

29. Attached hereto as **Exhibit 23** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_015251–52.

30. Attached hereto as **Exhibit 24** is a true and correct copy of excerpts from the deposition of Plaintiff Boris Mirkin, dated August 30, 2022, pp. 1, 15, 51.

31. Attached hereto as **Exhibit 25** is a true and correct copy of excerpts from the deposition of Plaintiff Susanna Mirkin, dated August 30, 2022, pp. 1, 27–28, 51–55, 100.


I declare under penalty of perjury that the foregoing is true to the best of my information and belief.


Dated: New York, New York
       March 24, 2023

                                         Respectfully submitted,

                                          /s/ Ethan D. Roman
                                              Ethan D. Roman

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, the foregoing was served via email on all counsel of record.

                                                  By:    /s/ Ethan D. Roman
                                                              Ethan D. Roman