

Michael D. "Matt" Matthews, Jr.
Partner
1001 Fannin Street, Suite 2400
Houston, TX 77002
Ph: 713.337.8879 // F: 713.333.8859
matt.matthews@mhllp.com

April 6, 2023

*Via CM/ECF*

The Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Mirkin, et al. v. XOOM Energy, LLC, et al.*; No. 18 Civ. 2949 (ARR) (RER)

Dear Judge Ross:

On behalf of XOOM, I write pursuant to Local Rule 7.1(d) and Part III.A of Your Honor's procedures to request an order (1) striking Plaintiffs Susanna and Boris Mirkin's improper reply evidence and arguments or (2) modifying the briefing schedule to permit XOOM to file a surreply to address the new class certification evidence. This relief is necessary to remedy the Mirkins' improper submission of nearly 300 pages of new evidence with their class certification reply.

**I.    The Mirkins improperly rely on nearly 300 pages of new evidence to support new arguments on commonality and predominance.**

The Court set agreed-upon deadlines for class certification briefing that were extended on joint requests. *See* Revised Case Management Plan at ¶ 4, ECF No. 115-1; Text Order, Oct. 27, 2022 (adopting deadlines in ECF No. 115-1); Text Order, Jan. 6, 2023 (extending response and reply deadlines); Text Order, Mar. 13, 2023 (further extending the reply deadline). XOOM stuck to those deadlines in letter and spirit by making all its arguments in and attaching all its evidence to its response papers. *See* Class Cert. Resp., ECF No. 134. The Mirkins did not. Instead, they made some arguments in untimely motion papers served December 17,[1] and they held back other arguments for a 43-page reply with nearly 300 pages of new evidence. *See* Reply 1–43, ECF No. 140; Reply Exs. 1–25, ECF Nos. 141-1–141-25.

"[A]s the part[ies] seeking class certification," the Mirkins had "the initial burden" to prove that Rule 23's prerequisites are met. *See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 324 F. Supp. 3d 387, 395 (S.D.N.Y. 2018). And under the well-established prohibition on "the practice of raising new arguments on reply that the opposing party is unable to respond to," the Mirkins had to meet that burden in their opening motion instead of "wait[ing] to respond to deficiencies [XOOM] raise[d] in its opposition." *Id*; *Monaghan v. Airlines*, No. 16-CV-3528 (ERK) (PK), 2018 WL 3682482, at *4 (E.D.N.Y. Aug. 2, 2018) (declining to consider reply evidence that "'was

---

[1] The Mirkins filed a letter on December 16 claiming their motion papers were timely served "earlier today," ECF No. 117, but that was not true. They were not served until early the next day.

April 6, 2023
Page 2



available to the moving party at the time that it filed its motion'" because that evidence "should have been in [the movant's] primary motion"). The Mirkins' reply flouts that prohibition.

The Mirkins' new evidence was not presented on reply because of some recent discovery. Rather, they say it is all just offered to "show that this case can be adjudicated from common evidence via a straightforward classwide trial."[2] Reply at 10; *id.* at 10–24 (citing Reply Exhibits 1–23 in an "overview of the common evidence Plaintiffs will present at the class action trial"); *id.* at 29, 30, 32, 34, 40 n.18 (citing the reply's "overview of the common evidence" to support commonality and predominance arguments); *see also id.* at 1–10 (summarizing the Mirkins' new evidence and arguments in a 10-page introduction). In other words, the new evidence was submitted on reply in a belated attempt to meet their initial Rule 23 burden on commonality and predominance.

If the Mirkins had attached this evidence to their opening motion, XOOM would have explained in response how it does not support class certification—that it actually undermines the Mirkins' arguments and illustrates why commonality and predominance are **not** satisfied in the context of their new no-margin theory. But instead, the Mirkins "wait[ed] to respond to deficiencies [XOOM] raise[d] in its opposition" and filed that evidence when they knew XOOM would be "unable to respond." *Royal Park*, 324 F. Supp. 3d at 395. As courts in this district have recognized, that was "plainly improper" because the Mirkins' reply evidence was all "available to [the Mirkins] at the time [they] filed [their] motion," and evidence of commonality and predominance is "necessary in order for [them] to meet [their] burden." *Monaghan*, 2018 WL 3682482, at *4 (quoting *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010)); *see also, e.g.*, *Thompson v. Spota*, No. 14-CV-2473, 2019 WL 2602062, at *3 (E.D.N.Y. June 25, 2019) (same).

II.   **The Court should either strike the Mirkins' improper reply evidence and arguments or let XOOM file a surreply responding to them.**

To remedy the prejudice of the Mirkins' improper submission of new evidence and arguments on reply, the Court has discretion to either "strike portions of [the] reply papers" or permit a surreply that gives XOOM the opportunity to respond to the Mirkins' new arguments and evidence. *Monaghan*, 2018 WL 3682482, at *4.

Here, striking is the more appropriate remedy. The Mirkins' new evidence focuses on issues of liability that are raised in XOOM's motion for summary judgment, so the Mirkins' summary judgment response will inevitably repeat the evidence and arguments they improperly included in their class certification reply. That redundancy carries a cost to XOOM and the Court, but it offers

---

[2] The Mirkins' reply also cites new excerpts from their deposition testimony for a different purpose: to support their adequacy and typicality. *See* Class Cert Reply at 35, 41 n. 19 (citing Roman Decl. Exs. 24, 25). That testimony is offered to prove facts that are irrelevant to class certification and not in dispute, so XOOM is not asking that the Court strike it. *See id.* (citing Exhibits 24 and 25 as evidence that Boris and Susanna used to work for the New York Police Department and that Susanna knows this case involves allegations of overcharges and contractual breach).

April 6, 2023
Page 3



no corresponding benefit to the decisional process. Thus, instead of allowing the Mirkins to "turn[] the entire briefing process on its head" with additional briefs to address evidence the Mirkins voluntarily withheld from their opening motion only to "submit [that] very evidence . . . to rebut [XOOM's] argument that there is no evidence" of commonality and predominance, the "more appropriate result" here is to strike the evidence the Mirkins "simply chose not to use" to support their opening motion. *Paz Sys., Inc. v. Dakota Group Corp.*, CV 05-4763 (LDW) (WDW), 2006 WL 8430241, at *3, *4 (E.D.N.Y. June 16, 2006).

Striking is also the more efficient remedy because the Mirkins' reply confirms that the parties' dispute is one of contract interpretation, meaning XOOM's pending summary judgment motion will be case dispositive and class certification moot. Despite the mountains of inappropriate evidence and lengthy (but flawed) discussion of those facts, the Mirkins' reply concedes that the parties' dispute centers on a single ***legal*** question: "the meaning of [the pricing] term" in Susanna's electricity contract. Reply at 1; *id.* at 34 (admitting the Mirkins have only "one theory of liability" that requires the Court to determine whether certain rate-setting factors were "extra-contractual" as they argue or permitted by the contract as XOOM contends). Thus, the Court can and should reach this threshold legal issue on summary judgment, which will result in dismissal. Additional class certification briefing would impose another unnecessary burden on the parties and the Court.

\* \* \*

Accordingly, the Court should strike Exhibits 1-23 to the Mirkins' class certification reply and disregard the commonality and predominance arguments that rely on that evidence.[3] Alternatively, if the Court declines that relief, it should permit XOOM to file a surreply responding to the Mirkins' new reply evidence and arguments.

                                            Respectfully submitted,

                                            */s/ Michael D. Matthews, Jr.*
                                            Michael D. Matthews, Jr.
                                            McDowell Hetherington LLP
                                            1001 Fannin Street, Suite 2400
                                            Houston, Texas 77002
                                            Tel: (713) 337-8879
                                            matt.matthews@mhllp.com

                                            *Counsel for Defendants*

---

[3] By seeking this relief, XOOM does not mean to suggest that the Mirkins' other arguments are properly supported. For example, the Mirkins' claim that XOOM admitted "it was providing the 2013 Contract to customers who rolled over from fixed to variable plans into 2021" is followed by a citation to a deposition that said nothing of the sort. *See* Reply at 7 n.3 (citing testimony that "[r]enewal of existing customers ***may have*** received the older language," but explaining that the witness did "not have the exact date" (emphasis added)). However, the remedy for such ordinary failures of proof is to simply reject factual assertions that lack support in the cited evidence.