UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANNA MIRKIN and BORIS MIRKIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>XOOM ENERGY, LLC and XOOM ENERGY NEW YORK, LLC<br><br>Defendants. | Case No. 18 Civ. 2949 (ARR) (RER) |

**DECLARATION OF STEVEN L. WITTELS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Steven L. Wittels, an attorney duly admitted to practice before the Eastern District of New York, declares the following under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. My firm, Wittels McInturff Palikovic, is Lead Counsel for Plaintiffs Susanna and Boris Mirkin and the proposed Class. Based on my active participation and supervision in all material aspects of the prosecution of this class action against Defendants XOOM Energy, LLC and XOOM Energy New York, LLC (together, "Defendants" or "XOOM"), I have personal knowledge of the matters set forth herein.

2. I make this Declaration in opposition to Defendants' Motion for Summary Judgment (the "Motion") to authenticate the attached exhibits referenced in the accompanying Memorandum of Law.

3. The following is my authentication of all Exhibits 1–50 referenced in the accompanying Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, which are annexed hereto.

4. Attached hereto as **Exhibit 1** is a true and correct copy of the confirmation email and Electricity Sales Agreement that XOOM provided to Plaintiffs that was produced in discovery by Plaintiffs and Bates-stamped Mirkins_00001–06.

5. Attached hereto as **Exhibit 3** is a true and correct copy of the initial Expert Report of Derya Eryilmaz, Ph.D. and Seabron Adamson of Charles River Associates, dated October 3, 2022.

6. Attached hereto as **Exhibit 2** is a true and correct copy of the Expert Rebuttal Report of Derya Eryilmaz, Ph.D. and Seabron Adamson of Charles River Associates, dated November 4, 2022.

7. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from the deposition of Plaintiff Boris Mirkin, dated August 30, 2022, pp. 1, 15, 25, 27, 51.

8. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the deposition of Plaintiff Susanna Mirkin, dated August 30, 2022, pp. 1, 27–28, 34–37, 59–60, 100.

9. Attached hereto as **Exhibit 6** is a true and correct copy of Exhibit 6 of the Expert Rebuttal Report of Derya Eryilmaz, Ph.D. and Seabron Adamson of Charles River Associates, dated November 4, 2022.

10. Attached hereto as **Exhibit 7** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_069057–85.

11. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts from the deposition of Defendants' expert David C. Coleman, dated November 16, 2022, pp. 1, 24–25, 28–29, 49, 54–56, 66, 72–75, 88, 95–96, 105, 111.

12. Attached hereto as **Exhibit 9** is a true and correct copy of Exhibit 7 of the Expert Rebuttal Report of Derya Eryilmaz, Ph.D. and Seabron Adamson of Charles River Associates, dated November 4, 2022.

13. Attached hereto as **Exhibit 10** is a true and correct copy of excerpts from Defendants' Responses to Plaintiffs' First Request for the Production of Documents, dated December 24, 2019, pp. 1, 21, 23–26, 54.

14. Attached hereto as **Exhibit 11** is a true and correct copy of a letter from prior defense counsel Christopher Rojao to Plaintiffs' counsel regarding XOOM's amended responses and objections to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents, dated November 20, 2020. Defendants' Responses to Plaintiffs' First Request for Product of Documents, dated December 24, 2019.

15. Attached hereto as **Exhibit 12** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_047611.

16. Attached hereto as **Exhibit 13** is a true and correct copy of Cases 94-E-0952, *et al.*, *In the Matter of Competitive Opportunities Regarding Electric Service*, Opinion and Order Regarding Competitive Opportunities for Electric Service, Opinion No. 96-12, dated May 20, 1996.

17. Attached hereto as **Exhibit 14** is a true and correct copy of the ESCO Consumers Bill of Rights, New York Sponsors Memorandum, 2009 A.B. 1558 (2009).

18. Attached hereto as **Exhibit 15** is a true and correct copy of Cases 12-M-0476, *et al.*, *Order Taking Actions to Improve the Residential and Small Non-Residential Retail Access Markets*, dated February 25, 2014.

19. Attached hereto as **Exhibit 16** is a true and correct copy of Case 15-M-0127, et al., Department of Public Service Staff Redacted Initial Brief, dated March 30, 2018.

20. Attached hereto as **Exhibit 17** is a true and correct copy of Case 15-M-0127, et al., *Order Adopting Changes to the Retail Access Energy Market and Establishing Further Process*, dated December 12, 2019.

21. Attached hereto as **Exhibit 18** is a true and correct copy of Appellants' Opening Brief in Mirkin v. XOOM Energy, LLC, No. 18-3138, ECF No. 52, dated January 18, 2019.

22. Attached hereto as **Exhibit 19** is a true and correct copy of excerpts from the deposition of XOOM's Director of Pricing and Structuring Jason Loehde in his individual capacity, dated July 27, 2022, pp. 1, 48, 61, 214, 219, 238, 249–50, 316.

23. Attached hereto as **Exhibit 20** is a true and correct copy of excerpts from the deposition of Andrew Coppola, XOOM's former Senior Vice President of Energy Supply and Pricing, dated May 11, 2022, pp. 1, 37–39, 50–51, 84–85, 88, 98, 107–08, 143, 198, 237–39, 288.

24. Attached hereto as **Exhibit 21** is a true and correct copy of excerpts from the deposition of XOOM's former Director of Product Management for XOOM's Supply Team Ryan Park, dated July 22, 2022, pp. 1, 32–36, 98–100, 266.

25. Attached hereto as **Exhibit 22** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_065820–23.

26. Attached hereto as **Exhibit 23** is a true and correct copy of Defendants' Supplemental Responses to Plaintiffs' First Set of Requests for Admission, dated December 8, 2021.

27. Attached hereto as **Exhibit 24** is a true and correct copy of excerpts from the deposition of XOOM's 30(b)(6) corporate witness, XOOM's Director of Pricing and Structuring Jason Loehde, dated July 28, 2022, pp. 1, 20, 83, 134–35, 295.

28. Attached hereto as **Exhibit 25** is a true and correct copy of excerpts of the Deposition Transcript of former XOOM Chief Executive Officer Thomas Ulry taken by the plaintiffs in *Todd v. XOOM Energy Maryland, LLC*, No. 15 Civ. 154 (D. Md.) on March 20, 2019 that was produced in discovery by XOOM and Bates-stamped XOOM_INIT_000305–425, pp. 1, 101, 121.

29. Attached hereto as **Exhibit 26** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_063242–43.

30. Attached hereto as **Exhibit 27** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_018504–05.

31. Attached hereto as **Exhibit 28** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_020937–38.

32. Attached hereto as **Exhibit 29** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_024527–28.

33. Attached hereto as **Exhibit 30** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_012147.

34. Attached hereto as **Exhibit 31** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_012175–76.

35. Attached hereto as **Exhibit 32** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_023637.

36. Attached hereto as **Exhibit 33** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_065172–73.

37. Attached hereto as **Exhibit 34** is a true and correct copy of excerpts from the deposition of XOOM's Product Portfolio Manager Troy Chidester, dated June 24, 2022, pp. 1, 99, 147.

38. Attached hereto as **Exhibit 35** is a true and correct copy of excerpts from the deposition of XOOM's Vice President of Operations Michael Chester, dated October 11, 2018, taken by the plaintiffs in *Todd v. XOOM Energy Maryland, LLC*, No. 15 Civ. 154 (D. Md.) that was produced in discovery by XOOM and Bates-stamped XOOM_INIT_000204–81, pp. 1, 16, 68, 70, 78.

39. Attached hereto as **Exhibit 36** is a true and correct copy of excerpts of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_040361–62.

40. Attached hereto as **Exhibit 37** is a true and correct copy of excerpts of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_005412–13.

41. Attached hereto as **Exhibit 38** is a true and correct copy of an exemplar printout of a XOOM New York electricity rate-setting workbook from October 2015 that was produced in discovery by XOOM and Bates-stamped XOOM_INIT_001118.

42. Attached hereto as **Exhibit 39** is a true and correct copy of an exemplar fixed rate XOOM contract that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_073867–71.

43. Attached hereto as **Exhibit 40** is a true and correct copy of the Electricity Sales Agreement that XOOM provided to New York variable rate residential customers enrolled in

XOOM's SimpleFlex plan on February 11, 2016 and later that was produced in discovery by XOOM and Bates-stamped XOOM_INIT_000162–65.

44. Attached hereto as **Exhibit 41** is a true and correct copy of Defendants' Responses to Plaintiffs' Second Set of Interrogatories, dated September 30, 2020.

45. Attached hereto as **Exhibit 42** is a true and correct copy of excerpts from the deposition of former XOOM Chief Executive Officer Thomas Ulry, dated May 12, 2022, pp. 1, 39–41, 86–87, 133.

46. Attached hereto as **Exhibit 43** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_016476–77.

47. Attached hereto as **Exhibit 44** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_015251–53.

48. Attached hereto as **Exhibit 45** is a true and correct copy of excerpts from the deposition of Plaintiffs' energy and economics expert Seabron Adamson of Charles River Associates, dated November 8, 2022, pp. 1, 24, 121–23, 141.

49. Attached hereto as **Exhibit 46** is a true and correct copy of excerpts from the deposition of Plaintiffs' energy and economics expert Derya Eryilmaz, Ph.D. of Charles River Associates, dated November 15, 2022, pp. 1, 34, 51–54, 102.

50. Attached hereto as **Exhibit 47** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_007283–86.

51. Attached hereto as **Exhibit 48** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_012462–64.

52. Attached hereto as **Exhibit 49** is a true and correct copy of a document that was produced in discovery by XOOM and Bates-stamped XOOM_MIRKIN_022815–17.

53. Attached hereto as **Exhibit 50** is a true and correct copy of XOOM's Rebuttal Report of David C. Coleman, dated November 4, 2022.

I declare under penalty of perjury that the foregoing is true to the best of my information and belief.

Dated: New York, New York
April 14, 2023

Respectfully submitted,

 /s/ Steven L. Wittels
Steven L. Wittels

8

9

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 14, 2023, the foregoing was served via email on all counsel of record.

                                                        By:    /s/ Steven L. Wittels
                                                                     Steven L. Wittels