# Exhibit 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANNA MIRKIN and BORIS MIRKIN, Individually and on Behalf of all Others Similarly Situated,<br><br>                             Plaintiffs,<br><br>v.<br><br>XOOM ENERGY, LLC and<br>XOOM ENERGY NEW YORK, LLC,<br><br>                             Defendants. | Case No.: 18 Civ. 2929 (ARR) (RER) |

**RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR
THE PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, XOOM Energy, LLC and XOOM Energy New York, LLC (collectively "XOOM" or "Defendants") responds to Plaintiffs' First Request for Production of Documents as follows:

**Objection to Definitions and Instructions**

      XOOM objects to the definitions and instructions that precede the Requests to the extent those definitions and instructions purport to impose obligations on XOOM that are different than the obligations imposed by the Federal Rules of Civil Procedure.

      XOOM specifically objects to Plaintiffs' definitions of "Company," "XOOM," "you," "your," and "defendants," as the definitions, when used in the Requests for production, render the Requests vague and ambiguous and enlarge the scope of the Requests such that the Requests seek information that is not relevant to any party's claims or defenses and they are overly broad, not proportional to the needs of the case, and unduly burdensome and expensive.

      XOOM further objects to Plaintiffs' definition of the "Relevant Time Period" as it is too broad and encompasses a time period that includes time that is not, in fact, relevant to the claims or defenses of any party to this case.

      XOOM incorporates these general objections into each and every response and/or objection to the Requests, and into each and every amendment, supplement, or modification to XOOM's responses. XOOM does not waive any general objection in response to any specific Request.

**RESPONSE:** **Objection.** XOOM objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case. XOOM further objects to this Request on the grounds the Request seeks documents that contain trade secret or other confidential, research, development, or commercial information. XOOM also objects to this Request on the grounds the Request seeks documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine. XOOM also objects to this Request as it seeks certain information that is available from an alternative source that is more convenient, less burdensome, and/or less expensive. Subject to, and without waiving such objections, XOOM states that relevant, non-privileged information responsive to this Request that is in XOOM's custody, possession or control and that is reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2), if any, will be produced in this case pursuant to an agreed-upon ESI protocol and the entry of a Discovery Confidentiality Order.

38. All documents (including but not limited to invoices and bills) concerning amounts you paid for energy, including but not limited to amounts paid for day-ahead and real-time energy, capacity and/or ancillary services, virtual energy, and derivatives (including virtual transactions, financial transmission rights, forward reserves, etc.).

> Please note that this Request includes all documents and communications concerning amounts you paid for energy including for hedging and/or investment purposes.

**RESPONSE:** **Objection.** XOOM objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case. XOOM further objects to this Request on the grounds the Request seeks documents that contain trade secret or other confidential, research, development, or commercial information. XOOM also objects to this Request on the grounds the Request seeks documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine. XOOM also objects to this Request as it seeks certain information that is available from an alternative source that is more convenient, less burdensome, and/or less expensive. Subject to, and without waiving such objections, see XOOM's responses and objections to Demand No. 37, above. In addition, XOOM states that relevant, non-privileged information responsive to this Request that is in XOOM's custody, possession or control and that is reasonably accessible pursuant to Federal

21

>information responsive to this Request that is in XOOM's custody, possession or control and that is reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2), if any, will be produced in this case pursuant to an agreed-upon ESI protocol and the entry of a Discovery Confidentiality Order.

41. All documents concerning XOOM's unit costs and prices of energy, XOOM's estimates or determinations of its costs and prices, and XOOM's strategies, methods, formulas, and/or models related to its costs and prices, including but not limited to documents and communications concerning day-ahead and real-time energy, capacity and/or ancillary services, virtual energy, and energy derivatives (including virtual transactions, financial transmission rights, operating reserves, etc.).

>Please note that this Request includes all documents and communications concerning costs and prices of energy including for hedging and/or investment purposes.

**RESPONSE:** **Objection.** XOOM objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case. XOOM further objects to this Request on the grounds the Request seeks documents that contain trade secret or other confidential, research, development, or commercial information. XOOM also objects to this Request on the grounds the Request seeks documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine. XOOM also objects to this Request as it seeks certain information that is available from an alternative source that is more convenient, less burdensome, and/or less expensive. Subject to, and without waiving such objections, see XOOM's responses and objections to Demand No. 40, above.

42. All documents concerning XOOM's costs for energy sold to customers, including without limitation monthly supply costs, hedging, and any other component of XOOM's cost of goods sold.

23

ME1 32232337v.1

**RESPONSE:**   **Objection.**  XOOM objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case.  XOOM further objects to this Request on the grounds the Request seeks documents that contain trade secret or other confidential, research, development, or commercial information.  XOOM also objects to this Request as it seeks certain information that is available from an alternative source that is more convenient, less burdensome, and/or less expensive.  In addition, XOOM objects to the use of the term "hedging" as such term is vague and ambiguous.  Subject to, and without waiving such objections, XOOM states that it is producing the Electricity Sales Agreement between Plaintiff, Susanna Mirkin, and XOOM.  In addition, XOOM states that relevant, non-privileged information responsive to this Request related to the price XOOM charged to Plaintiff for Electricity Services that is in XOOM's custody, possession or control and that is reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2), if any, will be produced in this case pursuant to an agreed-upon ESI protocol and the entry of a Discovery Confidentiality Order.

43. All documents concerning XOOM's costs for renewable energy, including without limitation documents and communications related to XOOM's purchases of renewable energy certificates.

**RESPONSE:**   **Objection.**  XOOM objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case.  XOOM further objects to this Request on the grounds the Request seeks documents that contain trade secret or other confidential, research, development, or commercial information.  In addition, XOOM objects to the use of the term "renewable energy" as such term is vague and ambiguous.  Subject to and without waiving such objections, see XOOM's responses and objections to demand Nos. 41 and 42, above.

44. All documents concerning any sales and marketing costs that affect or concern the rates charged to XOOM's customers.

24

**RESPONSE:** **Objection.** XOOM objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case. XOOM further objects to this Request on the grounds the Request seeks documents that contain trade secret or other confidential, research, development, or commercial information. XOOM also objects to this Request on the grounds the Request seeks documents that are protected from disclosure by the attorney-client privilege and/or the work-product doctrine. Subject to, and without waiving such objections, see XOOM's responses and objections to Demand No. 42, above.

45. All documents concerning any general and administrative costs that affect or concern the rates charged to XOOM's customers.

**RESPONSE:** **Objection.** XOOM objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case. XOOM further objects to this Request on the grounds the Request seeks documents that contain trade secret or other confidential, research, development, or commercial information. XOOM also objects to the use of the terms "general and administrative costs" as such terms are vague and ambiguous. Subject to, and without waiving such objections, see XOOM's responses and objections to Demand No. 42, above.

46. All documents concerning any operating costs that affect or concern the rates charged to XOOM's customers.

**RESPONSE:** **Objection.** XOOM objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case. XOOM further objects to this Request on the grounds the Request seeks documents that contain trade secret or other confidential, research, development, or commercial information. XOOM also objects to the use of the term "operating costs" as such term is vague and ambiguous. Subject to, and without waiving such objections, see XOOM's responses and objections to Demand No. 42, above.

47. All documents concerning any other costs that affect or concern the rates charged to XOOM's customers.

**RESPONSE:** **Objection.** XOOM objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case. XOOM further objects to this Request on the grounds the Request seeks documents that contain trade secret or other confidential, research, development, or commercial information. XOOM also objects to the use of the term "operating costs" as such term is vague and ambiguous. Subject to, and without waiving such objections, see XOOM's responses and objections to Demand No. 42, above.

48. All documents comparing XOOM's profits from sales to fixed, introductory, or promotional rate customers versus variable rate customers.

**RESPONSE:** **Objection.** XOOM objects to this Request on the grounds that the information sought is not relevant to any of the claims or the defenses asserted in this lawsuit, and the burden of collecting it is entirely disproportionate to its value. XOOM further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case. XOOM further objects to this Request to the extent it seeks information protected by the attorney-client and/or work-product privileges. XOOM further objects to this Request on the grounds that this Request seeks documents that contain trade secret or other confidential, research, development, or commercial information. XOOM also objects to this request on the grounds that it is vague and ambiguous. Subject to, and without waiving such objections, XOOM states that it cannot respond to this demand as phrased.

49. All documents concerning the profitability of XOOM's sales to its variable rate customers.

**RESPONSE:** **Objection.** XOOM objects to this Request on the grounds that the information sought is not relevant to any of the claims or the defenses asserted in this lawsuit, and the burden of collecting it is entirely

needs of the case.  XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case.  XOOM further objects to this Request on the grounds that this Request seeks documents that contain trade secret or other confidential, research, development, or commercial information.  XOOM further objects to this Request to the extent it seeks information protected by the attorney-client and/or work-product privileges.

110.   All contracts, memoranda of understanding, operating agreements or similar documents where XOOM Energy New York, LLC and XOOM Energy, LLC are parties thereto.

**RESPONSE:**   **Objection.**  XOOM objects to this Request on the grounds that the Request seeks information that is not relevant to any party's claims or defense. XOOM further objects to this Request on the grounds that it is overly broad, unduly burdensome, annoying and harassing, and not proportional to the needs of the case.  XOOM also objects to this Request as not limited in time, scope, or related to the facts in issue in this case.  XOOM further objects to this Request on the grounds that this Request seeks documents that contain trade secret or other confidential, research, development, or commercial information.  Subject to and without waiving such objections, see the Electricity Sales Agreement between Plaintiff, Susanna Mirkin, and XOOM Energy New York, LLC, produced herewith.

DATED:  December 24, 2019

        **McCARTER & ENGLISH, LLP**
        Four Gateway Center
        100 Mulberry Street
        Newark, New Jersey 07102
        (973) 622-4444

        *Attorneys for Defendants*
        *XOOM Energy, LLC and*
        *XOOM Energy New York, LLC*

By:     *s/ David R. Kott*
        David R. Kott