Exhibit 11



Christopher Rojao
Associate
T. 973-639-6983
F. 973-206-6737
crojao@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
www.mccarter.com

November 20, 2020

**VIA EMAIL**

Steven L. Wittels, Esq.
J. Burkett McInturff, Esq.
Steven D. Cohen, Esq.
WITTELS LAW, P.C.
18 Half Mile Road
Armonk, NY 10504

**Re:** **Mirkin, et al. v. XOOM Energy, LLC et al.**
**Case No. 1:18-cv-02949 (ARR)(RER)**

Dear Counsel:

As you are aware, this Firm represents Defendants XOOM Energy, LLC and XOOM Energy New York, LLC (hereinafter "XOOM") in the above-referenced case.

We write, in accordance with the Court's October 25, 2020 Order, to amend XOOM's responses and objections to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents, specifically Interrogatory Nos. 12-21 and RFP Nos. 1-21, 23-62, 77, 82, 88-90 which were the subject of Plaintiffs' discovery motion, to provide information as to whether documents are being or will be withheld on the basis of XOOM's objections.

**Preliminary Statement**

As an initial matter, it must be noted that Plaintiffs' First Set of Interrogatories and Document Demands were served in September 2019, and XOOM served its responses in November 2019, and December 2019, respectively. Since that time, the parties have engaged in several meet-and-confer efforts that have narrowed the scope of discovery. Specifically, XOOM objected to some of Plaintiffs' interrogatories and document demands on the grounds that such Requests were not appropriately limited in time or in scope, and did not seek information relevant to this action as permitted under Federal Rules of Civil Procedure 26, 33, and 34. Indeed, Plaintiffs' requests initially sought information and documents from April 1, 2011 to the present, a time during which XOOM Energy New York, LLC did not exist, and could be read to seek information and documents pertaining to XOOM customers who did not receive energy service in New York. The parties have met-and-conferred regarding these issues and have agreed in principal to limit the relevant time periods, for purposes of discovery, to either September 1, 2012 or December 1, 2012 to January

1, 2020.  At this time, XOOM has indicated that it will collect and produce documents from December 1, 2012 to January 1, 2020, as XOOM only began providing energy service to customers in January 2013, and XOOM has agreed to go back to December 1, 2012 on the grounds it could include relevant information on how XOOM based its January 2013 prices, but reaching further back beyond December 1, 2012 is unnecessary and unwarranted.  In addition, many of Plaintiffs' Requests were drafted in a way which indicated that they sought production of documents and things related to *all* XOOM Energy business entities and customers, rather than those pertaining to New York variable rate energy customers.  Accordingly, XOOM will only collect and produce documents that may relate to XOOM Energy New York variable rate customers.

In addition, as Plaintiffs are aware, the parties are still in the process of negotiating the manner and scope of ESI collection, review, and production in this case.  Accordingly, XOOM's responses contained herein are subject to supplementation and amendment as the ESI process continues to develop, and the parties further negotiate search terms and the collection of ESI sources.

Accordingly, XOOM provides the following by way of further response to Plaintiffs' Interrogatory Nos. 12-21 and RFP Nos. 1-21, 23-62, 77, 82, 88-90:

### Interrogatories

**Interrogatories Nos. 12-15:**

XOOM has produced all of the information requested by these interrogatories in comprehensive spreadsheets Bates Stamped XOOM_INIT_002045 – 002050, and XOOM_INIT.  Pursuant to the parties' discussions, the date range for the information requested by these interrogatories was modified to December 1, 2012 to January 1, 2020.  Accordingly, XOOM has produced all of the information it has that is responsive to these interrogatories within this date range, and is not withholding any responsive documents.

**Interrogatories Nos. 16-19:**

As set forth in XOOM's responses to these interrogatories, XOOM will endeavor to produce all relevant, non-privileged information responsive to these requests that is in XOOM's custody, possession, and control and that is reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2) in accordance with the Order Regarding Production of Documents and Electronically Stored Information ("ESI Order") entered in this matter.  As previously discussed, XOOM will not collect from

the sources identified in its July 2, 2020 letter as not reasonably accessible. Documents withheld on the ground of privilege, if any, will be included in a privilege log in accordance with Paragraph V of the Order Regarding Production of Documents and ESI.

**Interrogatories No. 20-21:**

XOOM is not aware of any documents that are being withheld on the basis of the objections contained within its responses to these interrogatories.

<u>**Requests for Production of Documents and Things**</u>

**RFP No. 1 (Documents and Communications related to Plaintiffs):**

XOOM is not aware of any documents that are being withheld on the basis of the objections contained within its response to this demand.

**RFP Nos. 2-3 (Exemplar Contracts):**

XOOM has produced or will produce only the XOOM exemplar contracts for New York variable rate energy customers between December 1, 2012 and January 1, 2020.  In addition, XOOM has already produced exemplar contracts from customers that XOOM obtained from Planet Energy.

**RFP Nos. 4-8 (Documents and Communications with Third Parties)**

As set forth in XOOM's responses and objections to these Requests, such Requests are overbroad, unduly burdensome, and seek information that is not relevant to any party's claims or defenses because they seek information and documentation pertaining to XOOM operations outside of New York and/or that do not relate to XOOM's New York variable rate energy customers.  In addition, these Requests are not   properly limited in time or in scope because they seek information and documentation from time periods in which XOOM Energy New York was not providing energy service in New York.  Accordingly, XOOM will not produce any such information or documentation in response to these Requests.  By way of further response, XOOM will only agree to produce documents responsive to these Requests that are in XOOM's custody, possession, and control and that are reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2) in accordance with the ESI Order entered in this matter.  As previously discussed, XOOM will not collect from the sources identified in its July 2, 2020 letter as not reasonably accessible.  Documents withheld on the ground of privilege, if any, will

ME1 35056355v.1

be included in a privilege log in accordance with Paragraph V of the Order Regarding Production of Documents and ESI.

**RFP Nos. 9-13 (Energy Rate Documents and Communications)**

As set forth in XOOM's responses and objections to these Requests, such Requests are overbroad, unduly burdensome, and seek information that is not relevant to any party's claims or defenses because they seek information and documentation pertaining to XOOM operations outside of New York and/or that do not relate to XOOM's New York variable rate energy customers.  In addition, these Requests are not  properly limited in time or in scope because they seek information and documentation from time periods in which XOOM Energy New York was not providing energy service in New York.  Accordingly, XOOM will not produce any such information or documentation in response to these Requests.  By way of further response, XOOM will only agree to produce documents responsive to these Requests that are in XOOM's custody, possession, and control and that are reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2) in accordance with the ESI Order entered in this matter.  As previously discussed, XOOM will not collect from the sources identified in its July 2, 2020 letter as not reasonably accessible.  Documents withheld on the ground of privilege, if any, will be included in a privilege log in accordance with Paragraph V of the Order Regarding Production of Documents and ESI.

**RFP Nos. 14-22 (Marketing Materials and Related Documents and Communications)**

As set forth in XOOM's responses and objections to these Requests, such Requests are overbroad, unduly burdensome, and seek information that is not relevant to any party's claims or defenses because they seek information and documentation pertaining to XOOM operations outside of New York and/or that do not relate to XOOM's New York variable rate energy customers.  In addition, these Requests are not  properly limited in time or in scope because they seek information and documentation from time periods in which XOOM Energy New York was not providing energy service in New York.  Accordingly, XOOM will not produce any such information or documentation in response to these Requests.  By way of further response, XOOM will only agree to produce documents responsive to these Requests that are in XOOM's custody, possession, and control and that are reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2) in accordance with the ESI Order entered in this matter.  As previously discussed, XOOM will not collect from the sources identified in its July 2, 2020 letter as not reasonably accessible.  Documents withheld on the ground of privilege, if any, will

be included in a privilege log in accordance with Paragraph V of the Order Regarding Production of Documents and ESI.

**RFP Nos. 23-36, and 55 (Customer Complaints)**:

As Plaintiffs are aware, XOOM objected to Plaintiffs' demands for the blanket production of all customer complaints in this breach-of-contract action, which was the subject of motion practice.   Judge Reyes ordered the production of customer complaint information, and ordered the parties to meet and confer regarding the scope and extent of such production.  These discussions are ongoing,  and  XOOM awaits Plaintiffs' response to its position as outlined in XOOM's counsel's October 16, 2020 email.  XOOM will produce the documents and things in response to these Requests in accordance with the parties' agreements to be reached during the parties' continued meet-and-confer efforts, in accordance with Judge Reyes' Order.

**RFP Nos. 37-50 (Documents and Communications Related to XOOM's Supply Costs and Pricing)**

As set forth in XOOM's responses and objections to these Requests, such Requests are overbroad because they seek information and documentation pertaining to non-New York service and customers and during time periods in which XOOM was not providing energy services in New York.  Accordingly, XOOM will not produce documents that do not  pertain to XOOM's supply costs and pricing for non-New York variable rate energy customers.  XOOM notes that it has produced the relevant Rate Setting Workbooks Bates Stamped XOOM_INIT_001202 – 002044, which provide information responsive to these Requests.  By way of further response, XOOM states that in addition to what XOOM has already produced, it will only agree to produce documents responsive to these Requests that are in XOOM's custody, possession, and control and that are reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2) in accordance with the ESI Order entered in this matter.   As previously discussed, XOOM will not collect from the sources identified in its July 2, 2020 letter as not reasonably accessible.  Documents withheld on the ground of privilege, if any, will be included in a privilege log in accordance with Paragraph V of the Order Regarding Production of Documents and ESI.

**RFP Nos. 51-52 (Documents and Communications Related to NRG's Acquisition of XOOM)**

As set forth in XOOM's responses and objections to these Requests, such Requests seek the disclosure of documents and things that are not relevant to Plaintiffs' claims or defenses asserted in this lawsuit, and are overly broad, unduly burdensome, and

not proportional to the needs of this case.  In addition, it appears as though these Requests should also be withdrawn in light of the parties' stipulation filed on September 29, 2020.  Accordingly, in response to these Requests, XOOM will only direct Plaintiffs to the publicly-available documents on the Federal Energy Regulatory Commission's website, which Plaintiffs have advised that they have already obtained.

**RFP Nos. 53-54 (Documents and Communications Related to Utilities)**

As set forth in XOOM's responses and objections to these Requests, such Requests are overbroad, unduly burdensome, and seek information that is not relevant to any party's claims or defenses because they seek information and documentation pertaining to XOOM operations outside of New York and/or that do not relate to XOOM's New York variable rate energy customers.  In addition, these Requests are not  properly limited in time or in scope because they seek information and documentation from time periods in which XOOM Energy New York was not providing energy service in New York.  Accordingly, XOOM will not produce any such information or documentation in response to these Requests.  By way of further response, XOOM will only agree to produce documents responsive to these Requests that are in XOOM's custody, possession, and control and that are reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2) in accordance with the ESI Order entered in this matter.  As previously discussed, XOOM will not collect from the sources identified in its July 2, 2020 letter as not reasonably accessible.  Documents withheld on the ground of privilege, if any, will be included in a privilege log in accordance with Paragraph V of the Order Regarding Production of Documents and ESI.

**RFP Nos. 58-62 (Corporate Structure)**

XOOM has already produced corporate organization documents and charts responsive to Plaintiffs' Requests and has identified individuals responsible for setting variable energy rates, and marketing and sales practices during the relevant time period, most of whom are custodians for purposes of ESI.  XOOM is not aware of any documents that are being withheld on the basis of the objections contained in its responses to these Requests at this time.

**RFP No. 77 (XOOM's Books and Records from January 1, 2011 to the Present)**

As set forth in XOOM's response and objections to this Requests, it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses because it seeks information and documentation that does not relate to XOOM's New York variable rate energy customers.  XOOM stands on its response

and objections contained in this Request and further states that it will only produce relevant financial information that is in XOOM's custody, possession, and control and that is reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2) in accordance with the ESI Order entered in this matter.[1]

**RFP No. 82 (Other Settlement Agreements)**

XOOM stands on its response to this Request and further states that it will only produce what has already been produced to Plaintiffs to date in response to this Request.

**RFP NO. 88-90 (Documents re: Claims and Defenses)**

XOOM has or will produce documents that support its defenses to Plaintiffs' allegations and claims in this action and are responsive to these requests.  XOOM is not aware of any documents that are being withheld on the basis of the objections contained within its response to this demand at this time.

***

Thank you for your attention to this matter.  As you are aware, discovery is ongoing, and XOOM reserves the right to supplement or amend its responses to all of Plaintiffs' written discovery requests as additional information becomes available.

Sincerely,

*/s/ Christopher A. Rojao*

Christopher Rojao

cc:    Daniel Hymowitz, Esq. (via email)
       Andrey Belenky, Esq. (via email)
       Dmitry Kheyfits, Esq. (via email)
       Tiasha Palikovic, Esq. (via email)
       David R. Kott, Esq. (via email)
       Daniel J. Brown, Esq. (via email)
       Jean P. Patterson, Esq. (via email)

_____

[1] As Plaintiffs are aware, XOOM has agreed to collect from its finance folder as part of the ESI collection process.

7