

September 26, 2023

**Via ECF**
The Honorable Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Mirkin v. XOOM Energy, LLC*, No. 18 Civ. 2949 (ARR) (RER)

Dear Judge Reyes:

On behalf of Plaintiff and the Class, we write to oppose XOOM's request for a pre-motion conference on its anticipated motion to indefinitely stay this case pending its Rule 23(f) petition seeking interlocutory Second Circuit review of Judge Ross's August 31, 2023 Opinion and Order granting class certification, (the "Order," ECF 152).

XOOM's stay request is simply a delay tactic that should be swiftly rejected. The law is clear—the Rule 23(f) criteria for interlocutory appeal of a class certification order will "rarely be met," and the Second Circuit explicitly admonishes that "parties should not view Rule 23(f) as a vehicle to delay proceedings in the district court." *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001). The Rule 23(f) criteria are highly exacting because of the Second Circuit's "longstanding view that the district court is often in the best position to assess the propriety of the class and has the ability, pursuant to Rule 23(c)(4)(B), to alter or modify the class, create subclasses, and decertify the class whenever warranted." *Id.*

In addition, the Second Circuit affords "greater deference to district court decisions granting class certification than to decisions declining to certify a class," *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015), and where "the district court has applied the proper legal standards in deciding whether to certify a class, its decision may only be overturned if it constitutes an abuse of discretion." *Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 31 (2d Cir. 2006).

These high bars are why over the last 10 years in this Circuit, District Courts have denied ***every*** contested request for a stay pending resolution of a Rule 23(f) petition that Class Counsel's research was able to identify.[1] Even in the rare cases where a Rule 23(f) petition is granted and

---

[1] *See Pryce v. Progressive Cas. Ins. Co.*, No. 19 Civ. 1467 (RJD) (RER), 2022 WL 2467013, at *3 (E.D.N.Y. June 10, 2022); *LaCour v. Colgate-Palmolive Co.*, No. 16 Civ. 8364 (KMW), 2021 WL 3542295, at *2 (S.D.N.Y. Aug. 10, 2021); *In re Grupo Televisa Sec. Litig.*, No. 18 Civ. 1979 (LLS), 2020 WL 4670580, at *1 (S.D.N.Y. Aug. 7, 2020); *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14 Civ. 2590 (VM) (RWL), 2018 WL 3830921, at *2 (S.D.N.Y. Aug. 13, 2018); *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (AT) (RWL), 2018 WL 10038786, at *2 (S.D.N.Y. Apr. 17, 2018); *Roseman v. Bloomberg L.P.*, No. 14 Civ. 2657 (DLC), 2017 WL 5176379, at *3 (S.D.N.Y. Nov. 7, 2017); *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 236 (S.D.N.Y. 2016); *In re Petrobras Sec.*, 193 F. Supp. 3d 313, 318 (S.D.N.Y. 2016); *Kaye v. Amicus Mediation & Arb. Grp., Inc.*, No. 13 Civ. 347 (JCH), 2014 WL 5092876, at *2 (D. Conn. Oct. 10, 2014); *In re Elec. Books Antitrust Litig.*, No. 11 MD 2293 (DLC), 2014 WL 1641699, at *13 (S.D.N.Y. Apr. 24, 2014); *Morris v. Alle Processing Corp.*, No. 08 Civ. 4874 (JMA), 2013 WL

*Footnote continued on next page.*

the appealing defendant predictably reads "the Second Circuit's granting of their petition as an assessment of the merits and speculate that it signals a likelihood of success," stays are still denied. *See Strougo*, 194 F. Supp. 3d at 233 (no stay where petition granted but appeal still outstanding).

Here, XOOM has only *requested* interlocutory review. As set forth below, XOOM's Rule 23(f) petition is meritless and XOOM falls far short of establishing good cause for a stay.

1. **Relevant Background**

Judge Ross's class certification Order was no surprise, as at least four other similar class actions have been certified against third-party energy service companies like XOOM that—as here—were alleged to have breached the uniform pricing provisions of their form contracts.[2] Indeed, as Judge Ross observed, claims for breach of standardized contracts "are particularly well-suited for class certification." ECF 152 at 10. In addition to recognizing that Plaintiff brings paradigmatic class claims, Judge Ross also had a full record upon which to make her class certification findings. In fact, the Order was issued just two weeks after Judge Ross denied XOOM's summary judgment motion. The class and summary judgment motions occasioned an immense exchange of information, including 214 pages of briefing, 145 exhibits, 5 declarations, and 4 expert reports.

Judge Ross also faithfully applied the relevant standards and was well within her discretion to find each Rule 23 requirement met by a preponderance of the evidence. ECF 152 at 8 (ascertainability, numerosity), *id.* at 10 (commonality), *id.* at 15 (predominance), *id.* at 16 (typicality), *id.* at 17 (adequacy), *id.* at 18 (superiority). Considering these facts, and as shown in Plaintiff's opposition to the Rule 23(f) petition (attached as **Exhibit A**), XOOM's petition falls far short of the mark.

2. **XOOM's Stay Request Fails All Four Stay Considerations**

    A. XOOM's Rule 23(f) Petition Will Be Denied

XOOM's challenge to Judge Ross's Rule 23 findings are merely disagreements with the Court's resolution of key merits questions: the construction of XOOM's pricing term and the question of whether its rate-setting practices breach that term. XOOM's merits challenges do not (and cannot) show an abuse of discretion. For example, XOOM claims that "each rate must be examined individually for a potential overcharge, and there can be no 'common' answer as to liability, let alone damages." ECF 153 at 2–3. But Judge Ross already found no need to delve into each rate-setting decision because "[t]he central issue common to all class members is the constitution of supply costs, an issue the factfinder can resolve through witness testimony, expert testimony, and documents and communications related to the rate-setting process." *Id.* at 13. Thus, whether XOOM was allowed "to incorporate prior period adjustments and other supply costs into the margin, and [whether] they in fact did so consistent with the contract," will be "determined by common evidence, rather than evidence that differs between class members." *Id.* at 13–14.

---

6199579, at *3 (E.D.N.Y. Nov. 27, 2013). To be sure, XOOM cites *In re Petrobras Sec.*, 862 F.3d 250, 260 (2d Cir. 2017), which appears to be one of the few–and potentially only–case in the last 10 years in this Circuit that a stay was granted. But in that case, the Second Circuit *expedited* the appeal and issued a stay. *Id.* This has not occurred here.

[2] *See Claridge v. N. Am. Power & Gas, LLC*, No. 15 Civ. 1261 (PKC), 2016 WL 7009062 (S.D.N.Y. Nov. 30, 2016); *Roberts v. Verde Energy, USA, Inc.*, No. X07-HHDCV15-6060160-S, 2017 WL 6601993 (Conn. Super. Ct. Dec. 6, 2017), *aff'd*, 2019 WL 1276501 (Conn. Super. Ct. Feb. 1, 2019); *Bell v. Gateway Energy Servs. Corp.*, No. 31168/2018 (Rockland Cnty. Super. Ct. Jan. 8, 2021), NYSCEF No. 152 (A-92); *BLT Steak LLC v. Liberty Power Corp., L.L.C.*, No. 151293/2013 (N.Y. Cnty., Super. Ct. Aug. 14, 2020), (NYSCEF No. 376).

### B. XOOM Falls Far Short of Showing Irreparable Harm

XOOM cites litigation costs as its ***only*** irreparable harm. ECF 153 at 3–4. Yet "[c]ourts within the Circuit, however, have consistently held that a movant is not irreparably harmed by the prospect of litigation costs, even if substantial." *Pryce*, 2022 WL 2467013, at *2. Despite recognizing this fatal defect, XOOM runs headlong into settled law and oddly asserts that a series of "mini-trials make this case extraordinary." ECF 153 at 3. XOOM is wrong.

Notably, XOOM makes the exact same claim the *Pryce* defendant made in a case assigned to Your Honor. 2022 WL 2467013, at *2. In *Pryce*, Judge Dearie made clear that "the discrete litigation costs [defendant] fears do not rise to the level of an immeasurable harm." *Id*. (collecting cases). Also like the *Pryce* defendant, XOOM claims it now faces undue settlement pressure. ECF 153 at 4. That claim too was rejected in *Pryce* as a mere reformulation of "litigation costs," which are "not recognized as an irreparable harm." 2022 WL 2467013, at *2. Moreover, given the *Pryce* defendant's size, "it is difficult to conceive of an amount of money sufficiently 'ruinous' to coerce a company as large as [defendant] into settlement." *Id*. Here, the damages model accepted by Judge Ross is far less than the $22.14 billion enterprise value of XOOM's publicly traded parent NRG Energy, Inc. As Judge Dearie noted in *Pryce*, "if [defendant's] theory carried the day, requests to stay pending Rule 23(f) appeal would be granted as a matter of course, since the certification of every class imposes at least some settlement pressure on defendants." *Id*. Tellingly, *Pryce* has still not settled. Further, courts deny stays pending Rule 23(f) petitions with much higher stakes than those here. *See, e.g.*, *In re Elec. Books Antitrust Litig.*, No. 11 MD 2293 (DLC), 2014 WL 1641699, at *4–6 (S.D.N.Y. Apr. 24, 2014) ($450 million settlement).

### C. A Stay Will Substantially Injure Plaintiff and the Class

XOOM claims without any caselaw whatsoever that "no harm" will result to the Class because of the availability of pre-judgment interest. ECF No. 153 at 4. But any delay "would also delay any recovery due plaintiffs" and "class members have a strong interest in being fully compensated for any losses they have suffered." *In re Elec. Books Antitrust Litig.*, 2014 WL 1641699, at *12; *see also Pryce*, 2022 WL 2467013, at *3 (finding injury because "[t]he class members have a valid interest in the prompt resolution of the case."). This factor weighs against XOOM.

### D. The Public Interest Lies in a Timely Resolution of This Action

In cursory fashion, XOOM wrongly claims a stay promotes judicial economy. The opposite is true, as "[t]he public interest weighs against a stay for similar reasons of judicial economy" and "Courts within the Circuit have continually held that the public interest lies in the swift resolution of cases, particularly when the likelihood of success on appeal is speculative at best." *Pryce*, 2022 WL 2467013, at *3 (collecting cases). This factor weighs heavily against a stay.[3]

---

[3] XOOM's case citations are inapposite. In *Estate of Heiser v. Deutsche Bank Trust Co. Ams.*, No. 11 Civ. 1608 (AJN) (MHD), 2012 WL 2865485, at *2, *5 (S.D.N.Y. July 12, 2012), the potentially "unnecessary litigation" was not a Rule 23(f) petition, but rather two conflicting decisions in cases—one involving the same plaintiffs as *Heiser* and both involving the same statute—already on appeal where the outcomes were "potentially dispositive" in *Heiser*. And *Nat'l Asbestos Workers Med. Fund v. Phillip Morris, Inc.*, No. 98 Civ. 12, 2000 WL 1424931, at *2 (E.D.N.Y. Sept. 26, 2000) found a stay pending a Rule 23(f) petition was warranted because after denial of class certification, the plaintiffs would suffer "undue hardship" absent a stay and tolling of the statute of limitations. No such circumstances present here would lead to a stay favoring the public interest.

Thank you for the Court's attention to this matter.

                                                                         Respectfully submitted,

                                                                         /s/ Ethan D. Roman
                                                                         Ethan D. Roman

cc:       All counsel of record (via ECF)