

September 28, 2023

**Via ECF**
The Honorable Ramon E. Reyes
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Mirkin, et al. v. XOOM Energy, LLC, et al.*, 18 Civ. 2949 (ARR) (RER)

Dear Judge Reyes:

In accordance with Judge Ross's August 31, 2023 Order directing Class Counsel to submit a proposed (1) form of class certification notice and (2) distribution plan (ECF No. 152), Plaintiff respectfully requests that the Court approve the proposed form and manner of providing notice of class certification detailed in this letter and endorse the proposed Class Action Notice Order attached as **Exhibit A**.

Plaintiff's proposed notice plan ("Notice Plan") satisfies the requirements of Fed. R. Civ. P. 23(c) and constitutional due process and should be approved. Specifically, the proposed notice contains a concise and easily understood description of the action, the Class definition, the opt-out deadline, and meets the other requirements of Rule 23(c)(2)(B). The notice also tracks notices that have been approved in similar cases and reflects the Federal Judicial Center's ("FJC") guidance on class action notice. The proposed manner of notice—a combination of email and direct mail notice, a dedicated website, and toll-free hotline—is also expected to reach approximately 95% of Class Members, satisfying Rule 23(c). Similar notice programs have been endorsed by the Second Circuit and are routinely approved in comparable cases in this District and around the country.[1]

### I.   The Proposed Notice Plan Should Be Approved

Notice of a class action certified under Rule 23(b)(3) must be the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 224 (2d Cir. 2012). "[F]or due process to be satisfied, not every class member need receive actual notice, as long as class counsel 'acted reasonably in selecting means likely to inform persons affected.'" *In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 271 F. App'x 41, 44 (2d Cir. 2008) (quoting *Weigner v. New York*, 852 F.2d 646, 649 (2d Cir. 1988)). Further, Rule 23 "accords considerable discretion to a district court in fashioning notice to a class." *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 168 (2d Cir. 1987).

---

[1] Defendants oppose this request and maintain that the case should be stayed pending resolution of their petition for permission to appeal to the Second Circuit pursuant to Rule 23(f), as described in their letter request for a pre-motion conference (ECF No. 153). To the extent the Court determines Class Notice should issue while their Rule 23(f) petition is pending, however, Defendants have reviewed Plaintiff's forms of class certification notice and distribution plan and do not oppose their form.

Plaintiff's Notice Plan provides for multiple methods of notice. As detailed in the Notice Plan and Declaration of Guillermo Varon of Arden Claims Service, dated September 28, 2023 and attached hereto as **Exhibit B** ("Administrator Decl."), the Class will receive individual notice via email addresses they provided Defendants in the ordinary course. *Id.* ¶ 8. If a Class Member's email is not available or the email is returned as undeliverable, the Class Member will be mailed notice to their billing address. *Id.* ¶ 11. If the physical mail is returned as undeliverable, the Administrator will conduct searches to obtain updated mailing information. *Id.* ¶ 13.

The Administrator will also establish a dedicated class action website with the key information regarding the Class and the litigation, access to the notice, key documents, frequently asked questions, and contact information Class Members can use to obtain additional information. *Id.* ¶ 16. An interactive voice response phone line established and staffed by the Administrator will provide additional assistance by offering basic information and allowing Class Members to request a callback from a live person. *Id.* ¶ 18. Finally, for the Class Members that are reflected in Defendants' records as preferring communications in Spanish, those individuals will receive a separate round of notice in Spanish and will have access to Spanish versions of the website and hotline. *Id.* ¶ 19.

This comprehensive and multi-faceted approach easily satisfies Rule 23 and due process. *See* Fed. R. Civ. P. 23(c)(2)(B) (permitting notice to be provided by "one or more of the following: United States mail, electronic means, or other appropriate means"); *see also Hasemann v. Gerber Prods. Co.*, No. 15 Civ. 2995 (EK) (RER), 2023 WL 2499131, at *2 (E.D.N.Y. Mar. 14, 2023) (notice in consumer class action by email); *Nitsch v. Dreamworks Animation SKG Inc.*, No. 14 Civ. 4062 (LHK), 2016 WL 4424965, at *4 (N.D. Cal. July 6, 2016) (notice by email where available, postcard where not, and dedicated website with detailed notice); *In re Elec. Books Antitrust Litig.*, No. 11 MD 2293 (DLC), 2014 WL 1641699, at *3 (S.D.N.Y. Apr. 24, 2014) (same).

Because XOOM's records contain both email and mailing addresses, the Administrator anticipates that the Notice Plan will result in notice reaching 95% of Class Members. Administrator Decl. ¶ 15. Courts regularly approve plans with more modest reach. *See, e.g.*, *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 527 F. Supp. 3d 269, 273 (E.D.N.Y. 2021) (approving plan tailored to "reach a large percentage of the class"); *see also* Barbara J. Rothstein & Thomas E. Willging, FEDERAL JUDICIAL CENTER, "Managing Class Action Litigation: A Pocket Guide for Judges," ("Pocket Guide") at 27 (3d Ed. 2010) (the "norm" for reach of notice is "70–95%").

## II.     The Contents of the Proposed Notice Satisfy Rule 23

Fed. R. Civ. P. 23(c)(B) requires that class action notice "clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

Notice "is 'adequate if it may be understood by the average class member,'" *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 114 (2d Cir. 2005), and notices only need to provide general information. *See In re PaineWebber Inc. Ltd. P'ships Litig.*, 171 F.R.D. 104, 124 (S.D.N.Y. 1997)

("The notice need not be highly specific, and indeed numerous decisions, no doubt recognizing that notices to class members can practicably contain only a limited amount of information, have approved very general descriptions . . . ." (cleaned up)), *aff'd*, 117 F.3d 721 (2d Cir. 1997); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 58–59 (E.D.N.Y. 2019); *In re Elec. Books Antitrust Litig.*, 2014 WL 1641699, at *3.

Here, consistent with guidance from the FJC, Class Members will be sent a streamlined "short-form" notice that summarizes the key information in an accessible manner and directs them to the class action website where they can find both the formal "long form" notice and have access to answers to frequently asked questions, important case documents, and contact information for more information. *See* Pocket Guide at 28–29.

The proposed Short-Form Notice, attached hereto as **Exhibit C**, is based on the FJC's model short-form notice[2] and it provides the information required by Rule 23(c)(2)(B). The Short-Form Notice succinctly describes the litigation and who is in the Class. The Short-Form Notice also contains a user-friendly explanation of the effects of both opting out and not doing so. The Short-Form Notice likewise directs Class Members to the class action website and the email version of the Notice will contain links to both the website and the Long-Form notice.

The proposed Long-Form Notice, attached hereto as **Exhibit D**, is also modeled after the FJC's template long form notice.[3] The first page of the Long-Form Notice provides additional detail about the litigation and the claims and defenses. The first page also includes a summary chart outlining the consequences of Class Members' two options—remain in the Class or opt out—and the process and deadline for opting-out.

### III.     Arden Claims Service Is Well-Qualified to Serve as Notice Administrator

Arden Claims Service, selected by Class Counsel after a competitive bidding process, has extensive experience as the notice administrator in similar litigation and is well qualified to serve as administrator here. Class Counsel submitted a request for proposal to three experienced notice administration firms and engaged in follow-up discussions with the firms. After undertaking that rigorous process, Class Counsel recommends Arden Claims Service for the Court's approval.

Arden Claims Service is a respected and experienced New-York based administrator specializing in consumer, human rights, and employment class action matters. Administrator Decl. ¶ 21. Arden Claims Service has overseen hundreds of class action notice campaigns. *Id.* The executive profiles and company overview are available at https://www.ardenclaims.com/.

### IV.     Conclusion

For the foregoing reasons, Class Counsel respectfully requests that the Court approve the proposed Notice Plan and endorse the enclosed proposed Class Action Notice Order.

---

[2] *See* https://www.fjc.gov/sites/default/files/2016/ClaAct12.pdf.

[3] *See* https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf.

                                                                   Respectfully submitted,

                                                                   /s/ Ethan D. Roman
                                                                   Ethan D. Roman

cc:    All counsel of record (via ECF)

305 Broadway, 7th Floor, NY, NY 10007   |   +1 914 775 8862   |   edr@wittelslaw.com   |   www.wittelslaw.com