

September 29, 2023

<u>Via ECF</u>
The Honorable Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Mirkin v. XOOM Energy, LLC*, No. 18 Civ. 2949 (ARR) (RER)

Dear Judge Reyes:

On behalf of Plaintiff and the Class, we make this letter motion pursuant to Local Civil Rule 37.3(a) and Your Honor's Individual Rule III.C.3.  Plaintiff's motion seeks an order directing Defendants XOOM Energy, LLC and XOOM Energy New York, LLC ("XOOM") to produce their full charging data for the certified Class to allow Plaintiff to prepare for trial.

1. **<u>Factual and Procedural Background</u>**

By way of background, XOOM supplies natural gas and electricity to New York consumers.  *See* ECF No. 153 at 2.  This case arises from XOOM's systemic breach of the pricing term of its form contracts with New York variable rate customers, which term required XOOM to charge rates "based on XOOM's actual and estimated supply costs."  ECF No. 152 at 3.  Discovery has shown that XOOM's rates were not based on those costs, but instead were based on a host of non-contractual factors, "primarily" its "revenue goals."  *See* ECF No. 151 at 17.  XOOM's breach caused its New York variable rate customers to pay tens of millions of dollars more for their natural gas and electricity than they would have if XOOM had complied with its contractual obligations.

On August 14, 2023, Judge Ross denied XOOM's motion for summary judgment, ECF No. 151, and on August 31, certified a Class of all XOOM variable rate customers in New York whose variable rates were required to be set "based on XOOM's actual and estimated supply costs."  ECF No. 152.

The instant dispute relates closely to a prior one Your Honor decided in Plaintiff's favor.  On January 28, 2022, Plaintiff moved for an order compelling XOOM to produce charging data for variable rate customers who: (1) originally enrolled in fixed rate contracts, or (2) were transitioned to XOOM after originally signing up with Planet Energy, another energy supplier that XOOM acquired.  ECF No. 103.  On February 2, 2022, Your Honor ordered XOOM to produce the data for those customers.  *See* Transcript of February 2, 2022 Hearing at 10:11–21, attached hereto as **Exhibit A**.

XOOM took ten months to begin complying with Your Honor's order, finally producing a portion of the data on December 6, 2022.  XOOM's production, however, included an arbitrary and

improper cutoff date of January 1, 2020.  ECF No. 136 ¶ 4.  Plaintiff promptly asked XOOM to supplement its data production so she could incorporate it into her damages model presented in her motion for class certification (served on XOOM in December 2022), but XOOM refused.  *Id.* XOOM's grounds then were that the complete data was not necessary for class certification.

A class has now been certified and as a result of XOOM's failure to comply with Your Honor's February 2, 2022 order, there are more than three years of Class Member charging data that need to be produced and incorporated into Plaintiff's damages model in advance of trial.  Similarly, in October 2020, XOOM produced charging data for the Class Members who originally enrolled in a XOOM variable rate plan and has never supplemented its production.  As a result, there are also three years of charging data for those Class Members that have yet to be produced.

   2. **XOOM Improperly Refuses to Produce the Complete Data Plaintiff Will Use to Establish Classwide Liability and Damages at Trial**

On September 1, 2023, the day after Judge Ross certified the Class, Class Counsel contacted defense counsel and asked that XOOM supplement its Class data production to include all charges to present day.  Class Counsel reiterated this request again on September 11, the parties met and conferred on this issue on September 18, and Class Counsel followed up September 21 and again on September 22.

XOOM refuses to supplement its data production and is standing on its curious objection that producing complete charging data for the certified Class is not "necessary or appropriate," that it is "unnecessarily burdensome" since XOOM might need to do so again in the future, and that producing the data would take "several months."

XOOM's objections lack merit.  Discovery, dispositive motions, and class certification are complete, and this five-year-old case is headed to trial.  The Class data is necessary for Plaintiff to prove the full quantum of damages stemming from XOOM's breach of its contract, as it is beyond dispute that damages are one of the elements of breach of contract.  *See Bank of Am., N.A. v. Vanderbilt Trading USA LLC*, No. 17 Civ. 7167 (RER), 2019 WL 8807747, at *6 (E.D.N.Y. Sept. 9, 2019) (Reyes, J.).

Further, there are at least three reasons why XOOM is wrong to use the prospect of future supplements as grounds for refusing to update the data.  First, it is XOOM's fault that a multi-year additional production is now needed due to its arbitrary and improper January 1, 2020 cutoff for the production Your Honor ordered in February 2022.  Second, any further supplementation will be relatively small, since XOOM will only need to pull data for charges that occur after October 2023, not the 3+ year production that is now needed.  Third, to the extent XOOM (incorrectly) thought the Class would not be certified and further data production would not be needed, XOOM can now take steps to minimize the burden of any future supplements.

Similarly, it makes no sense for XOOM to refuse to produce the data on the grounds that production will take many months.  At the outset, the Court should not allow XOOM to drag its feet for "several months" to perform an electronic data export of its own data.  Notably, Defendants have not offered any explanation for such a delay.  Moreover, if true, Defendants' claim highlights

the need for XOOM to start working on its production now, because XOOM's refusal to produce the requested data will needlessly delay trial.

Finally, to the extent that XOOM's refusal is based on its doomed Rule 23(f) petition for interlocutory review of Judge Ross's certification order and its subsequent request for a stay, ECF No. 153, that too is inappropriate. XOOM may not unilaterally impose a stay. *See Billups v. West*, No. 95 Civ. 1146 (KMW) (HBP), 1997 WL 100798, at *3 (S.D.N.Y. Mar. 6, 1997) ("Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all."); *Arriaga v. City of New York*, No. 06 Civ. 2362 (PKC) (HBP), 2007 WL 582813, at *1 n.1 (S.D.N.Y. Feb. 23, 2007) ("[I]t is self-evident that a request for relief, without more, cannot operate to grant the relief sought."). In addition, and as Plaintiff's opposition to XOOM's stay application shows, XOOM has failed to establish good cause for Rule 23(f) review, much less for a stay pending its application for such review. ECF No. 155.

In short, XOOM does not have adequate grounds to refuse to produce the full Class charging data. Accordingly, Class Counsel respectfully requests that Your Honor order XOOM to: (1) complete the production Your Honor previously ordered; (2) produce all remaining charging data for the full Class; and (3) do so within 14 days.

Thank you for the Court's attention to this matter.

Respectfully submitted,

/s/ Ethan D. Roman
Ethan D. Roman

cc:     All counsel of record (via ECF)