

Michael D. "Matt" Matthews, Jr., Partner
1001 Fannin Street, Suite 2400
Houston, TX 77002
Ph: 713.337.8879 // F: 713.333.8859
matt.matthews@mhllp.com

October 3, 2023

**Via CM/ECF**
The Honorable United States Magistrate Judge Ramon E. Reyes, Jr.
United States District Court, EDNY
225 Cadman Plaza East, Rm. 1217S
Brooklyn, NY 11201

    Re:    *Mirkin, et al. v. XOOM Energy, LLC, et al.*; No. 1:18-cv-2949 (ARR) (RER)

Dear Judge Reyes:

XOOM opposes Plaintiff's request that the Court compel it to serially gather and produce updated class charge data. The data is certainly relevant (as the class is currently defined), which is why XOOM never refused to update it. Rather, XOOM said: Let's supplement efficiently—one time and closer to trial. Without responding, Plaintiff filed this motion. Plaintiff did so without basing its requested relief on a discovery request or court order. That's because XOOM complied with the only order Plaintiff cites by making a timely production in April 2022—not December 2022 as Plaintiff says. Plaintiff is also wrong to say the January 1, 2020 cutoff is arbitrary; the parties *agreed* to it. Plaintiff's decision to misrepresent that procedural history and file this motion while the parties were still conferring underscores that her motion is unjustified and should be denied.

XOOM therefore requests that it be protected from further demands for serial productions and proposes that, absent a stay or decertification, it will make a new production as of January 1, 2024 by no later than March 1, 2024. This will give Plaintiff three additional years of data. And because trial cannot proceed at least until the months-long class notice plan Plaintiff proposed is completed, XOOM's proposal balances trial preparation needs with the burdens of serial productions.

**I.    Background: XOOM fully complied with its discovery obligations.**

There is not a nicer way to say it: Plaintiff's letter contains several false statements about the history of this dispute. This issue does relate to Your Honor's February 2022 order compelling production of charge data for customers who originally enrolled on fixed-rate plans. But Plaintiff's representations that XOOM (i) did not start complying until December 2022, (ii) imposed an "arbitrary and improper cutoff date of January 1, 2020" on its production, (iii) refused to supplement in December 2022 only because "the complete data was not necessary for class certification;" and (iv) now "refuses to supplement," are all fiction. *See* ECF No. 157.

First, XOOM produced the compelled charge data ***eight months earlier*** than Plaintiff says. *See* Ex. A, April 2022 Email. It did so in April 2022 consistent with the parties' agreed two-month extension given "the amount of time it [would] take [XOOM] to gather, review, and produce the documents and data the Court ordered be produced," ECF No. 106. It took XOOM two months because the class is complex: it includes customers who purchased six different electricity or natural gas products in fifteen utility zones throughout New York for the last 10+ years. At the



time, XOOM produced "*all* customer charge information . . . that Judge Reyes ruled [Plaintiff was] entitled to discovery on" including any customer charged a variable rate, and "not just a supplement of the additional [fixed-to-variable customers'] data sought in [Plaintiff's] motion." Ex. A (emphasis added). On November 1, 2022, Plaintiff alerted XOOM to a data error whereby customers who rolled from an initial fixed-rate plan to a variable-rate plan after February 2016 were excluded; in response, XOOM immediately reported that the error was inadvertent and it had intended to produce data for "all New York customers who originally enrolled on a XOOM fixed rate contract and then automatically renewed to a variable rate on or before January 1, 2020," *see* Ex. B, Nov. 2022 Email. XOOM then promptly collected and produced the missing charge data on December 6, 2022. *See* Ex. C, Dec. 2022 Email. Plaintiff's statement that XOOM did not "begin complying with Your Honor's order" until then is not true. *See* ECF No. 157.

As to the second and third points, the January 2020 cutoff has been well-known to Plaintiff for years because she agreed to it and because XOOM referenced it on multiple occasions. In fact, *Plaintiff* referenced the cutoff in her January 2022 discovery letter to the Court, noting that the parties "agreed in principal to limit the relevant time periods, for purposes of discovery, to . . . December 1, 2012 *to January 1, 2020*[,]" and that "XOOM . . . indicated that it w[ould] collect and produce documents from December 1, 2012 to *January 1, 2020*." *See* ECF No. 103-2 at 1–2 (emphases added). In response, the Court compelled a supplemental production and (as noted) XOOM made that production in April 2022 with the agreed date cutoff. Yet nearly a year later, in February 2023, Plaintiff demanded a supplemental production to include all charge data through the present within 10 days. *See* Ex. D, Feb. 2023 Email. As XOOM explained at the time, supplementation was not appropriate because the cutoff was agreed-upon—Plaintiff's counsel "agreed [that] class data would be produced up to January 1, 2020" as reflected in discovery responses, the parties' correspondence, and court filings. *See id.* Plaintiff never responded or objected to the existence of the agreed January 2020 cutoff. Nor did Plaintiff ever respond to XOOM's secondary point that the data was not necessary at the time. *See id.*[1]

Fourth, while the parties discussed the issue again after the class-certification order, they did not end at an impasse as Plaintiff says. Rather, on September 26, 2023, XOOM asked Plaintiff to explain: (i) the benefit of receiving updated data *now* when it would have to be updated in the near-future and (ii) why the burden on XOOM is proportionate to that need. *See* Ex. E, Sept. 2023 Email. Rather than respond, Plaintiff filed her letter motion seeking a supplement in just 14 days. But Plaintiff neither points to a discovery request or obligation that would justify compelling the production,[2] nor has she answered the fundamental proportionality questions that XOOM raised.

---

[1] Not only is Plaintiff wrong to accuse XOOM of previously resisting production only because of Plaintiff's then-pending certification motion, but her implication that XOOM might be currently opposing her request because of its now-pending motion to stay and Rule 23(f) petition is disingenuous. Counsel for XOOM explicitly confirmed that (absent a stay) it would not rely on those pending requests to resist discovery during the parties' September 18 meet-and-confer call.

[2] Plaintiff does not point to any relevant discovery request because none exists. All previously served discovery requests, and the Court's February 2022 order compelling production of the fixed-to-variable charge data, are subject to the parties' agreed January 2020 cutoff.



### II. Proportionality: Plaintiff's demand that XOOM continually update class charge data past the agreed cutoff is not proportionate to her vague need to "prepare for trial."

Plaintiff's only justification for this urgent demand is her claim that the data is needed to prepare for trial. But trial has not been set—nor can it be before the class is noticed. That is why, as Plaintiff openly admits, she seeks a supplemental data pull now *and also* "further supplementation," presumably before trial—or whenever else she wants XOOM to engage in further costly updates at her behest. *See* ECF No. 157, Ltr. Mtn. at 2. That request must be denied because Plaintiff fails to address the relevant inquiry under Rule 26: whether the burden of repeatedly pulling and producing class data on XOOM is proportional to her need for the data. As shown below, it is not.

Rule 26 places the burden on Plaintiff to prove the information sought is "proportional to the needs of the case." *Blake Marine Grp. LLC v. Frenkel & Co.*, No. 18CV10759ATKHP, 2019 WL 1723567, at *1 (S.D.N.Y. Apr. 18, 2019). Among other things, proportionality demands consideration of "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "[A] court 'must limit the frequency or extent of discovery otherwise allowed' if 'the discovery sought is unreasonably cumulative or duplicative[.]'" *Lynch v. City of New York*, No. 16-CV-7355 (LAP), 2021 WL 5140728, at *10 (S.D.N.Y. Nov. 4, 2021).

As XOOM has explained, Plaintiff's request for an immediate update of the charge data is unreasonably burdensome and not proportional to her needs—especially now. XOOM would have to pull the entire data set each time she demands a "supplement," not just update it as she summarily claims. And as with the April 2022 production, that undertaking will be a significant multi-month burden on XOOM each time it is requested. For her part, Plaintiff cannot articulate *any* short-term need for the data beyond her vague claim that she needs it to prepare for a trial that has not been set and that will follow (at least) months of class notice. *See Williams v. Fire Sprinkler Assocs. Inc.*, 2017 WL 1155771, at *4 (E.D.N.Y. Mar. 27, 2017) (collecting cases denying motions to compel because "plaintiff's motion papers fail to articulate a specific need for" the discovery).

Nor has Plaintiff tried to limit the burden on XOOM. "It is easy for Plaintiff[] to discount the enormous cost borne by [XOOM] when not having to bear similar financial encumbrances." *Ruggles v. WellPoint, Inc.*, No. 108CV201LEKRFT, 2010 WL 11570681, at *16 (N.D.N.Y. Dec. 28, 2010). Here, "Plaintiff[] h[as] blithely ignored that all of the federal rules 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* This is evident in Plaintiff's demand that XOOM produce the data in a mere 14 days, and then reproduce it whenever she so desires.

XOOM's alternative proposal for an early 2024 production strikes the appropriate balance between these unilateral discovery burdens and the parties' mutual trial preparation needs. Plaintiff's request for immediate and repeated productions must be denied. And because Plaintiff's motion lacks a good faith factual and legal basis, she failed to properly confer, and XOOM fully complied with its discovery obligations, the motion was not substantially justified and XOOM should be awarded its costs in opposing her letter motion. *See* Fed. R. Civ. P. 37(a)(5)(B); *Andres v. Town of Wheatfield*, 2023 WL 4634836, at *3 (W.D.N.Y. July 20, 2023).

October 3, 2023
Page 4



        Respectfully submitted,

        MCDOWELL HETHERINGTON LLP

        Michael D. "Matt" Matthews, Jr.