UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANNA MIRKIN,<br>Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>XOOM ENERGY, LLC and XOOM ENERGY NEW YORK, LLC,<br><br>      Defendants. | No. 18 Civ. 2949 (ARR) (JAM) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO STAY PROCEEDINGS PENDING RULE 23(f) PETITION AND APPEAL**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................... 1

II. ARGUMENT: A STAY PENDING APPEAL IS WARRANTED AND APPROPRIATE .... 1

    A. XOOM's Likelihood of Success Weighs Heavily in Favor of a Stay. ............................... 1

        1. The Class Order Improperly Erred in Favor of Class Certification. ............................ 1

        2. The Absence of Evidence of an Overcharge Should Have Precluded Certification..... 2

            a. Plaintiff Lacks Proof of Actual Costs, Including Prior Period Adjustments............ 2

            b. Plaintiff Has No Evidence of a Reasonable or Proportionate Variable-Rate Margin. ...................................................................................................................... 3

    B. The Balance of Hardships Warrants a Stay. ...................................................................... 5

III. CONCLUSION ...................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**                                                                                                             **Page(s)**

*In re Constar Int'l Inc. Sec. Litig.*,
   585 F.3d 774 (3d Cir. 2009)..................................................................................1, 2

*In re Petrobras Sec.*,
   862 F.3d 250 (2d Cir. 2017)........................................................................................5

*Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*,
   262 F.3d 134 (2d Cir. 2001)........................................................................................5

**Other Authorities**

Fed. R. Civ. P Rule 23 ...............................................................................1, 2, 3, 5

# I. INTRODUCTION

Plaintiff's response implicitly concedes that she *lacks the evidence necessary to prove an overcharge*. That is the clearest sign yet that XOOM is likely to succeed on its Petition and on appeal under any standard of review. XOOM's motion highlighted the absence of necessary evidence of three rate components: (1) actual supply costs, including (2) prior period adjustments, and (3) a reasonable and proportionate margin. Plaintiff's opposition does not deny these deficiencies. Instead, it essentially shrugs and then tries to misdirect the Court with irrelevant evidence about fixed rates. Plaintiff's approach will not work here or on appeal—even under abuse-of-discretion review. And XOOM is even more likely to succeed because appellate review will be *de novo*. Rather than the ordinary abuse of discretion argued in most Rule 23(f) petitions, here the Class Order is primarily the result of legal error, implicating a question of fundamental importance subject to *de novo* review: Does a court err when it states *and applies* a preference for certification? That legal question, coupled with Plaintiff's admitted lack of evidence, means XOOM is likely to succeed on appeal and a stay should be entered in the meantime.

## II. ARGUMENT: A STAY PENDING APPEAL IS WARRANTED AND APPROPRIATE

**A.   XOOM's Likelihood of Success Weighs Heavily in Favor of a Stay.**

   **1. The Class Order Improperly Erred in Favor of Class Certification.**

Plaintiff incorrectly claims that the Class Order did not state or apply a preference for certification. That preference was expressly stated twice. And unlike the case on which Plaintiff relies, the Class Order went on to *apply* the preference by engaging in inappropriate "tie breaking" and improperly "err[ed] on plaintiffs' side,'" *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 782 (3d Cir. 2009)—and also flipped the evidentiary burden onto XOOM. Indeed, the Class Order decided commonality and predominance in Plaintiff's favor explicitly because *XOOM* failed to meet its *summary judgment* burden, concluding Plaintiff could prove how prior period adjustments

1

were incorporated into rates on a class basis because XOOM did not present "evidence reflecting the incorporation of prior period adjustments in its margins" on summary judgment (though that motion had a different focus). Class Order at 13 n.6. XOOM had no such burden under Rule 23, but even if it did, the record contained "ample" evidence showing that XOOM made prior period adjustments on a rate-by-rate basis. Plaintiff's opposition confirms she still has no common proof to the contrary. The Class Order thus "err[ed] on the side of" certification, applying its "general preference . . . for granting rather than denying class certification." *Id.* at 7; *cf. Constar*, 585 F.3d at 782 ("Nowhere in the analysis does . . . the District Court identify a presumption in favor of class certification or suggest that class certification is appropriate in close cases.").

2. **The Absence of Evidence of an Overcharge Should Have Precluded Certification.**

Although the parties agree the Court's contract construction requires XOOM's variable rates to be determined on a "cost-plus" basis, Plaintiff has no evidence of three of four permitted rate-setting factors that would allow a jury to fully account for either the "cost" or the "plus":

| | COSTS | | | | + | MARGIN |
|---|---|---|---|---|---|---|
| | 1 | | 2 | 3 | | 4 |
| Determined by | Actual supply costs | and | Estimated supply costs | *which may include* Prior period adjustments | Plus | "Reasonable," "proportionate" margin |

Without this evidence, Plaintiff has no individual or common proof from which the jury can determine whether a rate included an overcharge or its amount (*i.e.*, liability and damages).

    a.  <u>Plaintiff Lacks Proof of Actual Costs, Including Prior Period Adjustments.</u>

Plaintiff makes the incredible suggestion that prior period adjustments are a "*post-hoc*" fiction and were not actually incorporated in XOOM's variable rates. That is false. Those adjustments were *expressly listed* in Plaintiff's contract and reflected in documentary evidence on which Plaintiff relied, *see* Doc. 152 at 13 n.6. Moreover, the jury need not just believe XOOM's testimony and records showing prior period adjustments were considered. XOOM's expert will

2

testify that setting variable rates based on both estimated supply costs for the upcoming month and differences between the prior months' estimated and actual costs (*i.e.*, prior period adjustments) is industry practice—it is how rate-setting works. Ex. F (XOOM Expert Rebuttal Report) at 8. Plaintiff has not denied that. Yet Plaintiff has never submitted evidence from which the jury could measure XOOM's actual supply costs, including prior period adjustments. That is because Plaintiff cannot recognize the existence of actual supply costs without also conceding that they preclude classwide proof of an overcharge (which, again, is needed for both liability and damages). Plaintiff may wish to pretend actual costs did not exist, but, respectfully, the Court cannot overlook them.

As an alternative, Plaintiff wrongly suggests the jury can decide "in one stroke" whether, and to what extent, XOOM incorporated its actual supply costs—ignoring that rates were set not in a formulaic fashion, but through 5,800+ different decisions and based on varying considerations. And contrary to Plaintiff's assertion that the Class Order rejected this argument, the Class Order does not grapple with how the Court's summary judgment conclusions impact the Rule 23 analysis. Any possibility that the overcharge claims for the class could be decided "in one stroke" was foreclosed by the Court's summary judgment conclusions that XOOM *could* make prior period adjustments and that there is varying testimonial and documentary evidence that XOOM *did* consider its actual supply costs by making those adjustments.

What's more, Plaintiff's purported testimonial evidence that XOOM occasionally may have considered more than just supply costs and margin is not proof that every one of the 5,800+ rates, set in 130+ rate-setting meetings, included an overcharge (much less proof of the overcharge amounts). It is not, in other words, the *classwide* proof that the class-certification inquiry demands.

   b. <u>Plaintiff Has No Evidence of a Reasonable or Proportionate Variable-Rate Margin.</u>

Plaintiff acknowledges that she has no witness—expert or otherwise—who can testify to what a reasonable or proportionate margin on XOOM's variable rates would be. She tries to gloss

3

over that evidentiary failure with three points, none of which is relevant or a substitute for proof.

First, Plaintiff theorizes her expert *might* have been able to opine about a reasonable and proportionate margin if he had asked for and received "additional information." Plaintiff's expert did not say so. And regardless, the time for new expert opinions closed long ago. *See* Doc. 109-1 (expert disclosure deadline of September 16, 2022). Plaintiff had the opportunity to seek an expert opinion that would fill her evidentiary gap, or the underlying evidence she now claims *might* have allowed him to give the opinion she needs, but she did not. Now, whether Plaintiff might have been able to secure evidence to satisfy her burden is irrelevant; what matters is that she did not.

Second, in lieu of evidence of what a reasonable and proportionate margin is, Plaintiff points to her expert's calculation of an *average* of several XOOM *fluctuating, fixed-rate* margins. But Plaintiff has no evidence to suggest that an average fixed-rate margin is akin to variable-rate margins in the industry generally or for XOOM particularly. Indeed, fixed rates are subject to different pricing and market considerations. *See* Ex. J (Plaintiff's expert opining, "Fixed rate pricing, I think we can all agree, the actual outturn margins could be quite different."). Nor is there any evidence that a snapshot average of several shifting fixed-rate margins is relevant to XOOM's variable-rate margins for six different products (commercial or residential electricity or gas, with clean options for electricity) in seven or more zones across the state over nearly eleven years.

Finally, Plaintiff's main approach—suggesting that the jury can simply make up a margin it deems appropriate—ignores the reality that Plaintiff cannot sustain her burden on an overcharge claim without *proving* the existence and amount of overcharges. The jury must be presented with an evidentiary case; it cannot make up figures out of whole cloth or based on irrelevant information about the average of multiple fixed rates. Plaintiff's admission that there is insufficient evidence for her expert to determine a reasonable margin means there is insufficient evidence for anyone to

make that determination—including a jury. Because Plaintiff has not shown how she can prove her own claims, much less those of the class, certification should have been denied.

**B.      The Balance of Hardships Warrants a Stay.**

Plaintiff's inability to cite any case where a stay motion was denied under analogous circumstances shows that XOOM's Petition and request for a stay are extraordinary. There is no case in this Circuit where a stay was denied in the face of a Rule 23(f) petition that argued certification was based on the wrong legal standard or otherwise raised an issue of fundamental importance to class action litigation that frequently evades review; challenged a class definition that would necessitate thousands of mini-trials; or sought *de novo* rather than just abuse-of-discretion review. In fact, XOOM's chance of success is sufficiently high to warrant granting a stay on that basis alone. *See Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2d Cir. 2001) (a stay may issue if "likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay"). But the fact that XOOM (and indeed the Court, the class, and Plaintiff herself) would be harmed by proceeding with the notice process and toward trial on 5,800+ rate-setting decisions, while neither Plaintiff nor the class would be harmed by a stay, cements the need for a stay. *See* Opp. at 3 (likelihood of success and harm to the applicant are the two most "critical" factors); *In re Petrobras Sec.*, 862 F.3d 250 (2d Cir. 2017).

### III.    CONCLUSION

Taken to its logical conclusion, the Class Order presumes that the rates Plaintiff paid for standard residential electricity for six months in Brooklyn in 2013 had the same actual costs and must be subject to the same margin limitation as the rates a commercial gas customer in the Adirondacks paid in 2020. That is plainly incorrect and, if the Class Order had employed the correct Rule 23 standard with the requisite rigorous analysis, a class would not have been certified. Because XOOM is likely to succeed and the hardships weigh in its favor, a stay is warranted.

|  |  |
|---|---|
| Dated: December 4, 2023 | MCDOWELL HETHERINGTON LLP |

Dated: December 4, 2023

MCDOWELL HETHERINGTON LLP

*/s/ Michael D. Matthews, Jr*
Michael D. Matthews, Jr.
Diane S. Wizig (admitted *pro hac vice*)
James M. Chambers (admitted *pro hac vice*)
David L. Villarreal (admitted *pro hac vice*)
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
matt.matthews@mhllp.com
diane.wizig@mhllp.com
james.chambers@mhllp.com
david.villarreal@mhllp.com

*Attorneys for Defendants XOOM Energy, LLC and XOOM Energy New York, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 4, 2023, I caused a true and accurate copy of XOOM's motion for a stay and supporting papers, Plaintiff's papers in opposition to the motion for a stay, and XOOM's reply papers in further support of the motion for a stay to be served upon all counsel of record through the Court's electronic case filing system (ECF).

/s/*Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.