

Michael D. "Matt" Matthews, Jr., Partner
1001 Fannin Street, Suite 2400
Houston, TX 77002
Ph: 713.337.8879
matt.matthews@mhllp.com

April 18, 2024

*Via CM/ECF*

The Honorable Allyne R. Ross
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Mirkin, et al. v. XOOM Energy, LLC, et al.*; No. 1:18-cv-02949-ARR-JAM

Dear Judge Ross:

I write on XOOM's behalf to request that the April 26 deadline for its decertification reply be adjourned until after Plaintiff serves her amended expert report. The prejudice to XOOM and burden on the Court caused by Plaintiff's untimely amendment will only increase if XOOM has to move *and* reply without the benefit of reviewing that new report—because XOOM's decertification arguments are intertwined with its motion to exclude Plaintiff's expert. Indeed, XOOM's decertification motion is what prompted Plaintiff to raise expert amendment for the first time just three weeks ago: She admittedly seeks to cure defects that XOOM's decertification motion identified. *See* Docs. 187, 200.

XOOM tried to avoid this request altogether by asking Plaintiff to honor her commitment to serve her amended report by April 19 (before XOOM's current reply deadline). She declined. So now, the only way to contain the prejudice to XOOM and reduce the Court's burden is to move the reply deadline to allow time to review Plaintiff's May 10 report. XOOM respectfully requests May 28.

XOOM first tried to prevent these timing issues back in January (before any deadlines were set) by asking that its decertification and *Daubert* motions be briefed together before pretrial exchanges. Plaintiff opposed that request and Judge Marutollo agreed with Plaintiff—setting an April deadline for the Joint Pretrial Order, directing XOOM to file its *Daubert* as an *in limine* motion, and ordering the parties to submit a letter to Your Honor about XOOM's motion to decertify. *See* Jan 19 Order; *see also* Doc. 180. Your Honor then set a March 1 deadline for the decertification motion.

XOOM served its motion on that deadline. At the time, the parties had an agreement to serve their motions *in limine*, including *Daubert* motions on March 29, weeks before the then-April 19 deadline for XOOM's decertification reply. XOOM had no inkling then that Plaintiff intended to amend her expert report. Plaintiff never mentioned supplementing or amending the report until March 26, just three days before the agreed deadline for motions *in limine*. XOOM did not agree to that untimely expert amendment because of the prejudice it will caus. But, as a courtesy, it did agree to Plaintiff's request for a "revised schedule for the parties to complete the various pretrial tasks." XOOM also agreed to Plaintiff's request for more time to respond to the decertification motion so long as XOOM got a corresponding extension of its reply deadline. XOOM did so fully expecting to have a chance to review and analyze any amended expert report before replying. That is because Plaintiff had committed to producing her new report by April 19. *See* Doc. 187. ("*Plaintiff and the Class's Position*: By April 19, 2024, Plaintiff's expert will amend and supplement his October 2022 report . . . ."). The Court granted Plaintiff's response extension and gave XOOM until April 26 to file its reply. That deadline would have permitted XOOM one week to address any amended expert report Plaintiff produced.

April 18, 2024
Page 2



That timing changed again this week when the Court entered an order giving Plaintiff until May 10 to serve a supplemental or amended expert report pursuant to Rule 26(e)(2). Now, XOOM will have to file its decertification reply before the new version of Plaintiff's expert report is produced. At the same time, Plaintiff's experts will get to preview XOOM's reply and tailor their new opinions accordingly. All of this will prejudice XOOM. Many of XOOM's decertification arguments are based on the failings in Plaintiff's one remaining damage model and her failure to adduce evidence of what a reasonable margin is (with expert testimony or otherwise). Plaintiff has not said how she intends to alter that model or the remainder of her experts' report, but insofar as her forthcoming changes affect those issues, XOOM should be allowed to analyze and address them in its reply on decertification. Accordingly, XOOM respectfully requests that its reply deadline be extended to May 28.

Plaintiff opposes XOOM's request. Her stated reasons for refusing to consent are that "Plaintiff's amended expert report and XOOM's reply are not tied together in the schedule now, nor were they tied together before," and "the Court previously denied a request to extend XOOM's reply deadline to May 3." But Plaintiff's own briefing undermines her suggestion that XOOM's decertification motion is not tied to its expert motion. *See* Doc. 200 at 16 ("XOOM claims that a forthcoming *Daubert* motion—yet to be filed or shared with Plaintiff—'form[s] the foundation of the decertification motion . . . . Defs.' Br. at 9.'"). Moreover, as discussed, things have changed since the Court granted a limited extension of XOOM's reply deadline because Plaintiff now has three additional weeks to serve her new expert report. XOOM is only seeking the chance to present its decertification reply after the expert report that is the subject of its decertification arguments is belatedly amended.

We regret having to involve the Court in another scheduling issue. But we believe this is a critical matter and are grateful for the Court's time and attention to it.

Respectfully Submitted,

*/s/ Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.
**MCDOWELL HETHERINGTON LLP**
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Tel: (713) 337-5580
matt.matthews@mhllp.com

*Counsel for XOOM*
