

Michael D. "Matt" Matthews, Jr., Partner
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Ph: 713.337.8879 // F: 713.333.8859

May 2, 2024                                          *Via CM/ECF*

The Honorable Allyne R. Ross
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *Mirkin, et al. v. XOOM Energy, LLC, et al.*; No. 1:18-cv-02949-ARR-JAM

Dear Judge Ross:

The parties write jointly to request that the Court permit them to submit the courtesy copies of their pre-marked exhibits accompanying the parties' Pretrial Order, required under Section IV.A.12 of Your Honor's Individual Practices and Rules, in electronic format rather than in duplicate hard copy.

The reason for the parties' request is that their exhibit lists are lengthy, with approximately 4,000 exhibits on the parties' combined current lists.[1] Many of the exhibits will also be subject to forthcoming motions *in limine* to exclude them from evidence and XOOM intends to seek permission to redact certain information. These issues will be fleshed out in the parties' submissions on the motions *in limine* and the exhibits are likely to undergo significant changes, potentially to include redactions and full exclusion, based on the Court's rulings on those motions. Thus, submitting duplicates of thousands of exhibits totaling ***millions of pages*** in paper format now when they will significantly change in number and form would be both unhelpful to the Court and wasteful.

Further, many of these documents are voluminous spreadsheets, including XOOM's rate-setting workbooks. When printed these spreadsheets can run hundreds of pages each and printing them in hard copy in full likely renders them of no practical use to a lay jury. The parties are therefore currently working to reach a compromise that would allow the spreadsheets to be presented to the jury in a practically useful manner.

Accordingly, the parties request that the Court permit them to submit copies of their pre-marked proposed trial exhibits electronically, either on CD/DVD, flash drive, external hard drive, or by other electronic means as preferred by the Court. The parties propose to submit hard copies of their trial exhibits after the Court has resolved their motions *in limine*.

We are grateful for the Court's time and attention to this matter.

                                       Respectfully Submitted,

                                       */s/ Michael D. Matthews, Jr*
                                       Michael D. Matthews, Jr.

---

[1] Plaintiff's position is that the overwhelming majority of her exhibits—approximately 1,000 rate-setting workbooks—are being submitted so that a full factual record of XOOM's supply costs and rates to be addressed in expert testimony is available. The remaining and much smaller subset are documents Plaintiff intends to use to question witnesses, as well as rebuttal and impeachment exhibits (which may be unneeded if a forthcoming motion *in limine* is granted).

May 2, 2024
Page 2



**MᴄDᴏᴡᴇʟʟ Hᴇᴛʜᴇʀɪɴɢᴛᴏɴ LLP**
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Tel: (713) 337-5580
matt.matthews@mhllp.com

*Counsel for Defendants*