**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SUSANNA MIRKIN,
Individually and on Behalf of All Others
Similarly Situated,

Plaintiffs,

v.

XOOM ENERGY, LLC and XOOM
ENERGY NEW YORK, LLC,

Defendants.

No. 18 Civ. 2949 (ARR) (RER)

**Jury Trial Demanded**

## JOINT PRETRIAL ORDER

The parties in the above-captioned action submit the following proposed Joint Pretrial

Order, pursuant to Individual Rule IV.A of the Honorable Allyne R. Ross.

**1.    CAPTION**

Susanna Mirkin, Individually and on Behalf of All Others Similarly Situated, v. XOOM

Energy, LLC and XOOM Energy New York, LLC, Case No. 1:18-cv-02949-ARR-JAM.

**2.    PARTIES AND COUNSEL**

**A.    Counsel for Plaintiff Susanna Mirkin and the Class**

Steven L. Wittels
Wittels McInturff Palikovic
305 Broadway, 7th Floor
New York, NY 10007
Tel: 914-775-8862
Fax: 914-775-8862
Email: slw@wittelslaw.com

J. Burkett McInturff
Wittels McInturff Palikovic
305 Broadway, 7th Floor
Ste Floor 7
New York, NY 10007

Tel: 914-775-8862
Fax: 914-775-8862
Email: jbm@wittelslaw.com

Tiasha Palikovic
Wittels McInturff Palikovic
305 Broadway, 7th Floor
Ste Floor 7
New York, NY 10007
Tel: 914-775-8862
Fax: 914-775-8862
Email: tpalikovic@wittelslaw.com

Ethan Daniel Roman
Wittels McInturff Palikovic
305 Broadway, 7th Floor
Ste Floor 7
New York, NY 10007
Tel: 914-775-8862
Fax: 914-775-8862
Email: edr@wittelslaw.com

Jessica Hunter
Wittels McInturff Palikovic
305 Broadway, 7th Floor
Ste Floor 7
New York, NY 10007
Tel: 914-775-8862
Fax: 914-775-8862
Email: jlh@wittelslaw.com

Richard Henry Dolan
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel: (212) 344-5400
Fax: (212) 344-7677
Email: rdolan@schlamstone.com

Bradley D. Simon
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel: (212) 344-5400
Fax: (212) 344-7677
Email: bsimon@schlamstone.com

Andrey Belenky
Kheyfits Belenky LLP
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-203-5399
Fax: 737-228-1843
Email: abelenky@kblit.com

**B.**     **Counsel for Defendants XOOM Energy, LLC and XOOM Energy New York, LLC**

Michael D. Matthews, Jr
McDowell Hetherington LLP
1001 Fannin Street, Suite 2400
Houston, TX 77002
Tel: 713-337-5580
Fax: 713-337-8850
Email: matt.matthews@mhllp.com

Diane S. Wizig
McDowell Hetherington LLP
1001 Fannin Street, Suite 2400
Houston, TX 77002
Tel: 713-337-5580
Fax: 713-337-8850
Email: diane.wizig@mhllp.com

David Lee Villarreal
McDowell Hetherington LLP
1001 Fannin Street, Suite 2400
Houston, TX 77002
Tel: 713-337-5580
Fax: 713-337-8850
Email: david.villarreal@mhllp.com

Netra Sreeprakash
McDowell Hetherington LLP
1001 Fannin Street, Suite 2400
Houston, TX 77002
Tel: 713-337-5580
Fax: 713-337-8850
Email: Netra.sreeprakash@mhllp.com

Justin R. Chapa
McDowell Hetherington LLP
1000 Ballpark Way, Suite 209
Arlington, TX 76011

Tel: 817-659-2620
Fax: 817-635-7308
Email: justin.chapa@mhllp.com

James Monroe Chambers
McDowell Hetherington LLP
1000 Ballpark Way, Suite 209
Arlington, TX 76011
Tel: 713-337-5580
Fax: 713-337-8850
Email: james.chambers@mhllp.com

## 3.    JURISDICTION

The parties agree that this Court has subject matter jurisdiction of the claims asserted herein

pursuant to 28 U.S.C. § 1332(d)(2)(A) in that the amount in controversy exceeds the sum or value

of $5,000,000, exclusive of interest and costs, the Class has more than 100 members, and diversity

of citizenship exists between at least one member of the Class and Defendants.

The vast majority of Class Members are currently New York residents or were New York

residents at the time they purchased energy from XOOM, as the Class is comprised of XOOM's

customers receiving energy supply to an address in New York.  Class Certification Order at 18–

19, Dkt. No. 152.[1]  Defendant XOOM Energy LLC is a limited liability company with XOOM

Energy Global Holdings, LLC as its single member.  That entity's single member is NRG Retail

LLC, which in turn has NRG Energy, Inc. as its single member. NRG Energy, Inc. is incorporated

in Delaware and its principal place of business is in Houston, Texas.  Defendant XOOM Energy

LLC is thus a citizen of Delaware and Texas. Defendant XOOM Energy New York LLC is a

limited liability company with Defendant XOOM Energy, LLC as its single member.  Defendant

---

[1] Defendants' position is that Class Members purchased energy from only XOOM New York, LLC and that XOOM Energy, LLC was not a party to any contract with any Class Member.  Plaintiff's position is that this argument was waived and that XOOM Energy New York, LLC is a shell company that was entirely dominated and controlled by XOOM Energy, LLC and acted as XOOM Energy, LLC's alter ego.  *See* First Am. Compl. ¶¶ 9–13.

XOOM Energy New York LLC is therefore a citizen of Delaware and Texas.  The parties agree the amount in controversy exceeds $5 million.

**4.      JURY OR BENCH TRIAL**

This case is to be tried by a jury.

Plaintiff estimates her case-in-chief will last approximately 5 Court days.

Defendants estimate their case-in-chief will last approximately 35 Court days.

**5.      CONSENT TO TRIAL BY A MAGISTRATE JUDGE**

Not all parties consent to trial by a magistrate judge.

**6.      TRIAL MEMORANDA**

**A.      <u>Plaintiff's Memorandum</u>**

Plaintiff and the Class will prove at trial that Defendants breached their contracts, and in particular, the terms governing the rates that Defendants were permitted to charge Plaintiff and the Class for electric or natural gas services.  This memorandum outlines the law governing the key issues for trial.  Plaintiff does not burden the Court with a repetition of issues or legal arguments that the Court already decided in its prior decisions or that will be briefed for the Court in the many *in limine* motions anticipated by the parties.  Plaintiff anticipates that the Court's rulings on those *in limine* motions will substantially resolve the disagreements between the parties impacting the conduct of the trial.[2]

**1.      Law Governing General Contract Issues**

It is undisputed that North Carolina law governs XOOM's contract.   While the contractually chosen law governs substantive issues, however, procedural issues are determined

---

[2] Aside from those relating to evidentiary disputes, Plaintiff anticipates *in limine* motions regarding XOOM Energy, LLC's liability, the burden of proof, and punitive damages.

under forum law, in this case New York law.  "[W]hen parties include a choice-of-law provision in a contract, they intend application of only that state's substantive law." *Ministers & Missionaries Benefit Bd. v. Snow*, 26 N.Y.3d 466, 474 (2015).  "Choice of law provisions typically apply to only substantive issues" unless the text of the parties' agreement clearly shows a different intention.  *Portfolio Recovery Assoc., LLC v. King*, 14 N.Y.3d 410, 416 (2010).

Plaintiff's lone cause of action at trial is for breach of contract.  The Court has already established the requisite elements Plaintiff and the Class must prove to prevail on their claim: "Under North Carolina law, which the parties agree applies in this case, a plaintiff can state a claim for breach of contract if she establishes that (1) a valid contract exists, and (2) the defendant breached the terms of that contract. *See Crosby v. City of Gastonia*, 635 F.3d 634, 645 (4th Cir. 2011)."  ECF No. 151 at 8 ("MSJ Order").

Further, under North Carolina law, every contract contains an implied covenant of good faith and fair dealing.  *Weyerhaeuser Co. v. Godwin Bldg. Supply Co., Inc.*, 253 S.E.3d 625, 627–28 (N.C. App. 1979).  "[M]ore specifically, under such rule, the law will imply an agreement that neither party will do anything which will destroy or injure the right of the other to receive the benefits of the agreement."  *Maglione v. Aegis Fam. Health Ctrs.*, 607 S.E.2d 286, 291–92 (N.C. App. 2005) (granting new trial where breach of contract action did not include a jury instruction on breach of the duty of good faith and fair dealing).[3]

---

[3] XOOM does not deny that every contract contains an implied covenant of good faith and fair dealing but contends that Plaintiff "cannot advance a theory of breach at trial based on" the implied covenant because that claim was previously dismissed.  *Infra* at 12–13.  But neither case XOOM cites addresses the theories that a plaintiff can advance at trial.  *Day v. Moscow*, 955 F.2d 807, 812 (2d Cir. 1992) held only that the Second Circuit's prior ruling on his amended complaint meant he could not add additional claims under the law of the case.  *Premier Med. Sys., LLC v. NeuroLogica Corp.*, No. 21 Civ. 1337 (GHW), 2022 WL 603999, at *7 (S.D.N.Y. Feb. 28, 2022) declined to allow a covenant claim that was not pled in the complaint at the motion to dismiss stage.

Plaintiff and the Class bear the burden of proving the elements of their breach of contract claim; Defendants bear the burden of proving their defenses, if any. *See Woodling v. Garrett Corp.*, 813 F.2d 543, 552 (2d Cir. 1987) ("The question of burden of proof . . . is regarded by New York law as a question of procedure to which the law of the forum applies."); *see also Cronin v. Family Educ. Co.*, 105 F. Supp. 2d 136, 139 (E.D.N.Y. 2000) ("[C]hoice of law provisions [] choose only substantive law, not procedural law concerning matters such as burdens of proof."). Issues regarding the burden of proof will be addressed extensively in the *in limine* motions, and the Court's ruling on those motions is expected to resolve any issue at trial with regard to burden of proof.

Because the substantive issues have already been resolved, the Court is not required to consider any issue about choice of law with respect to them.

## 2.  Breach Of Contract

The Court held in its summary judgment ruling that "[t]here is no dispute that a valid contract exists between XOOM and Susanna Mirkin, so for now the only issue is whether XOOM breached that contract."  MSJ Order at 8.  Further, in the Court's August 31, 2023 Order certifying the Class, the Court noted that "[t]he proposed class encompasses only individuals who entered a form contract containing identical pricing language."  ECF No. 152 at 10 ("Class Order").  Thus, there is no need for proof at trial on the first element of Plaintiff and the Class's breach of contract claim, and no issue regarding the separate versions of XOOM's form contract that governed subgroups of the Class (*i.e.*, electricity, natural gas, or so-called "green" energy customers, whether residential or commercial).

The summary judgment ruling further established that XOOM's form contract "requires the monthly variable rates to be determined by XOOM's actual and estimated supply costs—and only those costs."  MSJ Order at 12.  While the Court found that XOOM could add a margin to its

monthly COGS—its metric for supply costs—the Court held that any margin must be fixed and "remain proportionate." *Id.* at 13. Under the Court's "proportionate-margin construction," the margin must also be "reasonable." *Id.* at 12–13; Class Order at 3, 14. Further, the Court held "that the contract required the variation in the variable rates to be determined solely by XOOM's actual and estimated supply costs." MSJ Order at 14. Critically, "under the controlling reading of the agreement," XOOM must "adequately explain why the fluctuations in plaintiffs' variable rate did not directly correspond to XOOM's internal COGS metric." *Id.* at 15. Finally, the contract does not allow XOOM any price-setting discretion. *Id.* at 14 ("I find that the contract required the variation in the variable rates to be determined solely by XOOM's actual and estimated supply costs."); *Martinez v. Agway Energy Servs., LLC*, 88 F.4th 401, 411 (2d Cir. 2023) (noting that whether an ESCO's contract specifically allows for rate-setting discretion is a "dispositive question" and that XOOM's contract here does not provide for any discretion). Those rulings are the law of the case and will govern at trial. Because the substantive issues have already been resolved, the Court is not required to consider any issue about choice of law with respect to them.

At trial, Plaintiff and the Class will adduce evidence, some of which is described in the MSJ Order, to show that XOOM breached the contract by charging rates that were not "determined by XOOM's actual and estimated supply costs—and only those costs." MSJ Order at 12. There are several disputes between the parties about the permissible evidence at trial and the scope of XOOM's defense. As noted in the MSJ Order, XOOM claims that its variable rates incorporated certain costs that did not appear in its rate-setting workbooks, the documents XOOM used to set rates. Because the Court has already definitively construed the contractual requirements governing the permissible rates and margins XOOM was entitled to charge, the dispute between the parties will be whether XOOM's claims about its margins conform to the contractual requirements

determined by the Court in the MSJ Order.  The overriding issue is whether XOOM's proposed defenses can be maintained in light of the Court's construction of the contract, which will be addressed through *in limine* motions.

There are also other potential factual and evidentiary disputes that will be addressed through *in limine* motions.  The Court's resolution of the *in limine* motions will substantially resolve those disputes.

Plaintiff has no other causes of action in the operative complaint to be asserted at trial.

### 3.    Damages

Plaintiff and the Class will prove that the rates charged by XOOM did not comply with the contract.  Damages will be measured by the amount charged to Plaintiff and the Class that exceeded the amount XOOM was entitled to charge under the contract.  Any specific legal issues with respect to Plaintiff's calculation of damages will be presented to the Court in the *in limine* motions, and the Court's resolution of them is expected to resolve any such issues prior to trial.

XOOM contends that Plaintiff must prove that "'the amount charged by [XOOM] was in excess' of the amount she should have been charged," *infra* at 13 (quoting *Blalock Hardware Co. v. Seaboard Air Line Ry. Co.*, 86 S.E. 1025, 1026 (N.C. 1915)), and that class members likewise suffered a concrete injury and damages, *id.* at 13–14.  Plaintiff does not disagree with those basic propositions and will prove both at trial.  But Plaintiff is not required to affirmatively disprove XOOM's anticipated defense that its variable rates incorporated certain costs that did not appear

in its rate-setting workbooks, which will be further addressed through *in limine* motions.[4]  XOOM is incorrect that mini-trials are necessary for each Class Member to establish class-wide damages.[5]

With respect to XOOM's merits arguments, *infra* at 13–15, those do not relate to the law governing trial and Plaintiff will not burden the Court with unnecessary argument.  Plaintiff can and will prove classwide entitlement to substantial damages.  XOOM's claim that nominal damages are unavailable is wrong.  Even if Plaintiff fails to prove actual damages, she can recover nominal damages, which "are always available in breach of contract actions."  *Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, 784 F.3d 78, 87 (2d Cir. 2015) (quoting *Ely–Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993)).  As the Second Circuit has explained, "even if [plaintiff's] allegations of substantial damages were, as Defendants argue, too 'speculative' to support its claims, [plaintiff] would have plausible claims for nominal damages."  *Id.*  This was so even though the *Luitpold* complaint did not seek nominal damages.  *See* Complaint, *Luitpold*, No. 11 Civ. 681 (S.D.N.Y.), ECF 1.[6]

---

[4] XOOM's case citations, *infra* at 13–14, do not require a different conclusion about Plaintiff's burden on this point.  The plaintiff in *Blalock Hardware Co. v. Seaboard Air Line Ry. Co.*, 86 S.E. 1025, 1026 (N.C. 1915) presented "no evidence what[so]ever" about the railroad rate that was the subject of the case.  *Troitino v. Goodman*, 35 S.E.2d 277, 282–83 (N.C. 1945) concerned reasonably foreseeable damages and double recovery.  *Intersal, Inc. v. Hamilton*, 373 N.C. 89, 108–09 (N.C. 2019) reversed dismissal of a contract claim pursuant to res judicata because although breach of that contract was raised in an administrative proceeding that a court eventually reviewed, plaintiff's petition for judicial review "failed to allege an amount of damages" and therefore the contract claim had not been decided on the merits.  *Matthews v. Davis*, 664 S.E.2d 16, 20 (N.C. App. 2008) merely held that the plaintiff bore the burden of proving damages with reasonable certainty, and that reasonable certainty "does not require absolute certainty" but "something more than 'hypothetical or speculative forecasts.'"

[5] *TransUnion v. Ramirez*, 594 U.S. 413, 432 (2021) held only that plaintiffs must have standing in order to recover damages.  *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 458 (2016) concerned issues specific to the FLSA and expressly did *not* adopt any "broad and categorical rules governing the use of representative and statistical evidence in class actions."  *Id.* at 459.

[6] XOOM's case cites do not counsel otherwise.  In *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135 (2d Cir. 1994), the plaintiff sought only declaratory relief and attorney's fees stemming from alleged First Amendment violations.  The District Court ruled (and the Second Circuit affirmed) that because the

## 4.   Interest And Punitive Damages

Plaintiff and the Class are entitled to pre-judgment interest on the damages awarded for breach of contract under North Carolina law, which mandates a non-discretionary 8% annual interest rate.  N.C. Gen. Stat. §§ 24-1, 24-5(a).

In addition, Plaintiff and the Class intend to ask the Court to permit the jury to consider an award of such damages because the alleged contractual waiver of such damages is unenforceable and the circumstances favor such an award.  This issue will be addressed through the parties' *in limine* motions and will be resolved by the Court's rulings before trial.

## 5.   XOOM's Affirmative Defenses

Many of XOOM's remaining affirmative defenses are unavailable based on the evidence adduced in discovery and Plaintiff's requested relief.  These issues will be addressed through the parties' *in limine* motions and will be resolved by the Court's rulings before trial.

## B.   **Defendants' Memorandum**

Plaintiff Susanna Mirkin asserts a single claim for express breach of contract, alleging that the XOOM Defendants breached a contract provision requiring that variable rates for retail energy supply be "based on" XOOM's actual and estimated supply costs. *See* First Am. Compl. ¶¶ 75–81, Doc. 42[7].  XOOM Energy, LLC denies that it contracted with Plaintiff or any other class

---

complaint lacked "any claims for monetary damages" the court "simply cannot read into [a] complaint a claim for damages, nominal or otherwise, where none exists." *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 764 F. Supp. 747, 756 (N.D.N.Y. 1991), *aff'd*, 42 F.3d 135 (2d Cir. 1994).  *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021) held only that nominal damages are sufficient for standing purposes.

[7] Former- plaintiff Boris Mirkin's claims cannot be tried because he is no longer a party following the Court's orders on dismissal and summary judgment. *See* Mandate 3 n.1 (affirming dismissal with prejudice of Boris Mirkins' claims for breach of the implied covenant and unjust enrichment); SJ Order 21 (granting summary judgment on Boris Mirkins' contract claim).

member. Plaintiff will not be able to prove the existence of a contract with XOOM Energy, LLC at trial because the contracting party was XOOM Energy New York, LLC (hereinafter "XOOM").

XOOM denies that it breached Plaintiff's or any class member's contract—and denies that it overcharged anyone—because, among other things, XOOM based its variable rates on its actual and estimated supply costs plus a margin, as the Court has ruled the contract allows. Answer ¶¶ 1–74, 75–81, Doc. 44; *id.* p. 14 (Second Defense). Plaintiff cannot show breach or damages for herself or any class member.

### 1.    Governing Law: This case is governed by North Carolina's substantive law and federal procedural law.

In this diversity case, Plaintiff's breach of contract claim is governed by North Carolina's substantive law and procedural matters are governed by federal law (not New York law, as plaintiff says). *See, e.g.*, *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). "The burden of proof is a substantive aspect of a claim," and thus governed by North Carolina substantive law. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 199 (2014) (cleaned up) (collecting cases); *see also United States v. McCombs*, 30 F.3d 310, 323–24 (2d Cir. 1994) ("Presumptions and other matters related to the burden of proof are considered matters of substantive law, governed by the law of the jurisdiction whose substantive law applies to the merits of the question in issue.").

### 2.    The Claim: There is a single overcharge claim in this case.

Plaintiff's case is limited to an alleged breach of her contract's express rate-setting term that states XOOM's variable rates are "based on" its actual and estimated supply costs.

The implied covenant is no longer at issue and the law-of-the case doctrine bars any attempt to revive it. In 2018, the Court dismissed Plaintiff's then-pleaded implied covenant claim with prejudice, and that dismissal was affirmed in the Second Circuit's 2019 mandate. *See* Mandate 3

n.1, Doc. 41-1 ("The dismissal of the implied covenant and unjust enrichment claims is not challenged on appeal. Accordingly, we affirm the District Court's dismissal of those claims.").

As such, that claim cannot be tried, and Plaintiff cannot advance a theory of breach at trial based on her abandoned and now-unpleaded allegations that XOOM "breached the implied covenant," that XOOM exercised its rate-setting discretion "arbitrarily and unreasonably," that XOOM "acted in bad faith . . . knowing full well that its rates were substantially higher than" rates based on its supply costs, that XOOM committed "price goug[ing]," or that XOOM "frustrate[d] Plaintiffs and other Class members' reasonable expectations." *See* Orig. Compl. ¶¶ 74–79, Docs. 1-2, 1-3; *see also Day v. Moscow*, 955 F.2d 807, 812 (2d Cir. 1992) ("Where issues have been explicitly or implicitly decided on appeal, the law-of-the-case doctrine obliges the district court on remand to follow the decision of the court of appeals." (cleaned up)); *Premier Med. Sys., LLC v. NeuroLogica Corp.*, No. 1:21-CV-1337-GHW, 2022 WL 603999, at *7 (S.D.N.Y. Feb. 28, 2022) (refusing to consider a claim for breach of the implied covenant of good faith and fair dealing that was "entirely unpleaded" and appeared only in a motion). XOOM's motions *in limine* will further explain that evidence or argument about what Plaintiff or class members reasonably expected or whether XOOM's rate-setting discretion was exercised reasonably are irrelevant to her remaining claim for breach of her express contract term.

### 3. Burden of Proof: Plaintiff bears the burden to prove her individual overcharge claim and the class's overcharge claim.

To prevail on her overcharge theory, Plaintiff has the burden of proving, among other things, that "the amount charged by [XOOM] was in excess" of the amount she should have been charged. *Blalock Hardware Co. v. Seaboard Air Line Ry. Co.*, 86 S.E. 1025, 1026 (N.C. 1915); *see also Troitino v. Goodman*, 35 S.E.2d 277, 282 (N.C. 1945) (measuring contract damages as "the pecuniary difference between [an injured party's] position upon breach of the contract and

what it would have been, had the contract been performed"); *Intersal, Inc. v. Hamilton*, 373 N.C. 89, 108–09 (N.C. 2019) (the "amount of damages" suffered by plaintiff is an essential element of a contract claim under North Carolina law). And to be awarded contract damages, North Carolina law squarely places "the burden of proving [her] losses with reasonable certainty" on Plaintiff, as "[t]he party claiming these damages[.]" *Matthews v. Davis*, 664 S.E.2d 16, 20 (N.C. App. 2008).

In the six years since this case was filed, however, Plaintiff has never shown she was overcharged in any amount—and she will not be able to prove it at trial either. The two primary deficiencies in Plaintiff's proof are her lack of evidence of (i) XOOM's actual costs and (ii) of a reasonable and proportionate margin. Without that evidence, Plaintiff cannot establish the rates that XOOM **should have charged** as required by North Carolina law. Thus, her claim will inevitably fail on both breach and damages.

### 4.    Damages: Plaintiff's only pleaded damages are actual damages pursuant to her claim of express breach of contract.

As discussed above, Plaintiff's failures of proof mean she will not be able to establish an overcharge as to any one of the 6,000+ rates at issue.

Nor may Plaintiff or the class recover unpleaded nominal damages at trial in lieu of the contract damages she cannot prove. *See generally* First Am. Compl., Doc. 42 (seeking only "actual damages, "compensatory damages," or contract damages generally). Absent a pleaded right to relief, Plaintiff (and the class) are precluded from recovering nominal damages. *See Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 141 (2d Cir. 1994)) (finding argument that plaintiffs were entitled "to recover nominal damages . . . fails primarily because there is absolutely no specific mention in the Complaint of nominal damages," and "[n]or can a request for such damages be inferred from the language of [the Complaint]," including from "the Complaint's boilerplate prayer for 'such other relief as the Court deems just and proper'"); *see also Uzuegbunam v.*

*Preczewski*, 592 U.S. 279, 141 S. Ct. 792, 801 (2021) ("Nominal damages are not a consolation prize for the plaintiff who pleads, but fails to prove, compensatory damages").

Plaintiff also cannot recover punitive damages. Plaintiff has not pleaded or pursued a theory of recovery based on punitive damages, *see* First Am. Compl. at 26, and Plaintiff acknowledges that XOOM's contracts contain a punitive-damages waiver, *see infra* Part 6.A. And regardless, North Carolina law bars the recovery of punitive damages on breach of contract claims except in cases of a breach of contract to marry or where the plaintiff pleads and proves "the commission of an identifiable tort." *See, e.g.*, *SciGrip v. Osae*, 838 S.E.2d 334, 348–49 (N.C. 2020) (stating also that even an "intentional breach of contract does not constitute a separate tort"). Plaintiff never has pleaded or otherwise alleged that XOOM engaged in tortious conduct, let alone identified a tort that XOOM may have committed in conjunction with an "aggravating element such as malice or recklessness," as required. *See Strum v. Exxon Co., U.S.A., a Div. of Exxon Corp.*, 15 F.3d 327, 331 (4th Cir. 1994). Indeed, courts applying North Carolina law have not allowed plaintiffs to seek punitive damages on breach-of-contract claims even when tort claims were previously part of a case. *See, e.g.*, *Britt-Wagner v. D&B Enterprises of Florence, LLC*, 2022 WL 2651847, at *2 (E.D.N.C. July 8, 2022) (agreeing that, "with only a breach of contract claim remaining, plaintiff's claim for punitive damages fails as a matter of law"); *Booker v. Washington Mut. Bank*, 2007 WL 475330, at *6 (M.D.N.C. Feb. 9, 2007) (holding that plaintiff could not seek punitive damages without "stat[ing] a sufficient claim for an independent tort to accompany her breach of contract allegations"). Here, Plaintiff never had (and still does not have) a pleaded tort claim.

To try to fill that gap, Plaintiff's proposed jury instructions suggest—for the first time— the idea that a breach of contract by XOOM could constitute "deceptive advertising." But beyond

Plaintiff's failure to plead such a claim, North Carolina law does not appear to even recognize it. And to be "identifiable," Plaintiff must rely on a cause of action that "exists under North Carolina law." *See Strum*, 15 F.3d at 331. North Carolina's Unfair and Deceptive Trade Practices Act would not apply here either because North Carolina "does not permit a party to transmute a breach of contract claim into a . . . UDTPA claim . . . because awarding punitive or treble damages would destroy the parties' bargain . . . ." *Popper v. Hartford Fin. Servs.*, 682 F. Supp. 3d 469, 477 (E.D.N.C. 2023) (internal citations omitted), *aff'd*, 2024 WL 773581 (4th Cir. Feb. 26, 2024).

It would be especially inappropriate for Plaintiff to inject an unpleaded deceptive practices claim here. Such claims rely on "alleged misrepresentations and fraudulent statements" and are subject to Rule 9(b). *See Mountaineer Motors of Lenoir, LLC v. Carvana, LLC*, 2023 WL 6931787, at *7 (W.D.N.C. Oct. 19, 2023). But not only has Plaintiff never pleaded, pursued, or event hinted at such a claim—nor allowed XOOM to prepare a defense to such a theory—such claims "are 'not readily susceptible to classwide proof' because of the individual inquiry required." *TJF Servs. v. Transportation Media, Inc.*, 2020 WL 1870768, at *5 (E.D.N.C. Feb. 13, 2020) (collecting cases).

### 5.     The Certified Class: Plaintiff's proof problems are magnified on a class basis.

Pursuant to the Court's class certification order, Plaintiff also pursues an express breach of contract claim on behalf of a class. Class Cert. Order 18–19, Doc. 152. But just as Plaintiff cannot prove she was overcharged or what her rates should have been, she does not have proof that XOOM overcharged any class member either. Class certification is a procedural device that cannot "giv[e] plaintiffs and defendants different rights . . . than they could have asserted in an individual action." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 458 (2016). That means that Plaintiff must prove liability (including damages) with respect to herself and each class member using evidence that

would be admissible in an individual action by her or the class member. *Id.* Likewise, XOOM is entitled to present any defense that would be available to it in an individual action. *Id.*

Further, for any class member to recover damages at trial, Plaintiff must show they suffered a concrete injury and damages. *TransUnion v. Ramirez*, 594 U.S. 413, 432 (2021) ("Every class member must have Article III standing in order to recover individual damages. 'Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not.'" (quoting *Tyson Foods*, 577 U.S. at 466)). Plaintiff must therefore show breach and damages for *every* class member. She cannot seek aggregate damages without a way to apportion them according to the overcharge amount that corresponds to *each* class member's experience (which varied by utility zone, product rate, and month). *See id.*; *Tyson Foods*, 577 U.S. at 458. One of the reasons that showing is required here is that Plaintiff is prohibited from obtaining damages that would put any class member in a better position than they would have occupied if there was no contractual breach, or that would deprive XOOM of its rights under the contract. *Troitino v. Goodman*, 35 S.E.2d 277, 282 (N.C. 1945) (breach-of-contract plaintiffs are "not entitled to be enriched by the breach"). This is so even if Plaintiff is somehow permitted to pursue her abandoned implied covenant claim. *Guerrero v. Bank of Am. N.A.*, 2022 WL 19407279, at *7 (W.D.N.C. July 1, 2022) (the law did not allow a plaintiff to use the implied covenant to "rewrite the terms of [a] contract" that allowed a defendant to charge rates within a certain range by "impos[ing] additional obligations" that would prohibit rates on the higher end of that range). For example, it would be inappropriate to award damages to Plaintiff or any class member without accounting for undercharges they benefitted from. *See id.* XOOM also asserts that Plaintiff's claim and all or some of the class members' claims are barred and/or not amenable to class treatment for the reasons explained in its briefing on class certification, summary judgment, and class

decertification, *see* Docs 134, 145, 149, 194–97, as well as its forthcoming motions *in limine* and motion to exclude Plaintiff's experts' testimony.

### 6.   XOOM's Affirmative Defenses

XOOM asserts that Plaintiff's claim and all or some of the class members' claims are barred by the following affirmative defenses listed in its Answer[8]:

- The claims of Plaintiff and some or all of the class members are barred by their own conduct and the doctrines of waiver, estoppel, laches, mistake, ratification, and/or release, *see* Answer (Third and Fifth Defenses);

- To the extent Plaintiff or any class member suffered damages, they knowingly, intentionally, and voluntarily assumed the risk of the events, actions, conduct, and/or other matters that were the direct and proximate cause of those damages, and/or they failed to mitigate their claimed damages, *see id.* (Fourth and Sixth Defenses);

- The claims of Plaintiff and all or some of the class members are barred by the doctrines of accord and satisfaction, offset, and voluntary payment and, to the extent Plaintiff or any class member suffered damages, XOOM is entitled to an offset or setoff against any such damages, *see id.* (Seventh and Tenth Defenses);

- The claims of Plaintiff the class members are barred by the terms and conditions of their written contracts and by the parol evidence rule because XOOM fully performed all contractual duties, express and implied, owed to Plaintiff and the class members

---

[8] Defendants reserve the right to renew or assert additional defenses, or those it currently does not intend to advance, if Plaintiff attempts to revive any other claims that have been dismissed or abandoned or otherwise attempts to change her theory of liability or requested relief. If a class-wide verdict is entered, Defendants also reserve the right to assert any applicable defenses against individual class members in the process of distributing any award.

and, therefore, did not breach any term of any agreement with Plaintiff or the class members, *see id.* (Eighth and Eleventh Defenses);

- The existence of an adequate remedy at law bars any claim for injunctive and/or equitable relief and, even if they are not barred, Plaintiff and all or some class members' claims for injunctive and/or declaratory relief are barred because they cannot show they have suffered or will suffer any irreparable harm or future harm from XOOM's actions, *see id.* (Thirteenth and Nineteenth Defenses);

- Plaintiff and the class members cannot recover punitive damages and/or a punitive damages award is unconstitutional, *see id.* (Fourteenth Defense);

- Plaintiff and the class members failed to exhaust administrative remedies, *see id.* (Fifteenth Defense);

- The claims of Plaintiff and all or some class members are barred by the doctrine of election of remedies, *see id.* (Sixteenth Defense);

- Plaintiff and all or some class members lack standing, *see id.* (Seventeenth Defense);

- Plaintiff has not, and cannot, satisfy the requirements to maintain class certification under Fed. R. Civ. P. 23, *see id.* (Eighteenth Defense);

- The alleged damage or injury suffered by Plaintiffs and each putative class member, if any, would be compensated by damages adequately, *see id.* (Twentieth Defense);

- The alleged damages suffered by Plaintiff and all or some class members, if any, were not proximately caused by XOOM, *see id.* (Twenty-First Defense); and

- The claims of all or some class members are barred by applicable statutes of limitations and/or repose, *see id.* (Twenty-Second Defense).

XOOM does not presently intend to advance the following previously asserted defenses at

trial: the complaint fails to state a claim, *see id.* (First Defense); XOOM denies Plaintiff or any class members entered into oral contracts with XOOM in exchange for energy and further allege that any claim of an oral contract or attempt to assert the terms of an alleged oral contract would be barred by the statute of frauds and/or the parol evidence rule, *see id.* (Ninth Defense); lack of subject-matter jurisdiction due to the doctrines of primary or exclusive jurisdiction, *see id.* (Twelfth Defense); and Plaintiff's claim may be barred, in whole or in part, due to her spoliation of evidence, *see id.* (Twenty-Third Defense).

## 7.   PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

This section is required for bench-trial cases, and since this case is to be tried by a jury, it is not applicable to this case.

## 8.   DAMAGES AND RELIEF

### A.   Plaintiff's Statement

Plaintiff and the Class seek compensatory damages in the amount of $100,648,611.  Plaintiff and the Class also seek punitive damages, to be determined by the jury.  Plaintiff and the Class also seek pre-judgment and post-judgment interest on the amount awarded by the jury.  Plaintiff and the Class also seek an award of costs, expenses, and reasonable attorneys' fees.  Plaintiff and the Class do not intend to seek injunctive or declaratory relief at trial.

### B.   Defendants' Statement

XOOM is unable to respond to the amount of compensatory damages Plaintiff seeks at this time beyond denying that any are owed. Plaintiff has not yet served her amended expert report on which the number is apparently based or otherwise explained the number to XOOM. XOOM therefore addresses only the categories of damages that Plaintiff seeks in Part 8.A, and it will address the amount of damages in its forthcoming motion to exclude her experts' opinions.

If the class remains certified, Plaintiff cannot seek an aggregate award of compensatory damages as she proposes. Rather, findings in a special verdict are necessary to facilitate distribution of any damage award in a way that (1) does not require XOOM to pay compensatory damages to any class member who was not damaged, and (2) does not allow any class member to receive an award that would put them in a better position than they would have occupied if there had been no breach. *Troitino v. Goodman*, 35 S.E.2d 277, 282 (N.C. 1945) (measuring contract damages as "the pecuniary difference between [an injured party's] position upon breach of the contract and what it would have been, had the contract been performed"); *id.* (breach-of-contract plaintiffs are "not entitled to be enriched by the breach"); *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 458 (2016) ("Class certification is a procedural device that cannot "giv[e] plaintiffs and defendants different rights . . . than they could have asserted in an individual action."); *see also supra* Part 6.B; Ex. 9 (XOOM's Jury Instructions); Ex. 12 (XOOM's Verdict Form); Ex. 14 (XOOM's Memorandum of Law Addressing Jury Instruction and Verdict Form Disputes). Without such findings, an aggregate damages award would "violate the Rules Enabling Act" and "result in inflated damage figures that do not accurately reflect the number of plaintiffs actually injured and bear little or no relationship to the amount of economic harm actually caused by defendants." *Hickory Sec. Ltd. v. Republic of Argentina*, 493 F. App'x 156, 159 (2d Cir. 2012) (cleaned up). An aggregate damages award would also leave the Court with no way to reverse engineer the verdict to determine which customers the jury found were overcharged (or not) and the degree of any overcharge. *See Tyson Foods*, 577 U.S. at 464 (Roberts, J. concurrence discussing impropriety of an aggregate damages award for similar reasons in a collective action).

As such, Plaintiff must secure findings in a special verdict to allow individual determinations of whether each rate constituted an undercharge, overcharge, or the correct amount.

These findings are necessary here because class members were enrolled on different products with different rates. Across electricity and gas products, there were 44 different rates each month. And all class members had different usage each month. Class members were also customers for varying lengths of time—some for one month, some for years. Further, XOOM's supply costs and gross margins vary by product, utility, and month. So, even if a jury finds rate overcharges for every month (which XOOM disputes) the degree of overcharge will vary by product, utility, month, and customer usage. As a result, special findings are necessary to determine (for example) any overcharge for a class member who was a residential gas customer in the NIMO region for two months in 2013; as opposed to a class member who was a commercial electricity customer in ConEd Zone H for ten months in 2017; as opposed to a commercial electricity customer in Orange & Rockland from 2014 until 2021. Without rate-by-rate findings, there is no way to reverse engineer a classwide aggregate damage award to determine the damages found for each of those hypothetical customers. A lump sum award could not simply be divided by the number of months a customer had service because each customer had different usage. And dividing by the number of class members would not solve the problem either; certainly, the two-month residential gas customer is not entitled to an award equal to the eight-year commercial electricity customer.

As discussed in Part 6.B above and Exhibit 14here, Plaintiff and the class cannot seek punitive damages under any theory for at least three independent reasons: (1) her contract admittedly prohibits them, (2) punitive damages are generally not allowed on a claim for breach of contract under North Carolina absent two exceptions, neither of which applies here, and (3) Plaintiff never pleaded nor properly disclosed an intention to seek punitive damages. *See* Part 6.B, *supra*; Ex. 9 (XOOM's Jury Instructions) Ex. 12 (XOOM's Verdict Form); Ex. 14 (XOOM's Memorandum of Law Addressing Jury Instruction and Verdict Form Disputes).

Plaintiff's response on decertification indicates she may try to seek nominal damages on her individual claim and for any class member for whom she does not secure a finding that would show every class member was overcharged. Here again, Plaintiff never pleaded nominal damages. So, procedurally, she would first need to ask for (and secure) leave to belatedly amend her complaint to seek those damages—which are not included in her statement regarding damages, jury instructions, or proposed verdict form either. Second, if Plaintiff is given leave and in fact changes course and seeks nominal damages, for the reasons discussed above, she will be required to secure additional special verdict findings that allow the parties to distinguish between the class members (if any) who are entitled to receive compensatory damages and those who are limited to nominal damages. *See Catoe v. Helms Const. & Concrete Co.*, 372 S.E.2d 331, 335 (N.C. Ct. App. 1988) ("no more than nominal damages could be awarded" to a contract plaintiff who "failed to establish an essential element of his case"—i.e,"the amount of damages"); *Tyson Foods*, 577 U.S. at 458; *see also* Part 6.B, *supra*; Ex. 9 (XOOM's Jury Instructions); Ex. 12 (XOOM's Verdict Form); Ex. 14 (XOOM's Memorandum of Law Addressing Jury Instruction and Verdict Form Disputes); *Hickory Sec.*, 493 F. App'x at 159.

Finally, Plaintiff's statement in Part 8.A mentions attorneys' fees, although they are not provided for in her proposed jury instructions, Ex. 8 (Plaintiff's Jury Instructions), or her proposed verdict form, Ex. 11 (Plaintiff's Verdict Form). That is because they are not available to Plaintiff or the class as a matter of law. *See Wadsworth v. Wadsworth*, 868 S.E.2d 636, 644 (N.C. Ct. App. 2021) ("'A party can recover attorney's fees only if such a recovery is expressly authorized by statute.'" (quoting *Robinson v. Robinson*, 707 S.E.2d 785, 797 (N.C. Ct. App. 2011)); *see also* Long Form Class Notice, Doc. 156-4 at 6 (noting that attorney' fees would not be an additional recovery, but rather would be "paid out of the recoveries made by Class Members, if any.").

23

9.    **STIPULATIONS**

The Parties stipulate to the following:

1.    All Parties and witnesses associated with a Party, including employees or former employees of a Party, are adverse to all opposing Parties for purposes of FRE 611(c)(2).

2.    All documents produced by XOOM during discovery constitute records of a regularly conducted activity for purposes of FRE 803(6).

3.    XOOM's customer charging data produced on March 1, 2024, is accurate to the best of XOOM's knowledge.

4.    A Party will not challenge the admissibility at trial of a document that any Party produced to date in the above-captioned action on the basis that the document is not authentic.

5.    For the contracts included in the Class definition, XOOM does not dispute their validity or enforceability in this action..

6.    The contracts included in the Class definition are governed by North Carolina law.

7.    The Parties will not argue, adduce testimony, or otherwise introduce evidence regarding any tax dispute between Plaintiff and the IRS.

8.    The Parties will not argue, adduce testimony, or otherwise introduce evidence regarding potential attorneys' fees resulting from this action.

9.    Plaintiff enrolled in XOOM's SimpleFlex variable rate plan for the supply of residential electricity in ConEd Zone J on March 13, 2013.

10.    Plaintiff was enrolled in XOOM's SimpleFlex plan for the supply of residential electricity in ConEd Zone J until November 7, 2013.

11.    XOOM's records as of January 1, 2024 reflect that the Class that the Court certified on August 31, 2023 encompasses 124,530 customer accounts.

10.    **WITNESSES**

    A.    <u>**Plaintiff's Witnesses**</u>

Plaintiff lists the following witnesses:

- Boris Mirkin;

- Susanna Mirkin;

- Troy Chidester;

- Andrew Coppola;

- Patricia Kulesa;

- Jason Loehde;

- Ryan Park;

- Thomas Ulry;

- Seabron Adamson; and

- David Coleman.

The addresses of all Plaintiff's witnesses, together with a detailed narrative statement of the expected testimony for each witness, the area of expertise for expert witnesses, and Defendants' objections to the designated witnesses are set forth in Exhibit 1.

    B.    <u>**Defendants' Witnesses**</u>[2]

Defendants list the following witnesses:

- Jason Loehde;

- Tom Ulry

- Andrew Coppola;

---

[9] XOOM reserves the right to call any of Plaintiff's designated witnesses.

- Ryan Park;

- Leonard Gardner;

- David C. Coleman; and

- Derya Eryilmaz.

The addresses of all Defendants' witnesses, together with a detailed narrative statement of the expected testimony for each witness, the area of expertise for expert witnesses, and Plaintiff's objections to the designated witnesses are set forth in Exhibit 2.

## 11. DEPOSITION TESTIMONY

### A. <u>Plaintiff's Designations</u>

Plaintiff's deposition designations, Defendants' objection to these designations, Defendants' cross-designations, and Plaintiff's objections to Defendants' cross-designations are attached as Exhibit 3.

### B. <u>Defendants' Designations</u>

Defendants' deposition designations, Plaintiff's objection to these designations, Plaintiff's cross-designations, and Defendants' objections to Plaintiff's cross-designations are attached as Exhibit 4.

## 12. EXHIBITS

The parties' Joint Proposed Exhibit List is attached as Exhibit 5 to this pretrial order.

Plaintiff's Proposed Exhibits List and Proposed Rebuttal Exhibit List and Defendants' objections to those exhibits are attached as Exhibit 6 to this pretrial order.

Defendants' Proposed Exhibit List and Proposed Rebuttal Exhibit List and Plaintiff's objections to those exhibits are attached as Exhibit 7 to this pretrial order.

13.     **MOTIONS *IN LIMINE***

Pursuant to the Court's Text Orders dated April 15, 2024 and April 26, 2024, all motions *in limine*, including any motion to exclude portions of or the entirety of plaintiff's expert report(s), will be filed separately on or before May 20, 2024, all responses shall be filed on or before June 10, 2024, and any replies shall be filed on or before June 24, 2024.

14.     **JOINT REQUEST TO CHARGE**

The parties were unable to agree on proposed jury instructions.  Plaintiff's proposed jury instructions are attached as Exhibit 8 and Defendants' proposed jury instructions are attached as Exhibit 9.  Redlined jury instructions, with Defendants' edits to Plaintiff's proposed language shown as redline edits, are attached as Exhibit 10.

Additionally, the parties proposed competing versions of the verdict form.  Plaintiff's proposed verdict form is attached as Exhibit 11 and Defendants' proposed verdict form is attached as Exhibit 12.

The parties also submit memoranda of law explaining why the respective versions of the jury instructions and verdict forms are correct and the opposing versions are incorrect.  Plaintiff's memorandum is attached as Exhibit 13 and Defendants' memorandum is attached as Exhibit 14.

Dated:  May 10, 2024

By: /s/ Michael D. Matthews, Jr.

Michael D. Matthews, Jr.
Diane S. Wizig (*pro hac vice*)
James M. Chambers (*pro hac vice*)
David L. Villarreal (*pro hac vice*)
Netra Sreeprakash
Justin Chapa (*pro hac* forthcoming)
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
matt.matthews@mhllp.com
diane.wizig@mhllp.com
james.chambers@mhllp.com
david.villarreal@mhllp.com
netra.sreeprakash@mhllp.com
justin.chapa@mhllp.com

*Attorneys for Defendants XOOM Energy, LLC and XOOM Energy New York, LLC*

Dated: May 10, 2024

By: /s/ J. Burkett McInturff

J. Burkett McInturff
Steven L. Wittels
Tiasha Palikovic
Ethan D. Roman
Jessica L. Hunter
**WITTELS MCINTURFF PALIKOVIC**
305 BROADWAY 7TH FLOOR
NEW YORK, NEW YORK 10007
Telephone: (914) 775-8862
Facsimile: (914) 775-8862
jbm@wittelslaw.com
slw@wittelslaw.com
tpalikovic@wittelslaw.com
edr@wittelslaw.com
jlh@wittelslaw.com
*Class Counsel for Plaintiff and the Class*

Richard Dolan
Bradley D. Simon
**SCHLAM STONE & DOLAN LLP**
26 BROADWAY
NEW YORK, NEW YORK 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
rdolan@schlamstone.com
bsimon@schlamstone.com

Andrey Belenky
**KHEYFITS BELENKY LLP**
80 BROAD STREET, 5th FLOOR
NEW YORK, NEW YORK 10004
Telephone: (212) 203-5399
Facsimile: (212) 203-6445
abelenky@kblit.com
*Co-Counsel for Plaintiff and the Class*