

Michael D. "Matt" Matthews, Jr., Partner
1001 Fannin Street, Suite 2400
Houston, TX 77002
Ph: 713.337.8879 // F: 713.333.8859
matt.matthews@mhllp.com

June 3, 2024

The Honorable Allyne R. Ross*Via CM/ECF*
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Mirkin, et al. v. XOOM Energy, LLC, et al.*; No. 1:18-cv-02949-ARR-JAM

Dear Judge Ross:

XOOM opposes Plaintiff's request for more time to respond to XOOM's *Daubert* challenge to her experts' original report. The timing issues Plaintiff cites are the product of her choice to serve an untimely, brand-new expert report on May 10 that "replaces" the original one. That choice has already caused XOOM substantial prejudice by forcing it to draft two separate *Daubert* challenges. Plaintiff's extension request would exacerbate that prejudice by making XOOM prepare replies for both motions at the same time over the July 4 holiday. The request should be denied.

Plaintiff cannot claim any surprise about this schedule. Plaintiff has known for weeks that XOOM would be filing a motion to exclude the original timely report on May 20 and a separate motion to exclude the new untimely report on May 30. In fact, Plaintiff consented to that schedule. *See* Doc. 213. Only now that XOOM filed its challenge to the untimely report does Plaintiff seek to re-align the motions' schedules for her own benefit and without justification.

The current schedule does not prejudice Plaintiff because she should not need more time to defend Models One and Two from the original report. Her decertification response abandoned Model One. And she has now apparently abandoned Model Two also, given that her experts at CRA affirmatively state in the new report that (a) it "replaces" the original one and (b) Model Two is inconsistent with the contract's proportionate-margin construction. Plaintiff, having made those concessions about the original report, should be able to respond to XOOM's motion to exclude it by June 10 without issue.

On the other hand, if Plaintiff seeks to defend CRA's original report despite those concessions, then her proposal would prejudice XOOM by making it prepare two substantive replies between June 21-July 15 (including a holiday week) instead of staggered over the four-week period of June 10-July 8 pursuant to the schedule the Court entered with Plaintiff's consent.

We are grateful for the Court's time and attention to this matter.

                                                               Respectfully Submitted,
                                                                */s/ Michael D. Matthews, Jr.*
                                                               Michael D. Matthews, Jr.
                                                               **MCDOWELL HETHERINGTON LLP**

                                                               *Counsel for XOOM*