# Exhibit D

```
 1              UNITED STATES DISTRICT COURT
 2              EASTERN DISTRICT OF NEW YORK
 3      SUSANNA MIRKIN and BORIS MIRKIN,
 4      Individually and on Behalf of All Others
 5      Similarly Situated,
 6            Plaintiffs,
 7         vs.                    No. 18 Civ. 2949(ARR) (RER)
 8      XOOM ENERGY, LLC and XOOM ENERGY
 9      NEW YORK, LLC,
10            Defendants.
11      ---------------------------------x
12
13
14              VIDEOTAPED DEPOSITION OF
15                 SEABRON ADAMSON
16            Tuesday, November 8, 2022
17                   10:06 a.m.
18                    Veritext
19                 101 Arch Street
20           Boston, Massachusetts 02110
21
22
23
24            Laurie K. Langer, RPR
```

Page 1

1  Q. Okay. And so are you also offering an opinion
2  about how the pricing terms of the sales agreements
3  should be interpreted?
4  A. No. I'm providing a -- my -- well, I'm providing
5  my understanding of what it says and in the context of
6  the, of electricity and gas markets and retail markets
7  and how that works out. Obviously, I'm not offering a
8  legal opinion on the language.
9  Q. Okay.
10  A. I'm offering my understanding based on knowledge
11  of these markets of how these, how these work.
12  Q. Okay. You're not offering a legal interpretation
13  of the pricing provisions in the XOOM sales agreement?
14        MR. WITTELS: Objection. I mean, I think he
15  asked -- he just answered it, didn't he?
16        MR. MATTHEWS: Steve, please, no speaking
17  objections today. Please.
18        MR. WITTELS: But it's the same question.
19        MR. MATTHEWS: "Objection form" is what's
20  appropriate to say, as you have reminded me. Okay?
21  A. I am not offering a legal opinion.
22  Q. Okay. Were you asked to assume a particular
23  interpretation of the pricing provisions?
24  A. No, not really. I mean, they're on the page.

Page 11

1   close, not arbitrarily high.
2       Q.  Okay.
3       A.  Not with an arbitrarily added offset.
4       Q.  Okay.  For purposes of this question I'm not
5   ask -- I'm not presenting you with a hypothetical.
6       A.  Uh-huh.
7       Q.  You said that it --
8       A.  Uh-huh.
9       Q.  -- is insufficient just for the rate to go up and
10  down with costs; yes?
11      A.  Yes.
12      Q.  I'm asking you, Seabron Adamson, in your opinion
13  what else is required?
14      A.  Okay.  I'll explain it as clear as I can and
15  maybe we'll get to it.  To my first read, as I said, you
16  should be -- you should be able to -- that the rate
17  should be based on the estimated and actual supply
18  costs.  Right?
19          So that means -- and I said in my opinion that
20  did not allow, you know, the first read that does not
21  allow a margin to be added.  If a margin -- and I said,
22  well, you know, perhaps the jury finds it differently
23  and says, "okay, there can be a margin."  Or a Court.
24  If there is to be a margin then the margin can't be --

Page 37

CERTIFICATE

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

I, Laurie Langer, Registered Professional Reporter and Notary Public in and for the Commonwealth of Massachusetts, do hereby certify that the witness whose deposition is hereinbefore set forth, was duly sworn by me and that such deposition is a true record of the testimony given by the witness.

I further certify that I am neither related to or employed by any of the parties in or counsel to this action, nor am I financially interested in the outcome of this action.

In witness whereof, I have hereunto set my hand and seal this 11th day of November, 2022.

NOTARY PUBLIC
Commission Expires
7/27/2023

Page 141