# Reply Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSANNA MIRKIN AND BORIS MIRKIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>XOOM ENERGY, LLC, and XOOM ENERGY NEW YORK, LLC,<br><br>Defendants. | Case No: 18 Civ. 2949 (ARR) (RER) |

**DEFENDANTS XOOM ENERGY, LLC AND XOOM ENERGY NEW YORK, LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES TO ALL DEFENDANTS**

Defendants XOOM Energy, LLC and XOOM Energy New York, LLC (hereinafter collectively "XOOM" or "Defendants"), by and through their attorneys, hereby submit their Objections and Responses to Plaintiffs' Second Set of Interrogatories. Defendants' responses to these Interrogatories reflect the responsive information identified before the date of these responses. Defendants do not concede that any of its responses are or will be admissible evidence at trial nor does it waive any objection, whether or not asserted herein, to the use of any such response at trial.

**GENERAL OBJECTIONS**

1. The word usage and sentence structure used in these responses is that of the attorneys who prepared the responses and does not purport to be the exact language of the executing person. Information supplied herein is not based solely upon the knowledge of the

1

ME1 34377313v.1

individual executing these responses, but comes from various sources, including, unless privileged, the knowledge of Defendants' attorneys.

2. Defendants will make reasonable efforts to respond to the Interrogatories, to the extent that no objection is made, as it understands and interprets the requests. If Plaintiffs subsequently assert an interpretation that differs from that interpretation, Defendants reserve the right to supplement their objections and responses.

3. Defendants respond to the Interrogatories without waiving, but to the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevance or materiality, or any other proper grounds, to the use of documents or information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; (b) the right to object on all grounds, at any time, to other discovery requests, or other discovery procedures involving or relating to the subject of the requests to which Defendant has responded herein; and (c) the right at any time to revise, correct, add to or clarify any of the responses made herein.

4. Defendants object to the Interrogatories to the extent they seek information or materials protected by privilege, the work product doctrine, any and all privileges and doctrines protecting confidential commercial, financial, and/or proprietary information or that are otherwise immune from discovery.

5. Defendants object to the Interrogatories and the use of terminology such as "any," "all," "every" and the like in reference to "the subject matter" or "any fact alleged" or a topic as vague. Such terms are undefined and subject to differing interpretations and unreasonable interpretations. Defendants also object to the extent that any Interrogatory is so broad, vague, or indefinite as to make it unreasonable or impossible for them to ascertain the precise scope of the Interrogatory.

6. All of Defendants' general objections and instructions shall be deemed continuing throughout the responses to the specific items of the Interrogatories that follow, even when not further referred to in said responses. Subject to and without waiver of any of the foregoing objections, Defendants further respond to the individual Interrogatories below.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

22. Identify:

  (a) all dates upon which Defendants set monthly variable rate prices for any of Defendants' New York customers during the 2012–2016 period;

  (b) for each date identified in subpart (a), all persons involved in setting monthly variable rates for XOOM's New York customers; and

  (c) for each date identified in subpart (a), all of the criteria used, considered, or discussed by Defendants' employees when setting monthly variable rates for XOOM's New York customers.

**RESPONSE**: **XOOM objects to this Interrogatory on the grounds that the request seeks information that is not relevant to any party's claims or defense. XOOM further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, compound, and not proportional to the needs of the case. XOOM further objects to this Interrogatory to the extent it seeks information that is not known or knowable to XOOM at this time. XOOM further objects to the scope of this interrogatory as the term "2012 – 2016 period" is vague and ambiguous and subject to multiple interpretations. XOOM further objects to this Interrogatory on the grounds that it contains discrete subparts that exceed the allowable number of interrogatories provided by Federal Rule of Civil Procedure 33. In responding to this Interrogatory, XOOM does not waive the right to object to any other Interrogatory on the grounds that it exceeds the allowable number of interrogatories under Federal Rule of Civil Produce 33, nor does XOOM waive the right to refuse to respond to such interrogatory. Subject to, and without waiving such objections, XOOM responds that members of XOOM's pricing team would set monthly variable prices for New York variable rate customers in accordance with the terms and conditions articulated in XOOM's contracts at pricing team meetings before the start of each month's billing cycle. XOOM reserves the right to supplement or**

> **amend this response as additional information becomes available through discovery or otherwise.**

23. This interrogatory concerns the change in variable rate pricing language in XOOM's New York contracts made in or around early 2016 from

> "Your monthly variable rate is based on XOOM's actual and estimated supply costs which may include but not be limited to prior period adjustments, inventory and balancing costs."

to

> "Your variable rate may fluctuate and may be higher or lower than your local utility. Your rate is based upon a number of factors, which may include but not be limited to, the fluctuation of wholesale commodity costs or other components of wholesale prices (including but not limited to capacity related costs, fluctuations in energy supply and demand, and weather patterns) and XOOM's pricing strategies."

With regard to that variable rate pricing contract language change, please identify: (a) all XOOM employees and/or agents who drafted, edited, reviewed, and/or approved the contract language change; (b) the reason or reasons identified by XOOM employees and/or agents for changing the contract language; (c) whether any event or complaint prompted the contract language change and/or review of the contract language and, if so, what the event or complaint was that prompted the contract language change and/or review; (d) the dates of all drafts of that contract language; (e) the first date upon which the revised contract language was provided to a current or prospective XOOM New York customer; (f) the first date upon which the revised contract language was signed by a XOOM New York customer; (g) whether or not XOOM's pricing group or pricing team changed its approach when setting New York monthly variable rate energy rates after the contract language was changed; and (h) whether or not XOOM's New York rate-setting workbook changed in any way after the contract language was changed.

4

**RESPONSE**: **XOOM objects to this Interrogatory on the grounds that the request seeks information that is not relevant to any party's claims or defense. XOOM further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, compound, and not proportional to the needs of the case. XOOM further objects to this interrogatory to the extent it requests information protected by the attorney-client and work-product privileges. XOOM further objects to this Interrogatory on the grounds that it contains discrete subparts that exceed the allowable number of interrogatories provided by Federal Rule of Civil Procedure 33. In responding to this Interrogatory, XOOM does not waive the right to object to any other Interrogatory on the grounds that it exceeds the allowable number of interrogatories under Federal Rule of Civil Procedure 33, nor does XOOM waive the right to refuse to respond to such interrogatory. In addition, XOOM objects to the use of the terms, "contract language change," "changed its approach," and "rate-setting workbook," as such terms are vague and ambiguous, subject to multiple interpretations, and not defined. XOOM further objects to this Request to the extent a response calls for information or documentation that would be inadmissible under Federal Rule of Evidence 407 and as such, the Interrogatory will not lead to the discovery of admissible evidence. Subject to, and without waiving such objections,** *see* **XOOM's previously-produced documents bates-stamped XOOM_INIT_000162-000165; XOOM_INIT_001200-001201. In addition, XOOM states that the February 11, 2016 contract language applied to New York customers that enrolled in a variable rate plan for electricity or gas on February 11, 2016 or later, until the next revised agreement took effect. XOOM reserves the right to supplement or amend this response as additional information becomes available through discovery or otherwise.**

24. With regard to the contract language change shown in Interrogatory No. 23, please identify for each XOOM New York customer who signed a contract with XOOM before the contract language was changed: the date upon which each such XOOM New York customer first signed a contract with XOOM that reflected the revised contract language identified in Interrogatory No. 23, if ever.

**RESPONSE**: **XOOM objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, compound, and not proportional to the needs of the case. XOOM further objects to this interrogatory to the extent that it is not limited to New York variable rate customers and assumes facts that are not accurate for every New York Customer who signed a contract with XOOM. In addition,**

5

**XOOM objects to the use of the term "signed a contract," as such term is vague and ambiguous, is not defined, and is subject to multiple interpretations. XOOM further objects to this Interrogatory on the grounds that it exceeds the allowable number of interrogatories provided by Federal Rule of Civil Procedure 33. In responding to this Interrogatory, XOOM does not waive the right to object to any other Interrogatory on the grounds that it exceeds the allowable number of interrogatories under Federal Rule of Civil Procedure 33, nor does XOOM waive the right to refuse to respond to such interrogatory. Subject to and without waiving such objections, XOOM states that the February 11, 2016 contract language applied to New York customers that enrolled in a variable rate plan on or after February 11, 2016. In addition,** *see* **XOOM's previously-produced documents bates-stamped XOOM_INIT_000162-000165; and XOOM_INIT_001200-001201. XOOM reserves the right to supplement or amend this response as additional information becomes available through discovery or otherwise.**

Dated: September 30, 2020

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Defendants*
*XOOM Energy, LLC and*
*XOOM Energy New York, LLC*

By:  *s/ David R. Kott*
        David R. Kott

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2020, the foregoing document was served upon all counsel of record for Plaintiff indicated below via electronic mail.

Steven L. Wittels, Esq.
J. Burkett McInturff, Esq.
Tiasha Palikovic, Esq.
WITTELS LAW, P.C.
18 Half Mile Road
Armonk, NY 10504

Daniel Hymowitz, Esq.
HYMOWITZ LAW GROUP, PLLC
1629 Sheepshead Bay Road
Brooklyn, NY 11235

Andrey Belenky, Esq.
Dmitry Kheyfits, Esq.
KHEYFITS BELENKY LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036

By: *s/Christopher A. Rojao*
      Christopher A. Rojao

ME1 34377313v.1