

Michael D. "Matt" Matthews, Jr., Partner
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Ph: 713.337.8879 // F: 713.333.8859
matt.matthews@mhllp.com

August 12, 2024

The Honorable Allyne R. Ross          **Via CM/ECF**
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:     *Mirkin, et al. v. XOOM Energy, LLC, et al.*; No. 1:18-cv-02949-ARR-JAM

Dear Judge Ross:

XOOM submits this response to Plaintiff's unauthorized sur-reply further opposing XOOM's motions to exclude Plaintiff's timely and untimely expert disclosures, Doc. 264.

Plaintiff's sur-reply is styled as a letter-motion to strike XOOM's reply arguments, which Plaintiff says are both "new" and somehow a "rehash" simultaneously. But the truth is that Plaintiff simply wants to have the last word. XOOM's arguments were not new points but, rather, proper reply arguments in line with positions XOOM took in its motions and those it has consistently taken in this case.

As to the first argument about the "Total" COGS column in XOOM's rate-setting worksheets, Plaintiff's sur-reply confirms XOOM's point: neither Plaintiff nor her experts at CRA contend any longer (and will not contend at trial) that the "Total" COGS figure in the rate-setting worksheets "represents," "reflects," "is equal to," or "is synonymous with XOOM's actual and estimated supply costs," as required for her to prevail. Doc. 246, Decert. Order at 3, 5, 8, 12. Plaintiff's sur-reply does not deny that fact—it concedes it. Her sole argument is just another attempt at burden-shifting by claiming she is permitted to ignore XOOM's actual supply costs because XOOM has not proven that actual supply costs determined rates. Not so. The Decertification Order—just like all the Court's rulings—correctly recognized **Plaintiff** bears the burden of proof on her overcharge claim. Thus, she must have a way of "measuring these [actual supply] costs," and the only one she has ever offered is the "Total" COGS figure. Decert. Order at 12. But as XOOM explained, CRA's admission in the New Report that "actual costs are not reflected in XOOM's rate-setting work-books," Doc. 229-5, CRA New Rep. ¶ 18(e), along with Plaintiff's briefing conceding the same, confirms that there is no longer any fact question for a jury on whether the "Total" COGS column reflected XOOM's actual and estimated supply costs. As such, CRA's models are not capable of measuring what XOOM's rates *should have been* because they admittedly have no input that even arguably "represents," "reflects," "is equal to," or "is synonymous with XOOM's actual and estimated supply costs." CRA's models must all be excluded for this reason.

And with regard to the examples of discrepancies between XOOM's data and CRA's models highlighted in XOOM's reply, *see* Doc. 262 29 n.23, Doc. 262-1, Plaintiff's representation that they are "new" is false. They are simply examples of the very same discrepancies XOOM raised in its moving papers, *see* Doc. 229-1 28–29, and which CRA purported to rebut in its 35-page rebuttal-declaration, *see* Doc. 248-1 48–49 (citing Doc. 248-1, Adamson Decl. ¶¶ 21–22). XOOM's reply evidence thus was entirely proper. And in any event, the examples need not be considered for the Court to conclude that the New Report is flawed. Indeed, Plaintiff candidly admits that she has not been able to explain

August 12, 2024
Page 2



or remedy many flaws in it that XOOM identified. She says she will wait to do so until she files yet a ***third*** untimely, unauthorized, amended expert report. Plaintiff's letter only underscores the impropriety of and prejudice caused by the exceedingly late New Report—and apparently a forthcoming Second New Report.

We are grateful for the Court's time and attention to this matter.

Respectfully Submitted,
 /s/ *Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.
**MCDOWELL HETHERINGTON LLP**

*Counsel for XOOM*
