UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUSANNA MIRKIN, Individually and on Behalf of All Others Similarly Situated,

        *Plaintiffs,*

-against-

XOOM ENERGY, LLC, and XOOM ENERGY NEW YORK, LLC,

        *Defendants.*

18-CV-2949 (ARR) (JAM)

**OPINION & ORDER**

    In my December 16, 2024 Opinion, I directed XOOM to provide supplemental briefing "regarding its purported supply costs and the documentary evidence thereof," so that I could better evaluate the parties' motions in limine. Opinion and Order, ECF No. 276, at 9.

    XOOM's briefing has proved helpful in understanding its proposed trial exhibits and their relationship to the various pending motions before me. As XOOM recognized, my prior order was limited to a specific factual question: proof of "actual supply costs that are not accounted for in the RSW's Total Costs estimates." Letter Submission, ECF No. 284, at 4. Thus, XOOM's briefing excluded "documents that XOOM intends to offer for purposes other than the one identified by the Court, including for the general proposition that XOOM always incurred actual supply costs after creating and disseminating the RSWs." *Id*.

    Nonetheless, I remain interested in ensuring that the evidence is presented to the jury in a clear and streamlined manner. Opinion and Order at 9. Due to the focus of my prior order, XOOM's submission does not address many of its proposed trial exhibits. Moreover, the documents identified in its prior submissions might remain admissible for an alternative purpose even if I conclude that those documents are inadmissible as "proof of a specific actual supply

cost figure." Letter Submission at 4; *see also United States v. Abel*, 469 U.S. 45, 56 (1984) (noting that "there is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case").

    I therefore order XOOM to provide the following information regarding its proposed trial exhibits.

(1)    For each trial exhibit, including those already identified in XOOM's prior submission, the "purposes other than the one identified by the Court [in its prior order]" for which each exhibit will be offered. Letter Submission, ECF No. 284, at 4. In other words, XOOM shall identify the facts "of consequence" to which each exhibit is relevant and an explanation of the exhibit's relevance to those facts. Fed. R. Evid. 401(b).

(2)    For each "other purpose" identified in (1), a list of the documentary exhibits XOOM intends to offer for that purpose.

XOOM shall file its brief by February 20, 2025.

SO ORDERED.

                      /s/
                  Allyne R. Ross
                  United States District Judge

Dated:         January 27, 2024
                Brooklyn, New York