

January 30, 2025

**Via ECF**
The Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Mirkin, et al. v. XOOM Energy, LLC, et al.*, No. 18 Civ. 2949 (ARR) (JAM)

Dear Judge Ross,

Plaintiff writes pursuant to Your Honor's Individual Rule I.E to request that the Court combine Plaintiff's responses to XOOM's submissions regarding its proposed exhibits and set that combined response date for March 13, 2025, three weeks after XOOM's second evidentiary submission. Plaintiff's original deadline to respond to XOOM's initial submission is February 7. Plaintiff is requesting a combined response deadline for both of XOOM's submissions of March 13, three weeks after XOOM's additional submission. This is Plaintiff's first request regarding these responses. XOOM opposes the request.

*Plaintiff's Position:*

On December 16, 2024, Your Honor directed XOOM to provide "supplemental information regarding its purported supply costs and the documentary evidence thereof." Dkt. No. 276 at 9; *see also* Dkt. No. 284 (XOOM's submission pursuant to Dkt. No. 276). Your Honor further ordered that Plaintiff's response be submitted no later than February 7, 2025. *Id.* On January 27, 2025, Your Honor directed XOOM to provide additional information regarding its proposed trial exhibits but did not include a deadline for Plaintiff's response. Dkt. No. 287 at 2.

Plaintiff is seeking to submit a combined response for both of XOOM's evidentiary submissions for the sole reason that it will increase efficiency and preserve Court and party resources. Separate responses would mean that Plaintiff would need to submit—and the Court evaluate—piecemeal filings necessitated by XOOM's failure to justify the bulk of its 1,600+ proposed trial exhibits in its January 17 submission. Moreover, some proposed exhibits will almost assuredly overlap between XOOM's two submissions, meaning Plaintiff would have to evaluate and respond to some of the same exhibits more than once, and the Court would need to juggle multiple documents to fully evaluate the parties' positions. Conversely, a combined response will minimize the number of filings and appendices, thereby streamlining the evidentiary issues for the Court's consideration. Further, Plaintiff's proposed March 13 deadline is consistent with the three-week response time the Court scheduled for XOOM's initial submission. *See* Dkt. No. 276 at 9.

*XOOM's Position:*

  XOOM respectfully opposes Plaintiff's request. As an initial matter, the Court did not invite Plaintiff to respond to XOOM's second submission; a second response is Plaintiff's suggestion. But if the Court wants that additional argument, a combined response to XOOM's two distinct submissions would not create efficiencies or streamline the issues for the Court as Plaintiff claims. XOOM's actual cost submission, Doc. 284, concerns a discrete issue separate from the "other purpose[s]" the second submission will address. *See* Order, Doc. 287 (explaining that the second submission is about "purposes other than" showing actual supply costs not included in the RSWs). Merging issues that the Court separately addressed into a combined submission poses a risk of confusing issues—not streamlining them.

  Moreover, there is no need to extend Plaintiff's deadline to respond to the actual cost submission by five more weeks (for a total of eight weeks) when XOOM prepared its first submission in half that time over the holidays. The fairer and more efficient course would be for Plaintiff to respond to XOOM's actual cost submission (if at all) by February 7 as ordered. Then, after reviewing XOOM's second submission, Plaintiff can confer with XOOM and (if necessary) urge her request for leave to respond at that time.

  Thank you for the Court's attention to this matter.

                 Respectfully Submitted

                 /s/ Ethan D. Roman
                   Ethan D. Roman

                 *Class Counsel for Plaintiff and the Class*

cc: All Counsel of Record (*via ECF*)