**Wittels McInturff Palikovic**

February 25, 2025

**Via ECF**
The Hon. Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Mirkin v. XOOM Energy, LLC et al.*, No. 18 Civ. 2949 (RPK) (JM)

Dear Judge Kovner,

Pursuant to Judge Ross's January 31, 2025 Order (ECF No. 289), the parties submit this joint letter regarding Plaintiff's request to file a response to XOOM's February 20, 2025 evidentiary submission (ECF No. 291) ("Second Exhibits Submission").

By way of brief background, on December 16, 2024, Judge Ross directed XOOM to provide "supplemental information regarding its purported supply costs and the documentary evidence thereof," ECF No. 276 at 9–10, requesting that in five weeks' time XOOM provide additional information about exhibits that XOOM claims show "actual supply costs that are not accounted for in the RSW's Total Costs estimates," ECF No. 284 at 1. Judge Ross also gave Plaintiff the option to submit a brief in response to XOOM's first submission within three weeks. *Id.* at 10.

On January 17, 2025, XOOM filed its submission regarding the 221 exhibits it claims meet the criteria in Judge Ross's December 16 Order. ECF No. 284 ("First Exhibits Submission"). But before Plaintiff responded, Judge Ross directed XOOM to provide the Second Exhibits Submission, addressing all proposed exhibits (including those in the First Exhibits Submission), by "identify[ing] the facts 'of consequence' to which each exhibit is relevant and expla[ining] the exhibit's relevance to those facts." ECF No. 287.

Plaintiff requested that she be permitted to file a single response to both of XOOM's submissions. ECF No. 288. Judge Ross denied this request and directed Plaintiff to respond to the First Exhibits Submission on the Court's original schedule, as well as permitted the parties to "submit a joint letter within five days after XOOM's second submission addressing leave for plaintiff to respond." ECF No. 289, Jan. 31, 2025 Electronic Order.

This is the parties' joint letter regarding the Second Exhibits Submission, and below are their positions on: (1) Plaintiff's request for leave to respond to the Second Exhibits Submission; and (2) XOOM's request for leave to submit a reply in support of its Second Exhibits Submission.

*Plaintiff's Position*

Plaintiff should be allowed to respond to XOOM's Second Exhibits Submission because the Court's assessment of XOOM's claims regarding these exhibits may benefit from Plaintiff's views on those claims. This promotes efficiency. Further, Plaintiff believes that the Court will be better equipped to analyze XOOM's claims in light of Plaintiff's response. That response should conclude the briefing on XOOM's exhibits.

There are at least two good reasons why Plaintiff should be allowed to respond to XOOM's Second Exhibits Submission. **First**, XOOM's Second Exhibits Submission is the first time XOOM has provided the grounds in the Second Exhibits Submission for admitting 802 of the 1,474 exhibits it initially proposed. Plaintiff should be given an opportunity to provide her views on the justifications XOOM has offered. **Second**, XOOM's Second Exhibits Submission expressly contemplates a response. *See* ECF No. 291 at 5 ("[E]ven if Plaintiff eventually provides more specificity regarding her Rule 403 objections . . ."). XOOM thus suffers no surprise or prejudice from Plaintiff's response.

In terms of timing, Plaintiff asks that she be given three weeks to respond to XOOM's Second Exhibits Submission. This timing request is because of previously scheduled conflicts and because Plaintiff needs this time to be able to adequately respond to XOOM's claims regarding its 802 exhibits. This timeline is also consistent with the three weeks Judge Ross gave Plaintiff to respond to XOOM's First Exhibits Submission addressing 221 exhibits—approximately one quarter of the exhibits covered by XOOM's Second Exhibits Submission. *See* ECF No. 276 at 10.

For similar reasons, the Court should not allow XOOM to file a reply brief in support of its Second Exhibits Submission. **First**, XOOM has already had at least two opportunities to justify the 802 exhibits covered by its Second Exhibits Submission—once in the *in limine* motions briefing, and again in the Second Exhibits Submission. XOOM should not get a third bite at the apple and after Plaintiff's response, the Court will have sufficient briefing on all XOOM's proposed exhibits. **Second**, Judge Ross did not direct the parties to address a reply in this joint letter, which was intended to be limited only to Plaintiff's response to the Second Exhibits Submission. ECF No. 289. XOOM's request itself is unauthorized and should be denied. There is no efficiency gained by allowing XOOM to file yet another brief.

The Court should therefore grant Plaintiff leave to respond to the Second Exhibits Submission within three weeks and deny XOOM's request to file a reply brief in support of the same.

*XOOM's Position*

XOOM does not oppose a response to its Second Submission if XOOM can briefly reply.

Judge Ross's Second Order for supplemental information from XOOM about its exhibits did not contemplate responsive briefing, unlike the First Order. *Compare* ECF No. 289 ("Plaintiff, if she so desires, may file a brief in response"), *with* (ECF No. 287) (none). Plaintiff previously proposed a second (and combined) response on January 30, and Judge Ross instructed her to seek leave after XOOM's Second Submission. *See* ECF No. 289. XOOM is not opposed in principle to Plaintiff's renewed request to respond, nor is it opposed to the idea that the Court should always entertain

both parties' perspectives. XOOM instead contends that, if Plaintiff responds, then XOOM should be allowed a short reply in support of the exhibits offered in its defense.

During the parties' meet-and-confer, XOOM proposed that Plaintiff respond subject to Your Honor's 25-page limit on responsive memoranda followed by XOOM's reply of no more than 10 pages. Counsel disagreed and asserted that Plaintiff is entitled to the 'last word,' on the theory that XOOM's supplemental Exhibits Submissions are a continuation of briefing on her motions *in limine*. But Judge Ross did not that and the nature of the Second Submission is such that it is likely to be most helpful to the Court's review of XOOM's proposed exhibit list and Plaintiff's objections thereto, which were filed last May. *See* ECF No. 210-7. Further, because admission of XOOM's proposed exhibits implicates its Seventh Amendment and Due Process rights, it should be given the opportunity to reply in support of their admission.

In addition, a reply should be allowed because, if Plaintiff's first response is any indicator, the second is likely to make new arguments and go beyond the bounds of XOOM's Second Submission. Plaintiff's first response exceeded Judge Ross's instructions, which invited Plaintiff to address two questions—(1) whether XOOM's actual supply cost categories are permissible and (2) the significance of XOOM's exhibits offered to prove them. *See* ECF No. 276. Plaintiff did not address the first question. Instead, her response was a twenty-four-page argument on XOOM's burden of proof (though Judge Ross has already ruled it has none, *see* ECF No. 246), including some arguments that were never before raised, and novel relevance standards she seeks to impose on XOOM.[1] Thus, XOOM's opportunity to reply is critical.

For all these reasons, XOOM should be allowed to file a short 10-page reply in support of its exhibits' relevance if Plaintiff is granted a 25-page response. With respect to timing, XOOM does not oppose Plaintiff's request for three weeks to respond if its reply is due two weeks thereafter.

XOOM appreciates the Court's attention to these matters and looks forward to the upcoming Pretrial Conference with Your Honor.

---

[1] XOOM's Second Exhibits Submission addressed some of these arguments. It also forecasted an intent to seek a reply in support of the First Exhibits Submission. After further consideration, and especially considering the case's recent reassignment, XOOM has decided not to pursue that separate reply in support of the First Submission because it is mindful of the already-significant briefing on outstanding motions Your Honor has inherited.

Respectfully Submitted,

| | |
|---|---|
| */s/ Ethan D. Roman* | */s/ Diane S. Wizig* |
| Ethan D. Roman | Michael D. Matthews, Jr. |
| J. Burkett McInturff | Diane S. Wizig |
| Steven L. Wittels | Netra Sreeprakash |
| **WITTELS MCINTURFF PALIKOVIC** | **MCDOWELL HETHERINGTON LLP** |
| edr@wittelslaw.com | matt.matthews@mhllp.com |
| jbm@wittelslaw.com | diane.wizig@mhllp.com |
| slw@wittelslaw.com | netra.sreeprakash@mhllp.com |
| | |
| *Class Counsel for Plaintiff and the Class* | *Counsel for XOOM* |