

Diane S. Wizig, Partner  
1001 Fannin Street, Suite 2400  
Houston, TX 77002  
Ph: 713.333.5889 // F: 713.337.8850  
diane.wizig@mhllp.com

April 24, 2025

The Honorable Rachel P. Kovner  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

Re: *Mirkin, et al. v. XOOM Energy, LLC, et al.*; No. 18 Civ. 2949-RPK-JAM

Dear Judge Kovner:

XOOM appreciates Your Honor's prompt attention to Plaintiff's sur-reply request and does not submit this letter to belabor points in the already-voluminous briefing. But because Plaintiff's letter, Doc. 298, falsely said XOOM's Reply arguments are "new," XOOM provides this brief correction.

Rather than identify a new argument,[1] Plaintiff mentioned two of XOOM's consistent positions:

| XOOM's Supposed "New" Argument | XOOM's Consistent Position |
|---|---|
| "[T]he reasonableness of the margins [XOOM] applied in billing New Yorkers is magically no longer part of this case," due to Plaintiff's abandonment of her implied covenant claim—as Judge Ross acknowledged in her June 2024 Decertification Order. | In Plaintiff's earlier words, XOOM's May 2024 MIL No. 1 argued judicial estoppel and the Second Circuit's affirmance of her implied covenant claim's dismissal "operate to bar" the jury from finding "a fixed, reasonable margin." Pl. MIL Resp. 7, Doc. 244 (filed June 2024).<br><br>Plaintiff also characterized XOOM's MIL No. 5 as "ask[ing] in broad strokes that Plaintiff be barred from offering evidence or argument of a reasonable margin." *Id.* at 22–23. |
| XOOM "tries to bolster [its defense] by saying that the cost figures in its RSWs were only estimates because XOOM was not charged for actual supply costs until some weeks after it had to send the utility its monthly rates." | XOOM's 2023 Class Response contained a section entitled: "By necessity, [RSWs] make predictions about the future that cannot reflect [PPAs] or XOOM's ultimate costs." Doc. 139 at 12.<br><br>XOOM's 2023 Summary Judgment quoted its Director of Supply's testimony to show RSWs are a "'best estimate' of various costs it would incur to supply customers with electricity in the upcoming month." Doc. 145-1 at 8. |

---

[1] The only new argument in Plaintiff's letter is her own: She says that Judge Ross's statement that good faith is "an issue not before [the Court] in this case" is meaningless. That is wrong. But more importantly, that June 2024 statement only added to the reasons why good faith and reasonableness are not at issue—first laid out in XOOM's May 2024 MILs. In other words, Judge Ross's statement is consistent with but ultimately unnecessary to establish that good faith and reasonableness are not at issue in this case. *See generally* XOOM MIL Nos. 1–3.

April 24, 2025
Page 2



Fundamental misstatements in Plaintiff's letter about Judge Ross's rulings and XOOM's positions also warrant correction:

| Plaintiff's Assertion | The Truth |
|---|---|
| "There was no question [at summary judgment] that the RSWs' supply cost figures reflected XOOM's 'actual and estimated supply costs.'" | That Order says: "It is important to clarify that the Total Cost or COGS number may not represent XOOM's 'actual and estimated supply costs,' as that term is used in the contract, because the parties dispute whether all supply cost components were included in the Total Cost." Doc. 151 at 4. |
| XOOM claimed at summary judgment "that an undocumented 'secondary component' called 'prior period adjustments' [] contained both supply and non-supply costs." | XOOM's Summary Judgment described PPAs as "secondary components of supply costs" and explicitly rejected Plaintiff's "attempt to treat" PPAs as "non-supply costs factors" as "particularly misguided." Doc. 145-1 at 9, 21. |
| XOOM's actual supply costs, including PPAs, are "totally undocumented and secret" and "XOOM never sa[id] what, if any, difference there was between the supply costs documented in the RSWs and its actual supply costs." | Plaintiff and her expert have repeatedly said that XOOM's actual supply costs, including PPAs, are documented. *See, e.g.*, CRA New Rep. ¶ 72 and n. 70, Doc. 229-5 ("I have seen XOOM financial reporting spreadsheets [] that apparently show aggregated differences between estimated and actual supply costs."); Pl. MIL Mem. 3, Doc. 222 (citing XOOM documents showing variations between RSW estimates and actual costs).<br><br>And XOOM, despite having no burden to do so, has identified the differences between RSW estimates and actual costs in multiple filings. *See, e.g.*, Def. Decert. Mem. 25, Doc. 197; Def. Daubert Reply 8 n. 7, Doc. 262; Def. Ex. Sub. App'x. 2, Doc. 284-2 (containing 220 such examples). |
| XOOM only raised its argument that "the reasonableness of margins . . . is [] no longer part of this case" in briefs where "Plaintiff could not respond. XOOM first raised it in its reply in support of XOOM's MILs." | The argument was raised in XOOM's opening MILs. Again, Plaintiff described XOOM's MIL No. 1 as arguing that the mandate rule and judicial estoppel "operate to bar" the jury from finding "a fixed, reasonable margin." Pl. MIL Resp. 7, Doc. 244. Plaintiff responded to this very argument in her MIL No. 1 response. *Id.* |
| "[T]he jury needs to evaluate whether those totally undocumented and secret but alleged 'supply costs' could be fed into the cost-plus calculation, and if so whether XOOM actually did this (or whether XOOM's undocumented claims were not credible)." | To prevail, Plaintiff must prove the rates XOOM should have charged. *See* Decert. Order 10, Doc. 246. Thus, whether "XOOM actually did" make prior period adjustments (all evidence shows it did), cannot determine "[w]hether plaintiff can satisfy her burden." *Id.* at 11–12. |

Texas ∗ California ∗ Florida

April 24, 2025
Page 3



We appreciate the Court's careful attention to these matters.

                                        Respectfully submitted,

                                        */s/ Diane S. Wizig*
                                        Diane S. Wizig

                                        *Counsel for XOOM*