**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUSANNA MIRKIN, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No.: 18-CV-2949-RPK-JAM |
| v. | |
| XOOM ENERGY, LLC and XOOM ENERGY NEW YORK, LLC, | |
| Defendants. | |

## PLAINTIFF'S NOTICE OF ADDITIONAL SUPPORTING EVIDENCE

Plaintiff Susanna Mirkin respectfully submits this Notice of Additional Supporting Evidence in further support of Plaintiff's motion *in limine* No. 13 regarding punitive damages (ECF No. 233 at 63–68).

Plaintiff's motion *in limine* No. 13 asserts that XOOM's excessive utility charges to the Class of New York electricity and natural gas customers demonstrated "willful disregard for government oversight and the public's wellbeing[,]" which "amounts to an element of aggravation." *Id.* at 67. Plaintiff's motion notes the 2018 finding by staff of the New York Public Service Commission ("NYPSC") that the pricing practices XOOM used to set Class Member utility rates exploit ordinary consumers' lack of knowledge and understanding of electric and gas commodity markets. *Id.* Plaintiff's motion also cites the NYPSC's watershed 2019 retail energy market reforms ("2019 PSC Order") that required ESCO variable rate offerings to guarantee savings as compared to the local utility's rates. *Id.* Notably, XOOM continued to overcharge its New York customers even after the 2019 PSC Order went into effect. *Id.*

Recent developments regarding XOOM's compliance with the 2019 PSC Order provide further evidence of aggravation and thus further support the Class's entitlement to punitive damages. These developments culminated in XOOM's and its sister companies' April 16, 2026, agreement to refund $50 million in overcharges to New York customers. These developments are described below.

By way of relevant background, on January 8, 2024, the New York Department of Public Service ("Department") issued XOOM a Notice of Apparent Violation ("NOAV") (attached as Exhibit 1). In the NOAV, the Department alleged that after the 2019 PSC Order's guaranteed savings rules went into effect, "6,357 customers continued to be served [by XOOM] on non-compliant variable month-to-month electric non-renewable contracts." Ex. 1 at 3. The NOAV further alleged that XOOM was serving approximately 9,000 New York gas customers despite "never [being] issued eligibility to market or serve a gas product to mass market customers" after the 2019 PSC Order's effective date. *Id.* at 4.

Following XOOM's response to the NOAV (as well as the responses of XOOM's sister companies), on September 23, 2025, the NYPSC issued an Order Instituting Proceeding and to Show Cause ("OSC") (attached as Exhibit 2). In the OSC, the NYPSC stated that the Department "has identified sufficiently credible evidence" that XOOM and its sister companies violated the 2019 PSC Order. Ex. 2 at 2–3. That evidence was the fact that "6,357 customers continued to be served [by XOOM] on non-compliant variable month-to-month [electricity] contracts" and "XOOM apparently continued to serve approximately 9,000 mass market gas customers" although the Department "never permitted XOOM to market or serve a gas product to mass market customers" after the 2019 PSC Order's effective date. Ex. 2 at 22.

2

Two and a half weeks ago on April 16, 2026, the NYPSC approved a settlement between the Department and XOOM and its sister ESCOs (attached as Exhibit 3). As part of the settlement, XOOM and its sister ESCOs agreed to provide, *inter alia*, $50 million in re-rates to current and former New York electric and natural gas customers. Ex. 3, App'x 1 (Settlement Agreement) at 3–5.

This recent event shows that XOOM's disregard of the constraints imposed by the 2019 PSC Order continued for years thereafter across multiple, independent categories of wrongdoing. This pattern of misconduct does not stand in isolation—it aligns with and corroborates the same disregard for government oversight and the public's wellbeing that Plaintiff identified in her motion *in limine* No. 13 and further amounts to an element of aggravation.

Dated: May 4, 2026      Respectfully submitted,
   New York, New York

         /s/ Ethan D. Roman
          Ethan D. Roman

        **WITTELS MCINTURFF PALIKOVIC**
        J. Burkett McInturff
        Steven L. Wittels
        Andrey Belenky
        305 BROADWAY 7TH FLOOR
        NEW YORK, NEW YORK 10007
        Telephone: (914) 775-8862
        Facsimile: (914) 775-8862
        edr@wittelslaw.com
        jbm@wittelslaw.com
        slw@wittelslaw.com
        abelenky@wittelslaw.com

        *Class Counsel for Plaintiff and the Class*

        *Additional counsel listed on the next page*

3

Richard Dolan
Bradley D. Simon
**SCHLAM STONE & DOLAN LLP**
26 BROADWAY
NEW YORK, NEW YORK 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
rdolan@schlamstone.com
bsimon@schlamstone.com

*Co-Counsel for Plaintiff and the Class*

4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 4, 2026, the foregoing was served via ECF on all counsel of record.

By:     <u>/s/ Ethan D. Roman</u>
                Ethan D. Roman