# Exhibit 1

**NEW YORK STATE** | **Department of Public Service**

Three Empire State Plaza, Albany, NY 12223-1350
www.dps.ny.gov

**Public Service Commission**
**Rory M. Christian**
Chair and
Chief Executive Officer

**Diane X. Burman**
**James S. Alesi**
**John B. Howard**
**David J. Valesky**
**John B. Maggiore**
Commissioners

January 8, 2024

Mark Parsons
Xoom Energy New York LLC
910 Louisiana Street
Houston, TX 19104
Mark.parsons@nrg.com

**NOTICE OF APPARENT VIOLATION (NOAV)**

Dear Mr. Parsons:

The New York Department of Public Service (Department) hereby notifies Xoom Energy New York LLC (Xoom Energy) of its apparent non-compliance with regulatory requirements.  As summarized below, Xoom Energy apparently failed to enroll or renew customers on compliant products following the effective date of the Public Service Commission's (Commission) Order Adopting Changes to the Retail Access Energy Market and Establishing Further Process (December 2019 Order) issued December 12, 2019,[1] which required energy products to be used that Xoom Energy did not offer then or now. Department Staff (Staff) requests that Xoom Energy acknowledge receipt of this NOAV letter within 5 business days and respond to this NOAV letter within 10 business days.

Ordering Clause 6 of the December 2019 Order instructs, "Energy Services Companies (ESCOs) who are currently operating in New York that intend to continue to renew contracts with customers in New York and/or enroll new customers in New York following the effective date of Ordering Clause No. 1 are directed to file an application in accordance with the body of this Order no later than 30 calendar days following the date the

---

[1] Case 15-M-0127 et al., Order Adopting Changes to the Retail Access Energy Market and Establishing Further Process (issued December 12, 2019) (December 2019 Order), p. 23.

Xoom Energy New York LLC                                                      January 8, 2024
Matter 23-02408

revisions to the Uniform Business Practices (UBP) become effective."[2]  The December 2019 Order, which due to extensions sought by ESCOs and granted by the Commission did not become completely effective until April 16, 2021,[3] adopted enhanced eligibility requirements for ESCOs to abide by.  Following the application process outlined in the UBP, which requires Staff to review ESCO documents, including copies of all contracts intended for product offerings, ESCOs that meet the criteria provided in the December 2019 Order are granted eligibility to service mass market-customers.  Pursuant to that Order, ESCOs are limited to offering three products to mass market customers: (1) a variable-rate product with a guaranteed savings, (2) a fixed-rate product with a 5% cap, and (3) a renewable electric product.[4]

Several parties requested rehearing of the December 2019 Order, which the Commission denied in a September 2020 Order that also provided clarification to the December 2019 Order.[5]  Following both the December 2019 Order and the September 2020 Order, several ESCO parties requested extension of the deadlines to comply with the new product restrictions adopted in both orders.  Those extensions were granted on January 22, 2020,[6] April 7, 2020,[7] July 14, 2020,[8] and for a last time on February 4, 2021.[9]  The final extension ruling provided that the new product restrictions, specifically, Ordering Clause Nos. 3, 4, and 5 of the September 2020 Order, would go into effect on April 16, 2021.

On November 16, 2020, Xoom Energy filed its application to serve customers in New York pursuant to the December 2019 Order.  Xoom Energy proposed to offer a renewable product to residential and small commercial customers. On January 21, 2021, Staff issued a letter to Xoom Energy granting eligibility to serve only a renewable energy product to mass market customers in New York State (Appendix A), and no other products that it may have served to mass market customers in the past.

The December 2019 Order requires ESCOs who market a renewable energy product to comply with the following requirements: (1) the ESCO must provide at least 50% of their contractual load greater than the renewable mix of the Renewable Energy Standard (RES) load-serving entity (LSE) obligation for the year; (2) the ESCO must comply with the RES location and delivery requirements when procuring Renewable Energy Certificates (RECs) or entering bilateral contracts; (3) ESCOs must satisfy transparency and information

---

[2]    December 2019 Order, pp. 109-110.
[3]    See footnotes 5-9 infra.
[4]    December 2019 Order, p. 108.
[5]    Case 15-M-0127 et al., Order on Rehearing, Reconsideration and Providing Clarification, (issued September 18, 2020) (September 2020 Order).
[6]    Case 15-M-0127 et al., Notice Granting Extension Requests (issued January 22, 2020).
[7]    Case 15-M-0127 et al., Notice Granting Extension Requests (issued April 7, 2020).
[8]    Case 15-M-0127 et al., Notice Granting Extension Requests (issued July 14, 2020).
[9]    Case 15-M-0127 et al., Notice Granting Extension Requests (issued February 4, 2021).

Xoom Energy New York LLC                                                                                    January 8, 2024
Matter 23-02408

disclosure criteria.[10]  The Commission further required that all ESCOs offering renewable products must identify the percentage of renewable energy supplied in the contract and then retire RECs to match that corresponding load in the New York Generation Attributes Tracking System (NYGATS) in their subaccount consistent with the Commission's Environmental Disclosure Program (EDP) subaccount.[11]  This process, verified by Staff, ensures that New York State mass-market customers who choose to support renewable energy receive the contractually obligated loads upon which the ESCOs' ability to serve them is conditioned upon.

An annual renewable energy audit was conducted by Staff following the close of the 2022 Clean Energy Standard compliance year on June 30, 2023.  Every ESCO given eligibility to market a renewable product was required to file a renewable audit response in Document and Matter Management (DMM) 22-00900, by June 15, 2023.  The self-reported load data that was submitted on behalf of Xoom Energy reported that 123,856 MWh of load was served on a voluntary compliant renewable product while 5,859 MWh of load was served with a non-compliant voluntary renewable product.[12]  This prompted further investigation into the number of mass market customers being served on compliant products versus those who continued to be served on non-compliant legacy products that continued on a fixed term or month-to-month variable product following April 16, 2021, the effective date of the December 2019 Order.

Staff corresponded with Angela Schorr, the regulatory contact for Xoom Energy, from June 15, 2023, through November 29, 2023 (Appendix B) in this investigation.  Staff requested a copy of an active customer contract on June 15, 2023, which was submitted on June 21, 2023.  In a follow up email to Staff's request for customer counts, on November 29, 2023, Ms. Schorr indicated that 6,357 customers continued to be served on non-compliant variable month-to-month electric non-renewable contracts executed prior to April 21, 2023, while 70 customers were served on compliant renewable contracts that were executed prior to April 21, 2023.  By continuing to serve customers on non-compliant variable rate month-to-month electric non-renewable contracts, Xoom Energy has apparently violated the December 2019 Order.

Additionally, Staff examined Xoom's gas migration reports and discovered that Xoom Energy has continued to serve more than approximately 9,000 mass market gas customers across the utility service territories of Central Hudson Gas and Electric Corporation, Consolidated Edison Company of New York, Inc., Keyspan Gas East Corporation d/b/a National Grid, The Brooklyn Union Gas Company d/b/a National Grid NY, National Fuel Gas Distribution Corporation, Niagara Power Corporation d/b/a National

---

[10] December 2019 Order, p. 108.
[11] Only RECs retired in an ESCO's EDP subaccount are compliant with the December 2019 Order. Any other method(s) of retirement potentially subject an ESCO to an NOAV.
[12] Matter 22-00900, In the Matter of Renewable Energy Audits, filed June 8, 2023.

Xoom Energy New York LLC                                                      January 8, 2024
Matter 23-02408

Grid, New York State Electric and Gas Corporation, Orange and Rockland Utilities, Inc. and Rochester Gas and Electric Corporation, despite only being eligible to only provide a renewable electric product to mass market customers after April 16, 2021. Consistent with the directive Ordering Clause 2 of the December 2019 Order, "effective 60 calendar days from the date of this Order, any mass-market customer contract for a fixed rate commodity service that is subject to automatic renewal shall be renewed by the ESCO only as a contract for variable-rate, commodity-only service that includes a guaranteed savings over the utility price, unless the ESCO obtains affirmative customer consent to renew the contract as a fixed-rate contract that is priced at no more than 5% greater than the trailing 12-month average utility supply rate."[13] Xoom Energy was never issued eligibility to market or serve a gas product to mass market customers following the December 2019 Order, therefore it appears to be in violation of the Order.

The Commission's December 2019 Order required that any ESCO customers enrolled on a month-to-month contract, including those enrolled on a fixed-rate plan for electricity that shifted to a month-to-month contract at the expiration of the contract term, could only be served going forward via a compliant energy product following April 16, 2021, the effective date of the December 2019 Order. With respect to customers' month-to-month contracts, the expiration of the agreement is at the end of the current billing period.[14]

Therefore, any Xoom customers served on month-to-month contracts were required to be returned to utility service or enrolled in a compliant product the month following the effective date of the new product restrictions, which was April 16, 2021. Despite the plain language of the December 2019 Order, it appears that Xoom Energy continues to serve mass-market customers on legacy agreements following the expiration of their current monthly term instead of transitioning these customers to compliant products after the April 16, 2021, effective date of the December 2019 Order.

In furtherance of the Department's continuing investigation, Xoom Energy New York LLC is directed to submit the following:

1) An explanation as to why Xoom Energy failed to transfer its existing customers onto compliant products following April 16, 2021.

2) Documentation including signed/effective customer contracts to support its argument.

3) Proof that all mass market gas customers remained on a fixed term contract executed prior to April 16, 2021, by submitting copies of all current customer contracts.

---

[13] December 2019 Order, p. 108.

[14] Case 12-M-0476, et al., Order Adopting Prohibition on Service to Low Income Customers by Energy Service Companies (issued December 16, 2016), p. 21; see also Nat'l Energy Marketers Ass'n v. New York State Pub. Serv. Comm'n, 167 A.D.3d 88,98,88 N.Y.S. 3d 259, 267 (3d Dept. 2018) (upholding Commission's adoption and implementation of the prohibition on ESCO service to low-income customers).

Xoom Energy New York LLC                                                    January 8, 2024
Matter 23-02408

     If Staff finds that Xoom Energy's reply to this NOAV is insufficient or in any way evidences a failure to comply with the UBP and the December 2019 Order, Staff may seek an Order to Show Cause from the Commission.  Such Order to Show Cause may seek penalties and remedies, up to and including the possible revocation of Xoom Energy's eligibility to operate as an ESCO in the State of New York.  Additionally, the Commission may choose to act on its own motion to begin a proceeding in response to the apparent violations of the UBP.

     If Xoom Energy has specific questions about the above noted findings, it should contact Kathleen O'Riley at Kathleen.oriley@dps.ny.gov.  Staff requests that Xoom Energy acknowledge receipt of this NOAV within 5 business days by contacting the Staff listed above.  All responses to this NOAV letter should be submitted through the Document and Matter Management, or DMM, system under Matter Number 23-02408 within 10 business days.

Regards,

Richard Berkley, Director
Offices of Consumer Services
NYS Department of Public Service
3 Empire State Plaza
Albany, NY 12233

cc:    Kathleen O'Riley DPS
       Francis Dwyer DPS
       Dennis DiBari DPS

5