**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SUSANNA MIRKIN, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

XOOM ENERGY, LLC and XOOM ENERGY NEW YORK, LLC,

Defendants.

No. 18 Civ. 2949-RPK-JAM

**XOOM'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THE DISPOSITIVE NATURE OF THE EXPERT EXCLUSION ORDER**

XOOM submits this notice of supplemental authority in further support of its position that the order excluding Plaintiff's expert's damage models means not only that the Court must decertify the class—but that it must also revisit the prior summary judgment ruling for the reasons XOOM explained during the March 26, 2025 Pretrial Conference and in its reconsideration briefing, opposition to continued class treatment, and motions in *limine* numbers 3–5, 8, and 12. *See* Dkt. 267 (Exclusion Order); Dkt. 276 (Order on Continued Class Treatment); Dkt. 272 (Def.'s Exclusion Resp.); Dkt. 300 (Tr. Pretrial Hearing); Dkt. 279 (Def.'s Recons. Mot.); Dkt. 285 (Def.'s Recons. Reply); Dkt. 227 (Def.'s MILs); Dkt. 254 (Def.'s MIL replies).

Judge Ross got it right when she observed that her Exclusion Order "may require that [the Court] now revisit the validity of [its] prior orders." Exclusion Order at 29. And the Fifth Circuit's recent opinion in *Finite Utility Consulting, LLC v. Tawa, Inc.*, confirms as much, holding: An order excluding a plaintiff's expert's damage models effectively creates a rebuttal presumption that a defendant's summary judgment motion should be granted. 2026 WL 2244207 (5th Cir. Aug. 4, 2026) (attached as Exhibit 1) (affirming exclusion of plaintiff's damage experts' testimony and

1

grant of defense summary judgment). As the Fifth Circuit cogently explained, such exclusion is "fatal" to a contract claim like Plaintiff's requiring proof of damages "unless record evidence supplies the missing proof." *Id.* at *5; *see Finite Util. Consulting, LLC v. Tawa, Inc.*, 2025 WL 490483 (S.D. Tex. May 29, 2025) (attached as Exhibit 2), *report and recommendation adopted*, 2025 WL 1544044 (S.D. Tex. May 29, 2025) (attached as Exhibit 3), *aff'd sub nom.*, *Finite*, 2026 WL 2244207. In other words, summary judgment on a contract claim is warranted where, as here, a plaintiff "offers no admissible, nonspeculative evidence from which a jury could calculate" damages beyond an expert's excluded models. *Finite*, 2026 WL 2244207, at *6.

Here, the Exclusion Order left Plaintiff with no admissible evidence of her (or the class's) alleged overcharge, so her contract claim fails as a matter of law.[1] Indeed, absent her expert's models as proof of damage, Plaintiff and the class are without "admissible, nonspeculative evidence" to prove damage—assuming *arguendo* that she ever had any. More particularly, Plaintiff has no admissible evidence from which a jury could determine either input[2] into the overcharge calculation as stated by Judge Ross: (1) XOOM's "actual and estimated supply costs,"[3]

---

[1] As XOOM's reconsideration briefing explains, the Exclusion Order is not the only development to undermine the summary judgment order's reasoning since it issued. Plaintiff's expert's changed testimony regarding the constitution of XOOM's "actual and estimated supply costs," also prevents her from proving any overcharge. *See* Dkts. 279 (motion), 285 (reply).

[2] *Finite* also supports XOOM's long-held position that the question of a reasonable margin cannot be left to the jury when Plaintiff has no relevant evidence of what a reasonable margin might be—and that any resultant jury finding would be entirely speculative. *See* 2025 WL 490483, at *20 ("The exclusion of [its damage expert's] opinions leaves Finite without anything resembling a single calculation of its lost commissions. Instead, it offers not one, but two wide commission ranges—whether based on [defendant's expert's opinions] or Finite's prior contracts—without sufficient facts to determine what the actual commission rate should be. This approach **impermissibly invites the jury to speculate about the proper quantum** of lost commissions." (emphasis added)).

[3] XOOM's reconsideration briefing details why Plaintiff no longer has evidence of "actual and estimated supply costs," if she ever did. *See supra*, n. 1. It also explains why, as in *Finite*, any variations made to plaintiff's proposed (but unsubstantiated) inputs would impermissibly "change the jury's overcharge calculation significantly." Recons. Mot. at 9; *see Finite*, 2026 WL 2244207, at *5 (explaining that, to calculate damage, multiple factors had to be considered and that not accounting for them was impermissible because any "[s]mall changes mattered enormously.").

and (2) a reasonable margin.[4] *Cf.* Dkt. 246 (First Decert. Order) (determining, prior to Exclusion Order, that "The jury will be able to determine a reasonable and proportionate margin by selecting a rate between the range presented" in her expert's Amended Report (cleaned up)). Because Plaintiff is now undisputedly without evidence of XOOM's costs or a "range" of margins to "present[]" to a jury,[5] she cannot show she or anyone else was damaged, and her contract claim necessarily fails as a matter of law. *See Finite*, 2026 WL 2244207 at *6.

For these reasons and those in XOOM's prior submissions, the Court should grant XOOM's reconsideration motion and dismiss the case in full, with prejudice.

Dated: August 14, 2026

MCDOWELL HETHERINGTON LLP

*/s/ Michael D. Matthews, Jr*
Michael D. Matthews, Jr.
Diane S. Wizig (admitted *pro hac vice*)
Netra Sreeprakash
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
matt.matthews@mhllp.com
diane.wizig@mhllp.com
netra.sreeprakash@mhllp.com

*Attorneys for Defendants*

---

[4] XOOM's motions in *limine* numbers 4, 5, and 12 explain why Plaintiff's three proposed margins are not admissible evidence of a "reasonable" variable-rate margin. *See* Def.'s MILs at 10–16, 30–39. And its motions in *limine* numbers 1–3 explain why she is not entitled to challenge the reasonableness of XOOM's variable-rate margins as a threshold matter: the Court has held that XOOM's good faith is "an issue that is not before [the Court] in this case." *Id.* at 1–9 (quoting Dkt. 246 (Decert. Order 14).

[5] With respect to costs, XOOM's reconsideration briefing explains why Plaintiff now has no evidence of XOOM's "actual and estimated supply costs." *See supra* n. 1, 3. And as to a reasonable margin, Plaintiff's responses to XOOM's motions in *limine* to exclude her three "benchmarks for a reasonable margin" (XOOM's 21.2% fixed-rate margin, a 7.33% utility-based margin, and a 5% so-called margin cap) relied exclusively on the admissibility of her expert's now-excluded Amended Report. *See* Dkt. 237 (Pl.'s MIL Resp.) at, *e.g.*, 17 (citing the Amended Report as the sole basis for her "three separate benchmarks for the jury to use in determining what a reasonable margin should be"). Thus, it is beyond dispute that Plaintiff is now without any admissible evidence for a jury to consider as to either input.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via CM/ECF on all counsel of record on this 14th day of August, 2026.


/s/*Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.